UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JODY CONCEPCION,

                                                   Plaintiff,

                  -against-

THE CITY OF NEW YORK, POLICE OFFICERS
"JOHN" FERNANDEZ, "JANE" and JOHN DOES" 1-
15, and THE REPUBLICAN NATIONAL
COMMITTEE

                                                  Defendants.

------------------------------------------------------------------------ x

**NOTICE OF REMOVAL**

Index No. 112185/2005
(Supreme Court of the State of
New York, New York County)

      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1441 and 1446, Defendant City of New York ("City"), hereby submits this notice to remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  In support of this notice, the City respectfully states:

      1.    Defendant City is the petitioner for the removal of this case to this Court.

      2.    Plaintiff Jody Concepcion ("Plaintiff") commenced this action by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York, on or about August 30, 2005, under Index No. 112185/2005.  Copies of the Summons and Complaint are annexed hereto as Exhibit A.

      3.    The City received a copy of the Summons and Complaint on or about September 16, 2005.

      4.    The City has not yet interposed an Answer and respectfully requests that its time to answer or otherwise respond to the Complaint be stayed pending the disposition of this petition.

5. Upon information and belief, there have been no proceedings in the state court action.

6. This court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, which creates jurisdiction over civil actions arising under federal law; 28 U.S.C. § 1343, which creates jurisdiction over actions involving civil rights and arising under 43 U.S.C. §1983; and 28 U.S.C. §1367, which creates supplemental jurisdiction over related claims arising under state law.

7. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b).

8. Moreover, the Southern District has specifically held that actions originally filed in state court, alleging §1983 claims are properly removed to federal court because "federal question removal jurisdiction exists over plaintiff's §1983 claims and supplemental jurisdiction exists over [plaintiff's related] state law claims." Atkinson v. B.C.C. Associates, Inc., 1992 WL 51568 at *1 (S.D.N.Y. March 9, 1992).

9. As this Court stated, in Cespuglio v. Ward, 2004 U.S. Dist. LEXIS 8586 at *7 (S.D.N.Y. May 12, 2004), "[i]t is well established that, to determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." Id. (internal citations omitted). The Second Circuit has endorsed this rule, "[t]he existence of a federal question must be determined solely by reference to the plaintiff's own claim--not by reference to statements raised in anticipation or avoidance of possible defenses that

may be interposed." Empire Healthchoice Assurance, Inc. v. McVeigh, 396 F.3d 136, 140 (2nd Cir. 2005).

10. Here, the Seventh Cause of Action alleges, *inter alia*, the Plaintiff was deprived of her "rights and liberties as set forth in the Constitution of the United States" and falsely arrested and imprisoned without probable cause. Complaint ¶ 53. It is further alleged that the City and Defendant Republican National Committee acted in concert to violate the constitutional rights of New Yorkers and other persons peacefully protesting the policies of the Republican Party during the Republican National Convention in New York City in late August and early September, 2004. See Complaint ¶ 53(i).

11. Moreover, this cause of action also specifically references a federal statute, alleging Plaintiff was "deprived of her constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Section 1983." Complaint ¶54.

12. More specifically, the Seventh Cause of Action alleges that the Defendants actually deprived Plaintiff of specific Federal Constitutional right, *inter alia*, (a) the right to be secure in her person against "unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States;" (b) the right "to be informed of the nature and cause of the accusation against her as secured to her under the Sixth and Fourteenth Amendments to the Constitution of the United States;" (c) the right "not to be deprived of life, liberty or property without due process of law, and the right to equal protection of laws secured by the Fourteenth Amendment to the Constitution of the United States;" and (d) "[t]he right to freedom of expression and assembly guaranteed by the First Amendment to the Constitution of the United States." Complaint ¶65.

13. This cause of action then alleges an additional violation of §1983 by defendants, their agents, servants and employees depriving Plaintiff of her rights, privileges or immunities received by the Constitution and the laws of the United States of America. See Complaint ¶ 66.

14. The Seventh Cause of Action undoubtedly raises federal numerous questions and makes repeated references to §1983 and the U.S. Constitution.

15. Every cause of action in the Complaint is removable under 28 U.S.C. §1441(c) because, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed . . ." 28 U.S.C. §1441(c).

16. Further, because the Court would have supplemental jurisdiction over any remaining causes of action under 28 U.S.C. §1367 because they are related claims arising under state law.

17. It is respectfully submitted that federal jurisdiction is properly invoked because, as Plaintiff's own Complaint undeniably shows, this case involves numerous federal questions and related state law claims over which this Court has original jurisdiction and/or supplemental jurisdiction.

18. In addition to establishing a proper grounds for the Court's original jurisdiction an effective removal petition requires consent of all defendants. Although there is no express statutory requirement that all defendants either join the petition for removal or consent to such removal, there is widespread agreement among the district courts in the Second Circuit, that "all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." Still v. DeBuono, 927 F.Supp. 125, 129 (S.D.N.Y. 1996), aff'd on other grounds, 101 F.3d 888 (2d Cir. 1996).

4

19. An exception to the general rule that all defendants must join or consent to the petition for removal have been recognized where the non-joining defendants have not been served with service of process at the time the removal petition is filed. Ell v. S.E.T. Landscape Design, Inc. 34 F.Supp.2d 188, 193. (S.D.N.Y. 1998).

20. Upon information and belief, the City is the only named defendant which has been served as of the date of this petition. Accordingly, consent of the other defendants, which have not been named and/or served is unnecessary at this time.

21. Upon information and belief, Defendant Republican National Committee has not been served with a copy of the Summons and Complaint.

22. The Complaint sets forth claims against unknown and unnamed defendants "John" Fernandez and "Jane and John Does" 1-15. Complaint, First Cause of Action ¶9, Fifth Cause of Action ¶ 43, and Seventh Cause of Action ¶ 59. Upon information and belief, Defendants "John" Fernandez and "Jane and John Does" 1-15 have not been served because their actual identities are unknown and/or have not been verified.

23. Should any such defendants be identified and served with process during the pendency of this petition, it is also respectfully requested, without formally appearing on their behalf or making any representations with respect to such service, that their time to answer or otherwise respond to the complaint also be stayed pending a disposition of this petition.

24. Additionally, if it becomes evident that any additional defendant(s) have been served with a copy of the Summons and Complaint, the City will make an effort to obtain their proper consent to remove this action to federal court during the pending disposition of this petition.

25. In accordance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, the City will give written notice of the removal to all parties of record and will file a true and correct copy of this Notice of Removal with the Clerk of the Court for the Supreme Court of the State of New York, New York County.

26. It is additionally respectfully requested that the above referenced case, which is related to the numerous cases pending before Judge Kenneth M. Karas that arise from arrests made during the RNC in New York City, be assigned to Judge Karas. The majority of the RNC cases have already been consolidated and referred to Judge Karas and Magistrate Judge James C. Francis for discovery purposes. A copy of a September 20, 2005 Order regarding consolidation of the RNC cases has been attached hereto as Exhibit B.

27. The request is made in the interest of judicial efficiency. Counsel in the RNC cases assigned to Judge Karas have worked laboriously to implement, *inter alia*, a consolidated discovery regime. A proposed order memorializing these efforts has been submitted to Judge Karas. We believe all parties to this action will benefit from being part of that regime and the surrounding process.

WHEREFORE, defendant City respectfully requests that this action proceed in this Court as an action properly removed thereto and that, pending the disposition of this request, its time to answer or otherwise respond to the Complaint, and that of any other defendant who is served with process during the pendency of this petition, be stayed.

Dated: New York, New York
October 3, 2005

        MICHAEL A. CARDOZO
        Corporation Counsel of the
        City of New York
        ***ATTORNEY FOR DEFENDANT CITY***
        100 Church Street, 3-211
        New York, NY 10007
        212-788-8683

By: _____/s/_____
      JAY A. KRANIS (JK 2576)
      Senior Counsel

      JEFFREY A. DOUGHERTY (JD 5224)
      Assistant Corporation Counsel

## DECLARATION OF SERVICE BY MAIL

I, Jeffrey A. Dougherty, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on October 3, 2005, I caused to be served the annexed NOTICE OF REMOVAL upon the following parties of record in the following manner:

<u>Served by Hand Delivery</u>:
Karen Wohlforth, Esq. (by hand)
299 Broadway, Suite 1700
New York, New York 10007
*Attorney for Plaintiff*

<u>Served by First Class Mail</u>:
Republican National Committee
310 First Street, NE
Washington, D.C. 20003


_____/s/_____
JEFFREY A. DOUGHERTY

Index No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JODY CONCEPCION,**

                                    **Plaintiff,**

-against-

**THE CITY OF NEW YORK, POLICE OFFICERS "JOHN" FERNANDEZ, "JANE" and JOHN DOES" 1-15, and THE REPUBLICAN NATIONAL COMMITTEE**

                                    **Defendants.**

**NOTICE OF REMOVAL**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Jay A. Kranis*

*Tel: (212) 788-8683*
*NYCLIS No. 04SF026183*

*Due and timely service is hereby admitted.*

*New York, New York October 3, 2005*

*Jeffrey A. Dougherty, Esq.*

*Attorney for City of New York*