USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/22/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

JODY CONCEPCION,

                        Plaintiff,

        -versus-

THE CITY OF NEW YORK, POLICE OFFICERS "JOHN"
FERNANDEZ, "JANE" FERNANDEZ, "JANE AND
JOHN DOES" 1-15 and THE REPUBLICAN NATIONAL
COMMITTEE

                    Defendants.

------------------------------------------------------------------------ x

**CASE MANAGEMENT
ORDER**

05 CV 8501 (KMK) (JCF)

        Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court hereby

enters its Case Management Order. This is one of a number of cases arising from the arrests and

detentions by the New York City Police Department around the time of the Republican National

Convention in New York City in late August and early September 2004 ("RNC Cases"). The

RNC cases involve numerous named Plaintiffs and numerous Defendants including the City of

New York, its Mayor and Commissioner of Police ("City Defendants"). In these cases, various

alleged police practices are alleged to have violated plaintiff's rights, including those guaranteed

by the First and Fourth Amendments to the United States Constitution and 42 U.S.C. Section

1983. Additionally, this action includes a claim against the Republican National Committee for

conspiracy to deprive Plaintiff Jody Concepcion ("Plaintiff") of her rights, privileges and

immunities secured by the Constitutions of the United States and the State of New York. Among

the remedies Plaintiff seeks in this case are compensatory and punitive damages, attorneys' fees

and costs.

        Issue will be joined in this action on or before December 5, 2005. In the interest

of the convenience and economy of the parties, and the efficient management of the Court's

docket, the Court hereby enters this case management order, the provisions of which are

designed to be compatible with this Court's previously entered case management order in the RNC Case captioned <u>Macnamara, et al. v. the City of New York, et al.</u>, No. 04-CV-9216 (KMK) (JCF). The following schedule permits Plaintiff to participate in the consolidated discovery of City Defendants scheduled to commence in the fall of 2005 in the related RNC Cases, as contemplated by the Court's Discovery Order #1 (entered on October 3, 2005), followed by a period of discovery of Plaintiff, non-consolidated defense witnesses and other discovery in this action.

The Court is advised that the parties do not consent to trial of this case by magistrate judge. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. This order may be modified only by agreement of the parties, subject to the Court's approval, or upon a showing of good cause.

| *DATE DUE* | *PLEADINGS & DISCOVERY* |
| --- | --- |
| 11/25/05 | 1. The parties will exchange Rule 26 Initial Disclosures. |
| 2/1/06 | 2. Depositions of City Defendants' "Consolidated Witnesses," as set forth in the Court's Discovery Order #1, shall be completed. |
| 2/15/06 | 3. Plaintiff shall have served any amended complaint adding claims or joining parties. |
| 3/15/06 | 4. Defendants shall have served any responsive motion or answer to the amended complaint. |
| 5/15/06 | 5. All written discovery, including document requests and interrogatories, shall have been served, except as provided below. |
| 7/17/06 | 6. All depositions of fact witnesses shall have been noticed. With respect to both fact and expert witnesses, unless the noticing party assents, depositions of particular witnesses are not to be held until the party producing the witness has responded to any outstanding interrogatories and requests for documents pertaining to that witness. |

| | Once a party has completed the deposition of a witness, that party shall not later seek to re-depose that witness absent good cause. |
|---|---|
| 9/15/06 | 7. All fact discovery shall have been completed. |
| 9/15/06 | 8. Plaintiff shall identify her expert witnesses for trial and provide the disclosures contemplated by the federal rules. |
| 10/16/06 | 9. Depositions of Plaintiff's trial experts shall be completed. |
| 10/16/06 | 10. Defendants shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. |
| 11/15/06 | 11. Depositions of defendants' trial experts shall be completed. |
| 12/15/06 | 12. All contention interrogatories and requests to admit shall be served. |
| 1/15/07 | 13. All responses due to contention interrogatories and requests to admit. |
| 2/1/07 | 14. All counsel must meet for at least one hour to discuss settlement no later than this date.<br><br>Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.  The parties request a settlement conference before a Magistrate Judge.<br><br>Counsel for the parties have discussed the use of the Court's Mediation Program.  The parties do not request that the case be referred to the Court's Mediation Program.<br><br>Counsel for the parties have discussed the use of a privately retained mediator.  The parties do not intend to use a privately retained mediator. |
| | ***DISPOSITIVE MOTIONS*** |
| 3/15/07 | 15. All dispositive motions shall be served.  Pursuant to Judge Karas' Individual Practices, the parties shall request a pre-motion conference in writing at least four weeks prior to this deadline. |
| 4/16/07 | 16. Oppositions due to all dispositive motions. |
| 5/16/07 | 17. Replies, if any, due to all dispositive motions. |
| Within 30 days of the Court's ruling on | 18. Should any part of the case remain after the Court's ruling on dispositive motions, a Pre-Trial Conference with the Court shall be held. |

| dispositive motions | Prior to that conference, the parties shall consult and submit to the Court a Joint Pretrial Order prepared in accordance with Judge Karas' Individual Practices and Rule 26(a)(3) of the Federal Rules of Civil Procedure.  If this action is to be tried before a jury, proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order.  Counsel are required to meet and confer on the jury instructions and verdict form in an effort to make an agreed upon submission.<br><br>The parties have conferred and their present best estimate of the length of trial of an individual plaintiff's case is approximately 2 weeks. |

**SO ORDERED**

DATED:      New York, New York
            November 22, 2005

James C. Francis IV
United States Magistrate Judge

4