UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x

JODY CONCEPCION,                          **AMENDED COMPLAINT**

                    Plaintiff,

          -versus-                        05 CV 8501(KMK)(JCF)

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, Shield #29781,
"JANE and JOHN DOES" 1-15,
 and the REPUBLICAN NATIONAL COMMITTEE,

                    Defendants
--------------------------------------x

     Plaintiff, JODY CONCEPCION, by her attorneys, LESLIE

LEWIS, ZELDA E. STEWART and KAREN WOHLFORTH, as and for her

verified complaint, alleges as follows:

     1. That plaintiff served a demand or Notice of Claim

upon the defendant City of New York, on November 29, 2004,

describing the incident that occurred and the manner of its

occurrence, giving rise to plaintiff's claims against the

defendants for false arrest, false imprisonment, malicious

prosecution, assault, battery, abuse of process, unlawful

fingerprinting and photographing, violation of civil rights,

negligent hiring, retention and supervision, intentional

infliction of emotional distress, harassment, and damage to

professional and personal reputation.

     2. That at least 30 days have passed since the

presenting of the foregoing demand for settlement or claim

to the City of New York, and defendant has failed, neglected

and refused to settle these claims.

3. That no 50(h) hearing has been requested pursuant to section 50(h) of the General Municipal Law.

4. That this action is commenced within one year and 90 days after the cause of action arose.

5. That plaintiff is a resident of the State of New York, County of Bronx.

6. That at all times hereinafter mentioned, the defendant CITY OF NEW YORK ("the CITY") is a municipality.

7. That at all times hereinafter mentioned, the defendant City of New York is a municipality acting through the NEW YORK POLICE DEPARTMENT("NYPD").

8. That at all times hereinafter mentioned, defendant the CITY is responsible for the policy, practice, supervision, customary behavior and conduct of all NYPD matters in New York City, as well as the hiring, screening, training, supervising, controlling and disciplining of all NYPD personnel.

9. That at all times hereinafter mentioned, defendant the CITY was responsible for enforcing the rules and regulations of the NYPD and compliance with the laws of the State of New York and of the United States.

10. That at all times hereinafter mentioned, the defendant REPUBLICAN NATIONAL COMMITTEE ("RNC") is a political action committee and/or political association doing business in the State of New York inter alia.

11. That upon information and belief, the RNC Committee on Arrangements is a subsidiary and/or subcommittee of defendant RNC, and as such is under the dominion and control of the RNC.

12. That upon information and belief, the RNC Committee on Arrangements participates in and/or is responsible for the selection of the host city for the Republican Party's National Convention, including the 2004 Convention.

13. That upon information and belief, the RNC Committee on Arrangements (hereinafter included in references to "RNC") participates in and/or is responsible for coordination and planning of details for the Republican Party's National Convention, including the 2004 Convention.

14. That at all times hereinafter mentioned, the RNC planned, organized, managed, supervised and held the Republican National Convention in the City of New York, from August 30 through September 2, 2004.

15. That at all times hereinafter mentioned, Police Officer ALEXIS FERNANDEZ, Shield #29781 (hereinafter Police Officer Alexis Fernandez), Police Officers "JANE" and "JOHN" DOES 1-15, were and are Police Officers employed by the City of New York.

16. That at all times hereinafter mentioned, Police Officer ALEXIS FERNANDEZ, and Police Officers "JANE" and

"JOHN" DOES 1-15 violated the plaintiff's rights in the manner described below.

### AS AND FOR A FIRST CAUSE OF ACTION

17. That on August 31, 2004, at approximately 6:30 PM, on or about East 16th Street between Union Square East and Irving Place in New York, New York, the plaintiff, JODY CONCEPCION, was stopped, assaulted and arrested, without probable cause or justification by officers of the New York City Police Department, or acting under the aegis of the New York City Police Department, one of whose names is ALEXIS FERNANDEZ, Shield #29781 of the Housing PSA 5.

18. That ALEXIS FERNANDEZ represented that he was of the "013 Command, MCS Precinct."

19. That plaintiff, a college graduate and amateur photographer, after having just left her doctor's office, was walking on the public sidewalk and taking photographs of groups of people on the street, when she was arrested without cause or justification by officers of the New York City Police Department, including one police officer, ALEXIS FERNANDEZ.

20. That without warning, and without notice to disperse, and without cause or justification, plaintiff, along with numerous other civilians, was wrongfully detained, arrested and ordered to sit on the ground for an

unreasonable period of time, to wit: approximately three hours.

21. That plaintiff informed police officers that she was not protesting and requested to leave the area.

22. That all officers denied the aforesaid request.

23. That after approximately three hours, plaintiff was then transported to a holding facility at Pier 57 located on/or about 11th Avenue and West 15th Street, near the Hudson River in Manhattan.

24. That plaintiff was transported to said facility at Pier 57 without her consent and against her will.

25. That said facility at Pier 57 was a former bus depot.

26. That said facility at Pier 57 was unsanitary, containing grease and other toxic substances, including but not limited to, on the floor.

27. That said bus depot was retrofitted with metal holding pens and razor wire, without chairs, benches or any seating, for use during time period of the 2004 Convention.

28. That plaintiff was held overnight for approximately 14 hours at said bus depot with approximately 1,000 other persons without her consent and against her will.

29. That thereafter plaintiff was taken to a holding cell located at 100 Centre Street, New York, New York without her consent and against her will.

30. That during the aforesaid period of detention plaintiff was fingerprinted without her consent and against her will.

31. That during the aforesaid period of detention plaintiff was photographed without her consent and against her will.

32. That during the aforesaid period of detention plaintiff was placed in at least seven holding cells without her consent and against her will.

33. That during the aforesaid period of detention plaintiff was placed in plastic handcuffs which were tightened, for over three continuous hours, causing extreme pain in her wrists, arms and shoulders. Plaintiff suffered a bruise on her left wrist as a result of said plastic handcuffs.

34. That said handcuffing of plaintiff was without her consent and against her will.

35. That during the aforesaid period of detention plaintiff was searched, held in inhumane and unsanitary conditions, and was deprived of food, sleep, seating and proper toilet facilities for unreasonable periods of time.

36. That after approximately 48 hours of continuous incarceration, plaintiff was finally released on September 2, 2004, with a desk appearance ticket charging a single violation.

37. That at no point in time during this entire process, was plaintiff advised of her right to counsel or "Miranda Rights".

38. That plaintiff's cell phone was confiscated.

39. That for a period of over 15 hours, plaintiff was not permitted a phone call, was held incommunicado from her family and friends, and was effectively "disappeared".

40. That plaintiff was falsely and maliciously charged with one violation of PL240.20, disorderly conduct.

41. That upon her first appearance before the Court, the District Attorney falsely and maliciously added additional charges of "parading without a license" and "disorderly conduct."

42. That plaintiff was wholly innocent of said criminal charges.

43. That plaintiff did not contribute in any way to the conduct of the defendants, their agents, servants and employees.

44. That plaintiff was forced by defendants to submit to the aforesaid arrest and imprisonment without her consent and against her will.

45. That on November 29, 2004, after three court appearances, all charges were dismissed.

46. That by reason of the foregoing false arrest plaintiff suffered severe emotional distress, humiliation,

ridicule, indignities, pain and suffering, damage to her personal reputation, lost time from work, and was damaged in the amount of $2,000,000.00 against all defendants.

## AS AND FOR A SECOND CAUSE OF ACTION

47. That plaintiff repeats and re-alleges each and every allegation contained in paragraphs marked 1-46 with the same force and effect as if fully set forth herein.

48. That plaintiff was held in the police custody for approximately 48 hours, then released without charges.

49. That the acts of the defendants constitute false imprisonment.

50. That as a result of the foregoing false imprisonment, the plaintiff suffered severe emotional distress and damage to her personal and professional reputation, pain and suffering, and has been damaged in the amount of $2,000,000.00 against all defendants.

## AS AND FOR A THIRD CAUSE OF ACTION

51. That plaintiff repeats and re-alleges each and every allegation contained in paragraphs marked 1-50 with the same force and effect as if fully set forth herein.

52. That plaintiff was assaulted by the defendant police officers, without cause or justification.

53. That as a result of the placement of the plaintiff in plastic handcuffs for unreasonable lengths of time,

plaintiff suffered extreme pain and bruises on her wrists, and extreme pain in her arms and shoulders.

54. That in addition, plaintiff was placed in a former bus depot with no seating or bedding and with apparent toxic substances in said bus barn, including but not limited to the greasy floor.

55. That as a result, plaintiff was not able to sleep for 48 hours, was not reasonably fed, nor allowed to toilet at reasonable intervals or in reasonable conditions.

56. That said conditions were, and on information and belief, inhumane and maliciously and intentionally inflicted upon plaintiff.

57. That plaintiff suffered extreme pain about her wrists, arms and shoulders, bruising on her left wrist, fingerprinted and photographed without her consent and against her will, and suffered severe physical and emotional distress, and lost time from work.

58. As a result of said assault and battery, plaintiff has been damaged in the amount of $2,000,000.00 against all defendants.

### AS AND FOR A FOURTH CAUSE OF ACTION

59. That plaintiff repeats and re-alleges each and every allegation contained in paragraphs marked 1-58 with the same force and effect as if fully set forth herein.

60. That upon examination, the aforesaid criminal charges were false and maliciously made.

61. That therefore the Judge of the Criminal Court of the City of New York, in Criminal Term, Part Jury 2, dismissed all charges under the New York Penal Law on November 29, 2004.

62. That said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore.

63. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, with actual malice and was terminated in favor of plaintiff.

64. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of her liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in her character and reputation, was prevented from attending her usual business and vocation, was injured in her reputation in the community and the said plaintiff has been otherwise damaged.

65. That by reason of the aforesaid, the plaintiff has been damaged in the amount of $2,000,000.00 against all defendants.

## AS AND FOR A FIFTH CAUSE OF ACTION

66. That plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1-65 with the same force and effect as if fully set forth herein.

67. That defendants, their agents, servants and employees negligently, carelessly and recklessly hired and then failed to properly train, supervise and discipline their employees, in particular the named defendant ALEXIS FERNANDEZ, in hiring and retaining as and for its employee the above named individual; in that said defendant employee lacked the experience, deportment and ability to be employed by defendant; in that defendant failed to exercise due care and caution in its hiring practices, and failed to train their employees in the proper manner of crowd control, and to otherwise act as reasonably, prudent police officers, failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employers; and, in that defendants, their agents, servants and employees were otherwise reckless, careless and negligent in hiring, retention, training, supervision and discipline of said police officers.

68. That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of defendant, its agents, servants and employees without any negligence on the part of the plaintiff.

69. That by reason of the aforesaid, plaintiff was injured in mind and body, still suffers and, upon information and belief, will continue to suffer great physical and mental pain, and was rendered sick, sore, lame and disabled and so remains, and was incapacitated from her usual occupation and will, upon information and belief, be so incapacitated in the future.

70. That by reason of the aforesaid, the plaintiff has been damaged in the amount of $2,000,000.00 against all defendants.

### AS AND FOR A SIXTH CAUSE OF ACTION

71. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs marked 1-70 with the same force and effect as if more fully set forth herein.

72. That defendants, their agents, servants, and employees performed their police duties negligently, carelessly and recklessly in that they failed to use such care in the performance of their police duties as a reasonably prudent and careful police officer would have

used under similar circumstances, in that they negligently, carelessly, and recklessly arrested the plaintiff without making proper investigation, in that they negligently, carelessly and recklessly used the threat of physical force and actually used physical force upon the plaintiff thereat, and in that the defendants, their agents, servants and employees were otherwise negligent, careless and reckless.

73. That the aforesaid occurrence to wit: the false arrest and imprisonment, assault and battery and the resultant injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendants, their agents, servants and employees without any negligence on the part of the plaintiff.

74. That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and, upon information and belief, will continue to suffer great physical and mental pain, and was rendered sick, sore, lame and disabled and so remains, and was incapacitated from her usual occupation and has expended and incurred divers sums of money as a result of the indignities and humiliation foisted upon her by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements; and the plaintiff has been otherwise damaged.

75. That by reason of the aforesaid, the plaintiff has been damaged in the amount of $2,000,000.00 against all defendants.

## AS AND FOR A SEVENTH CAUSE OF ACTION

76. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1-75 with the same force and effect as if fully set forth herein.

77. That as plaintiff was lawfully and properly seeking to take photos of a marching band and other attractions at a peaceful demonstration on August 31, 2004, aforementioned defendants, their agents, servants and employees falsely arrested and imprisoned JODY CONCEPCION, assaulted and battered her and deprived her of her rights and liberties as set forth in the Constitutions of the United States and of the State of New York, handcuffed her and threatened her with the possible use of firearms and weapons and the use of physical force, in that defendants arrested her without any conduct on the part of plaintiff to so warrant to wit:

(a) in that all of the actions of the defendants, their agents, servants and employees were calculated to cause bodily and mental injury to the plaintiff, to arrest, restrain and imprison the plaintiff without her consent, the plaintiff was at all times conscious of her arrest, did not consent to the false arrest and the false arrest and imprisonment were not otherwise privileged; and

(b) the arrest and imprisonment were not justified by probable cause or other legal privilege; defendants, their agents, servants and employees, acting under the color of statute, ordinances, regulations, customs and usages of the State, City and County of New York, and under the authority of their office as police officers for said City, falsely charged the plaintiff with violating section 240.20 of the Penal Law although the defendants, acting in such capacity, knew that such charges were false; and

(c) that defendants, their agents, servants and employees caused an assault and battery when they in a hostile and/or offensive manner threatened, touched, handcuffed and held the plaintiff without her consent in inhumane and unsanitary conditions, and with the intention of causing harmful and/or offensive bodily contact to the plaintiff, all without warrant, probable cause or any lawful cause whatsoever; and

(d) that defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees; that in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the

rights of the public including plaintiff; in that they
exhibited a lack of that degree of due care which prudent
and reasonable individuals would show in executing the
duties of the defendants; and

(e) the failure of defendants, their agents, servants
and employees to hire, train, supervise, discipline or in
any way control the defendants, in the exercise of their
functions; in that their failure to enforce the laws of the
State of New York and the City of New York was and is
carried out willfully, wantonly, maliciously and with such
reckless disregard for the consequences so as to display a
conscious disregard for the dangers of harm and injury to
the citizens of the State and City of New York including
plaintiff; and

(f) due to the acts of the defendants, their agents,
servants and employees herein, the failure of the City of
New York to discipline and properly hire the defendants and
the continued employment of the defendants presents a clear
and present danger to the citizens of the City and State of
New York; and

(g) that the said prosecution and criminal charges and
hearings were instituted and procured by the defendants,
their agents, servants and employees in this action
unlawfully and maliciously and without any reasonable or
probable cause whatsoever therefore. That the commencement

and/or continuation of the criminal proceedings by the
defendants against the plaintiff was without probable cause,
with actual malice and was terminated in favor of the
plaintiff; and

(h) that defendants, their agents, servants and
employees permitted the use of policy and/or drafted policy
that violated the constitutional rights of the above named
plaintiff; and, that each and all of the acts of the
defendants, their agents, servants and employees alleged
herein were done not as individuals but under color and
pretense of the statutes, ordinances, regulations, customs
and usages of the State of New York, the City of New York
and the County of New York, and under the authority of their
office as police officers for said city on county; and

(i) that on information and belief, defendant CITY OF
NEW YORK, acting at the behest of and in concert with the
RNC, conspired with defendant RNC to violate the
constitutional rights of New Yorkers and other persons by
designing and implementing a plan to remove from the streets
and exposure in the media, New Yorkers and other persons
peacefully protesting or appearing to protest the policies
of the Republican Party during the Republican National
Convention in New York City.

78. That plaintiff JODY CONCEPCION did not commit any illegal act, either before or at the time she was falsely arrested and imprisoned, assaulted and battered, maliciously prosecuted and deprived of her constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Section 1983 and the Constitution of the State of New York.

79. That upon information and belief and at all times hereinafter mentioned, defendant police officers were employed in their respective capacities by the defendant THE CITY OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of the City of New York.

80. That upon information and belief and at all times hereinafter mentioned, defendant RNC acted in concert with defendant CITY OF NEW YORK, to plan the removal of peaceful demonstrators and/or those appearing to demonstrate from the streets of New York from August 31-September 2, 2004, during the Republican National Convention in York City, in violation of their constitutional rights.

81. That upon information and belief, the purpose of said removal of peaceful private citizens from the street of New York in violation of their First, Fourth, Sixth and Fourteenth Amendment rights under the Constitution of the

United States, was to control negative publicity regarding public opposition to policies of the Republican Party during the convention in New York City.

82. That upon information and belief, the purpose of said removal of peaceful private citizens from the street of New York in violation of their First, Fourth, Sixth and Fourteenth Amendment rights under the Constitution of the United States, was to suppress and have a chilling effect upon public dissent during the convention in New York City.

83. That upon information and belief, at all times hereinafter mentioned, the defendant RNC, a private association, conspired with defendant, the City, a municipal corporation, to develop policies to be carried out by the various agencies of the City of New York, including but not limited to the NYPD, to arrest, detain, imprison, prosecute and otherwise remove from public view, New Yorkers and other persons protesting or appearing to protest the policies of the Republican Party during the 2004 Convention.

84. That upon information and belief, on August 27, 2004 and at various times prior to that date, DAVID NORCROSS, Chairman of the Committee on Arrangements for the 2004 Republican National Convention publicly admitted that the Republican National Committee and the New York City Police Department had been working on security for this Convention for the year prior thereto.

85. That upon information and belief, that on August 27, 2004, and at various times prior to that date, DAVID NORCROSS had direct conversations with Mayor Bloomberg and/or other City officials regarding plans to control visible dissent during the Republican National Convention in New York City.

86. That upon information and belief, the tactics and methodology agreed upon included restricting visible forms of dissent on the public streets, sidewalks and other public places in New York City during the course of the Convention to wit:

(a) Indiscriminate use of orange mesh nets to effectuate mass arrests;

(b) Failure to give warnings to disperse or otherwise give opportunity to disperse;

(c) Failure to insure that innocent bystanders were not arrested;

(d) Presence of police in full riot gear;

(e) Use of police on scooters to disperse dissenters and bystanders;

(f) Arraigning of persons charged with minor offenses rather than releasing them with desk appearance tickets or summons, in order to keep streets clear of demonstrable dissent;

(g) Indiscriminate fingerprinting of persons arrested for minor offenses;

(h) Indiscriminate photographing, videotaping and monitoring persons participating in lawful and peaceful protest;

(i) Up to three day delays in processing of said persons charged until after the conclusion of the convention;

(j) Confiscation of cameras, cell phone and bicycles and/or other personal property as "arrest evidence;"

(k) Visible placement of police snipers on along protest routes;

(l) Routing dissenters toward barricades with the intent of enclosing dissenters and breaking up gatherings;

(m) Penning in dissenters and bystanders in order to make mass arrests; and

(n) Falsely charging large groups of peaceful dissenters with a variety of violations and misdemeanors maliciously causing those falsely arrested and falsely prosecuted to make repeated court appearances.

87. That on information and belief, in order to effectuate this policy, the offices of Court Administration, the Legal Aid Society, the Hudson River Trust and other agencies and entities were advised and mobilized by the City

of New York to accommodate prospective mass arrests and preventive detention.

88. That on information and belief, and at all times hereinafter mentioned, defendant, Police Officer ALEXIS FERNANDEZ together with the Police Officers "JOHN DOE" and "JANE DOE" 1-15, were acting pursuant to orders and directives from defendants THE CITY OF NEW YORK and REPUBLICAN NATIONAL COMMITTEE.

89. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of The City of New York and the defendants here, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, JODY CONCEPCION, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the First, Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

90. That the Police Officers of the defendant CITY OF NEW YORK and its individual members who are agents, servants and employees of defendants, together with persons unknown to plaintiff, acting under color of law, have subjected plaintiff and other persons to a pattern of conduct

consisting of illegal harassment, assault and battery, false
imprisonment and arrest, denial of due process rights,
denial of the right to make a phone call for an unreasonable
period of time, illegal seizure of property, failure to
advise of right to counsel and malicious prosecution, at the
time plaintiff and others were lawfully and properly on the
public sidewalks demonstrating, appearing to demonstrate, or
in the vicinity of demonstrators in the County of New York,
City and State of New York, in denial of rights, privileges
and immunities guaranteed plaintiff, JODY CONCEPCION, and
other citizens by the Constitution of the United States.

91. That on information and belief, the computerized
fingerprints and/or photographs of plaintiff were forwarded
to other agencies, including but not limited to the Federal
Bureau of Investigation without her consent, despite public
assurances by defendant CITY OF NEW YORK that said personal
information was destroyed.

92. That on information and belief, the systematic
pattern of conduct consists of a large number of individual
acts of violence, intimidation, false arrest, false
imprisonment and malicious prosecution visited on plaintiff,
JODY CONCEPCION, and other citizens by members of the police
department of defendant THE CITY OF NEW YORK, acting in
concert with persons unknown to plaintiff and at the behest
of the REPUBLICAN NATIONAL COMMITTEE, and under color of law

and said acts, wile carried out under color of law, have no justification or excuse in law and are instead illegal, improper and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

93. That although defendants knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants and employees, the defendant THE CITY OF NEW YORK, has not taken any steps or made any efforts to halt this course of conduct, to make redress to the plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

94. That the unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff of the following rights, privileges and immunities secured to her by the Constitution of the United States and of the State of New York:

(a) The right of plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States;

(b) The right of plaintiff to be informed of the nature and cause of the accusation against her as secured to her

under the Sixth and Fourteenth Amendments to the
Constitution of the United States;

(c) The right of plaintiff not to be deprived of life,
liberty or property without due process of law, and the
right to equal protection of the laws secured by the
Fourteenth Amendment to the Constitution of the United
States; and

(d) The right to freedom of _expression and assembly as
guaranteed by the First Amendment to the Constitution of the
United States.

95. That by reason of the aforesaid violations, false
arrest, false imprisonment, assault and battery and
malicious prosecution caused by the defendants, their
agents, servants and employees who conspired together to
enter into a nefarious scheme to wrongfully deprive the
plaintiff and compel her to abandon her rights and
privileges as provided to her in the Constitution of the
United States of America, and provided to her in the
Constitution of the State of New York, and laws thereto, the
defendants, their agents, servants and employees violated 42
U.S.C. Section 1983 in that the defendants, their agents,
servants and employees acted as persons who under color of
any statute, ordinance, regulation, custom or usage of the
City of New York, subjected or caused to be subjected, a
citizen of the United States or other persons within the

jurisdiction, particularly the Plaintiff, JODY CONCEPCION,
thereof, to be deprived of her rights, privileges or
immunities received by the Constitution and laws of the
United States of America and of the State of New York; was
subjected to great indignities and humiliation, and pain and
distress of mind and body and was held up to scorn and
ridicule, injured in her character and reputation, was
prevented from attending her usual business and vocation and
was injured in her reputation in the community and the acts
aforementioned were committed with the aim of injuring and
damaging plaintiff.

96. That by reason of the aforesaid intentional assault
and battery, false arrest, false imprisonment, malicious
prosecution and deprivation of her rights and liberties as
guaranteed by the aforementioned constitutions, by the
defendants, their agents, servants and employees, acting
within the scope of their authority, and without any
probable or reasonable cause, the plaintiff suffered injury
about her wrists, and limbs, and was rendered sick, sore,
lame and disabled, and among other things she suffered
conscious pain and suffering and that she was otherwise
damaged.

97. That by reason of the aforesaid, the plaintiff requests the following relief:

(a) compensatory damages against the defendants in the amount of $2,000,000;

(b) punitive damages against the defendants in the sum of $20,000,000;

(c) an award of reasonable attorney's fees, costs and disbursements;

(d) Plaintiff requests a trial by jury of all issues in this complaint; and

(e) such other and further relief as this court may deem just and proper under the circumstances.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

98. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1-96 as if fully set forth herein.

99. That by reason of the aforesaid false arrest, false imprisonment, assault and battery and malicious prosecution caused willfully and maliciously by the defendants, their agents, servants and employees, the plaintiff was wrongfully deprived of her rights, privileges and benefits as provided to her under the Constitution of the State of New York; sustained injuries to her wrists, shoulders and arms; was rendered sick, sore, lame and disabled and was subjected to great indignities and humiliation, and pain and distress of

mind and body, and was held up to scorn and ridicule, injured in her character and reputation, was prevented from attending her usual business and vocation, was injured in her reputation in the community and the acts aforementioned were committed with the aim of injuring and damaging the plaintiff.

100. That by reason of the aforesaid, plaintiff demands punitive damages in the amount of $20,000,000. against all defendants.

WHEREFORE, the plaintiff demands judgment against the defendants as follows:

First Cause of Action - TWO MILLION DOLLARS

Second Cause of Action - TWO MILLION DOLLARS

Third Cause of Action - TWO MILLION DOLLARS

Fourth Cause of Action - TWO MILLION DOLLARS

Fifth Cause of Action - TWO MILLION DOLLARS

Sixth Cause of Action - TWO MILLION DOLLARS

Seventh Cause of Action - Compensatory Damages - TWO MILLION DOLLARS

Punitive Damages - TWENTY MILLION DOLLARS

Eighth Cause of Action - Punitive Damages -

TWENTY MILLION DOLLARS, together with the costs and

disbursements of this action.

Dated: New York, New York
November 14, 2005

LESLIE LEWIS, ESQ.

ZELDA STEWART, ESQ.

KAREN WOHLFORTH, ESQ.

ATTORNEYS FOR PLAINTIFF
299 BROADWAY, SUITE 1700
NEW YORK, NEW YORK 10007
(646)267-2172/(212) 267-2889/
(212)619-2457

Index No.: 05 CV 8501 (KMK) (JCF)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JODY CONCEPCION,
Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICERS ALEXIS FERNANDEZ, Sheild # 29781, "JANE and JOHN DOES" 1-15, and the REPUBLICAN NATIONAL COMMITTEE
Defendants.

## AMENDED COMPLAINT

Plaintiff's Attorneys:     LESLIE LEWIS, ESQ.
ZELDA E. STEWART, ESQ.
KAREN WOHLFORTH, ESQ.
299 Broadway, 17th Floor
New York, New York  10007
(212)619-2457