**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

JODY CONCEPCION,

                           Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER ALEXIS
FERNANDEZ, Shield #29781, "JANE and JOHN DOES"
1-15, and the REPUBLICAN NATIONAL COMMITTEE,

                           Defendants.

---------------------------------------------------------------------- x

                    **ANSWER**

                    **05 CV 8501 (KMK) (JCF)**

          Defendants the City of New York ("City"), Police Officer Alexis Fernandez ("Fernandez") and the Republican National Committee ("RNC") (collectively "Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to Plaintiff Jody Concepcion's ("Plaintiff") Amended Complaint ("Amended Complaint"), respectfully allege as follows:

          1.     Defendants deny the allegations set forth in Paragraph 1 of the Amended Complaint, except admit that on or about November 29, 2004, a document purporting to be Plaintiff's Notice of Claim was received by the Comptroller's Office.

          2.     Defendants deny the allegations set forth in Paragraph 2 of the Amended Complaint, except admit that Plaintiff's claims against the City have not been settled.

          3.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Amended Complaint.

4.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Amended Complaint.

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Amended Complaint.

6.      Defendants deny the allegations set forth in Paragraph 6 of the Amended Complaint, except admit that Defendant City is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

7.      Defendants deny the allegations set forth in Paragraph 7 of the Amended Complaint and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to Defendant City's and the New York City Police Department's ("NYPD") responsibilities.

8.      Defendants deny the allegations set forth in Paragraph 8 of the Amended Complaint and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to Defendant City's responsibilities.

9.      Defendants deny the allegations set forth in Paragraph 9 of the Amended Complaint and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to Defendant City's responsibilities.

10.    Defendants deny the allegations set forth in Paragraph 10 of the Amended Complaint, except admit that the RNC is an unincorporated association.

11.    Defendants deny the allegations set forth in Paragraph 11 of the Amended Complaint, except admit that the Committee on Arrangements ("COA") is comprised of members of the RNC.

12.    Defendants deny the allegations set forth in Paragraph 12 of the Amended Complaint.

13.    Defendants deny the allegations set forth in Paragraph 13 of the Amended Complaint, except admit that the COA was involved in the planning for the Republican National Convention held in New York City in late August and early September 2004 (the "Convention").

14.    Defendants deny the allegations set forth in Paragraph 14 of the Amended Complaint, except admit that the RNC was involved in the Convention.

15.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Amended Complaint, except admit that Defendant Fernandez is employed by the City of New York as a police officer.

16.    Defendants deny the allegations set forth in Paragraph 16 of the Amended Complaint.

## AS TO "AS AND FOR A FIRST CAUSE OF ACTION"

17.    Defendants deny the allegations set forth in Paragraph 17 of the Amended Complaint.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Amended Complaint.

19.    Defendants deny the allegations set forth in Paragraph 19 of the Amended Complaint, expect admit that Plaintiff was arrested in the vicinity of East 16th Street on August 31, 2004 in New York City.

20.    Defendants deny the allegations set forth in Paragraph 20 of the Amended Complaint.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint.

22.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint.

23.    Defendants deny the allegations set forth in Paragraph 23 of the Amended Complaint, except admit that Plaintiff was transported to Pier 57.

24.    Defendants deny the allegations set forth in Paragraph 24 of the Amended Complaint, except admit that Plaintiff was transported to Pier 57.

25.    Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

26.    Defendants deny the allegations set forth in Paragraph 26 of the Amended Complaint.

27.    Defendants deny the allegations set forth in Paragraph 25 of the Amended Complaint.

28.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Amended Complaint.

29.    Defendants deny the allegations set forth in Paragraph 29 of the Amended Complaint, except admit that Plaintiff was transported to 100 Centre Street.

30.    Defendants deny the allegations set forth in Paragraph 30 of the Amended Complaint.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Complaint.

32.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Amended Complaint.

33.    Defendants deny the allegations set forth in Paragraph 33 of the Amended Complaint.

34.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Amended Complaint.

35.    Defendants deny the allegations set forth in Paragraph 35 of the Amended Complaint.

36.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Amended Complaint.

37.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Amended Complaint.

38.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint.

39.    Defendants deny the allegations set forth in Paragraph 39 of the Amended Complaint.

40.    Defendants deny the allegations set forth in Paragraph 40 of the Amended Complaint.

41.    Defendants deny the allegations set forth in Paragraph 41 of the Amended Complaint.

42.    Defendants deny the allegations set forth in Paragraph 42 of the Amended Complaint.

43.    Defendants deny the allegations set forth in Paragraph 43 of the Amended Complaint.

44.    Defendants deny the allegations set forth in Paragraph 44 of the Amended Complaint.

45.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Amended Complaint.

46.    Defendants deny the allegations set forth in Paragraph 46 of the Amended Complaint.

## AS TO "AS AND FOR A SECOND CAUSE OF ACTION"

47.    Defendants repeat and reallege their responses to Paragraphs 1-46 of the Amended Complaint as if fully set forth herein.

48.    Defendants deny the allegations set forth in Paragraph 48 of the Amended Complaint.

49.    Defendants deny the allegations set forth in Paragraph 49 of the Amended Complaint.

50.    Defendants deny the allegations set forth in Paragraph 50 of the Amended Complaint.

## AS TO "AS AND FOR A THIRD CAUSE OF ACTION"

51.    Defendants repeat and reallege their responses to Paragraphs 1-50 of the Amended Complaint as if fully set forth herein.

52.    Defendants deny the allegations set forth in Paragraph 52 of the Amended Complaint.

53.    Defendants deny the allegations set forth in Paragraph 53 of the Amended Complaint.

54.    Defendants deny the allegations set forth in Paragraph 54 of the Amended Complaint.

55.    Defendants deny the allegations set forth in Paragraph 55 of the Amended Complaint.

56.    Defendants deny the allegations set forth in Paragraph 56 of the Amended Complaint.

57.    Defendants deny the allegations set forth in Paragraph 57 of the Amended Complaint.

58.    Defendants deny the allegations set forth in Paragraph 58 of the Amended Complaint.

## AS TO "AS AND FOR A FOURTH CAUSE OF ACTION"

59.    Defendants repeat and reallege their responses to Paragraphs 1-58 of the Amended Complaint as if fully set forth herein.

60.    Defendants deny the allegations set forth in Paragraph 60 of the Amended Complaint.

61.    Defendants deny the allegations set forth in Paragraph 61 of the Amended Complaint.

62.    Defendants deny the allegations set forth in Paragraph 62 of the Amended Complaint.

63.    Defendants deny the allegations set forth in Paragraph 63 of the Amended Complaint.

64.    Defendants deny the allegations set forth in Paragraph 64 of the Amended Complaint.

65.    Defendants deny the allegations set forth in Paragraph 65 of the Amended Complaint.

## AS TO "AS AND FOR A FIFTH CAUSE OF ACTION"

66.    Defendants repeat and reallege their responses to paragraphs 1-65 of the Amended Complaint as if fully set forth herein.

67.    Defendants deny the allegations set forth in Paragraph 67 of the Amended Complaint.

68.    Defendants deny the allegations set forth in Paragraph 68 of the Amended Complaint.

69.    Defendants deny the allegations set forth in Paragraph 69 of the Amended Complaint.

70.    Defendants deny the allegations set forth in Paragraph 70 of the Amended Complaint.

## AS TO "AS AND FOR A SIXTH CAUSE OF ACTION"

71.    Defendants repeat and reallege their responses to paragraphs 1-70 of the Amended Complaint as if fully set forth herein.

72.    Defendants deny the allegations set forth in Paragraph 72 of the Amended Complaint.

73.    Defendants deny the allegations set forth in Paragraph 73 of the Amended Complaint.

74.    Defendants deny the allegations set forth in Paragraph 74 of the Amended Complaint.

75.    Defendants deny the allegations set forth in Paragraph 75 of the Amended Complaint.

## AS TO "AS AND FOR A SEVENTH CAUSE OF ACTION"

76.    Defendants repeat and reallege their responses to paragraphs 1-75 of the Amended Complaint as if fully set forth herein.

77.    Defendants deny the allegations set forth in Paragraph 77 of the Amended Complaint and deny all of its sub-parts.

78.    Defendants deny the allegations set forth in Paragraph 78 of the Amended Complaint.

79.    The allegations set forth in Paragraph 79 of the Amended Complaint contain conclusions of law rather than averments of fact, accordingly no response is required.

80.    Defendants deny the allegations set forth in Paragraph 80 of the Amended Complaint.

81.     Defendants deny the allegations set forth in Paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations set forth in Paragraph 82 of the Amended Complaint.

83.     Defendants deny the allegations set forth in Paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations set forth in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations set forth in Paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations set forth in Paragraph 86 of the Amended Complaint and deny all of its sub-parts.

87.     Defendants deny the allegations set forth in Paragraph 87 of the Amended Complaint.

88.     Defendants deny the allegations set forth in Paragraph 88 of the Amended Complaint.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Amended Complaint.

90.     Defendants deny the allegations set forth in Paragraph 90 of the Amended Complaint.

91.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Amended Complaint.

92.    Defendants deny the allegations set forth in Paragraph 92 of the Amended Complaint.

93.    Defendants deny the allegations set forth in Paragraph 93 of the Amended Complaint.

94.    Defendants deny the allegations set forth in Paragraph 94 of the Amended Complaint.

95.    Defendants deny the allegations set forth in Paragraph 95 of the Amended Complaint.

96.    Defendants deny the allegations set forth in Paragraph 96 of the Amended Complaint.

97.    Defendants deny the allegations set forth in Paragraph 97 of the Amended Complaint, except admit that Plaintiff requests the relief as stated therein.

**AS TO "EIGHTH CAUSE OF ACTION"**

98.    Defendants repeat and reallege their responses to Paragraphs 1-97 of the Amended Complaint as if fully set forth herein.

99.    Defendants deny the allegations set forth in Paragraph 99 of the Amended Complaint.

100.  Defendants deny the allegations set forth in Paragraph 100 of the Amended Complaint, except admit that Plaintiff seeks the relief as stated therein.

## FIRST AFFIRMATIVE DEFENSE

101.  The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

102.  Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

103.  Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others, and was not the proximate result of any act of the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

104.  The actions of any police officer(s) involved were justified by probable cause.

## FIFTH AFFIRMATIVE DEFENSE

105.  At all times relevant to the acts alleged in the Amended Complaint, Defendant City, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore, Defendant City is entitled to governmental immunity from liability.

## SIXTH AFFIRMATIVE DEFENSE

106.  At all times relevant to the acts alleged in the Amended Complaint, Plaintiff was not engaged in any form of speech, which is protected by the First Amendment.

## SEVENTH AFFIRMATIVE DEFENSE

107.  Punitive damages cannot be recovered as against the Defendant City of New York or the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

## EIGHTH AFFIRMATIVE DEFENSE

108.  At all times relevant to the acts alleged in the Amended Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

## NINTH AFFIRMATIVE DEFENSE

109.  Plaintiff has not complied with the conditions precedent to suit.

## TENTH AFFIRMATIVE DEFENSE

110.  Plaintiff provoked the incidents of which she complains.

## ELEVENTH AFFIRMATIVE DEFENSE

111.  Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## TWELFTH AFFIRMATIVE DEFENSE

112.  Plaintiff lacks standing to demand injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

113.  Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

114.  Plaintiff consented to the acts about which she complains.


### FIFTEENTH AFFIRMATIVE DEFENSE

115.  Plaintiff failed to mitigate her damages.


### SIXTEENTH AFFIRMATIVE DEFENSE

116.  Declaratory relief is unavailable to Plaintiff as a matter of law.


### SEVENTEENTH AFFIRMATIVE DEFENSE

117.  The Plaintiff has not properly invoked the Court's personal jurisdiction over one or all of the Defendants.

  **WHEREFORE,** Defendants request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       December 5, 2005

                                   MICHAEL A. CARDOZO
                                   Corporation Counsel of the  City of New York
                                   Attorney for Defendants
                                   100 Church Street, Room 3-135
                                   New York, New York 10007
                                   212-788-8342

                          By:     /s/
                                   Jay A. Kranis (JK 2576)
                                   Senior Counsel
                                   Special Federal Litigation Division


                                   Jeffrey A. Dougherty (JD 5224)
                                   Assistant Corporation Counsel
                                   Special Federal Litigation Division

**Index Number 05 CV 8501 (KMK)(JCF)**

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |

| |
|---|
| JODY CONCEPCION,<br><br>          Plaintiff,<br><br>    -against-<br><br>CITY OF NEW YORK, et al.,<br><br>         Defendants. |

| |
|---|
| # ANSWER |

| |
|---|
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y.  10007*<br>*Of Counsel: Jay A. Kranis, Esq.*<br><br>*Tel:  (212) 788-8683*<br>*NYCLIS No. 05 SF 021946* |

| |
|---|
| *Due and timely service by ECF and First Class Mail is hereby admitted.*<br><br>*New York, N.Y.  December 5, 2005*<br><br>*Jeffrey A. Dougherty, Esq.*<br><br>*Attorney for Defendants* |