LESLIE LEWIS, ESQ. (LL-4544)
162 West 21st Street, Suite 2S
New York, New York 10007
(646) 267-2172

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
JODY CONCEPCION,

               Plaintiff,          **AFFIRMATION IN PARTIAL**
                                             **OPPOSITION TO MOTION**
   -against-

THE CITY OF NEW YORK, POLICE OFFICER    05 CV 8501(KMK)(JCF)
ALEXIS FERNANDEZ, Shield #29781,
"JANE and JOHN DOES" 1-15, and
the REPUBLICAN NATIONAL COMMITTEE,

               Defendants.
---------------------------------x

    As and for my answer to the motion brought by KAREN WOHLFORTH, ESQ. and ZELDA STEWART, ESQ. to remove (disqualify) me as counsel in this action, I affirm and respectfully submit the following:

    1. Movants have already seen to it that I am in effect removed as counsel from this case, having formed an unhealthy alliance to undermine my direction and, in the end, having manipulated the client to reverse her earlier decision to remain with me as counsel. (See copy of letter from plaintiff dated January 23, 2006 discharging Mss. Wohlforth and Stewart annexed herewith as Exhibit "A".)

2. I am the originating attorney and lead counsel in this case.

3. I met the Plaintiff in mid-September 2004, when I worked at an office on the 17th floor, 299 Broadway, New York, New York. (Since May 20, 2005, I have practiced at an office located at 162 West 21st Street, New York, New York.)

4. I brought Zelda Stewart, a tenant at 299 Broadway, 17th Floor to this case.

5. During my absence from the office for a trial (Leyda v. Mehta et al., Supreme Court, Onondaga County, Index No.: 1408/2003), Zelda Stewart brought Karen Wohlforth, also a tenant at 299 Broadway, 17th Floor into this case.

6. I was not pleased with the addition, but reluctantly capitulated.

7. Later that Fall, we entered into a retainer agreement with the client, the original of which was removed from the file by Ms. Stewart before distributing copies to co-counsel or filing a copy of same with the Court.

8. I undertook, *inter alia*, the seminal research on the case, uncovered pivotal documents, negotiated the contents of the Case Management Order with adverse counsel, prepared the notice of appearance, researched all other

active Republican National Convention ("RNC") cases, reached out to other attorneys of the consolidated RNC cases, attended all affirmative counsel meetings, prepared for all conferences, attended all conferences, identified key discovery documents, saw to it that missing photographs were reproduced, drafted, re-redrafted and prepared final versions of the complaint and amended complaint, prepared all discovery responses and demands after extensive interview and independent follow up with the client, led all client meetings, reviewed approximately 2000 documents on discovery disc #1 provided by the City, prepared for, attended and participated in three defendant depositions, and was in purposeful contact with the client.

9.  I worked in excess of 400 hours on this case, from September 2004 to present.

10. Over time I became very concerned by the behavior of Zelda Stewart, including, *inter alia*: (i) her failure to appear at her workplace, without explanation, for weeks at a time during which she was completely incommunicado; (ii) her lack of response to literally dozens of phone messages and emails from me and Ms. Wohlforth regarding the instant case; (iii) her removal of original documents and evidence from the office and subsequent inability and/or refusal to produce same; and (iv) a near total lack of performance of

any duties on this case, excepting her ostentatious appearance at working meetings with the client.

11. I verbalized all of these concerns to Mss. Stewart and Wohlforth, most recently at the conclusion of a meeting with the client in the first week of January, 2006.

12. Early on and over time I became very concerned by the attitudes and conduct of Karen Wohlforth, including generally, and without getting into specific details other than *in camera* with the Court for fear of compromising plaintiff's position: (i) Ms. Wohlforth's performance with regard to general organization and communications with the Court and defendants; (ii) her behavior before the client; (iii) her reliance on the opinions of other counselors; (iv) her stated opinions as to decisions of the Court; and (v) frankly, her interjection of personal politics into every aspect of the case.

13. I verbalized these concerns to Mss. Wohlforth and Stewart, most recently at the conclusion of a meeting with the client in the first week of January, 2006.

14. Aware of my concerns about both of them, Mss. Stewart and Wohlforth aligned themselves to force me off the case.

15. In a decisive incident that occurred after business hours on Friday, January 20, 2006, and subsequent

to a discovery ruling by the Court earlier that week, Ms. Wohlforth demanded that we immediately take what I considered to be a highly ill-conceived action, the details of which I would like to share with the Court outside of presence of Mr. Dougherty to which I wholeheartedly disagreed.

16. I was slandered professionally during that conversation, which defamation is the subject of a separate law suit, Lewis v. Wohlforth Dale, Supreme Court, County of New York, Index No.: 102132/06.

17. At approximately 9:45 am, the following Monday, I visited with the client, plaintiff JODY CONCEPCION to: (i) obtain a verification of interrogatory answers inadvertently omitted and newly requested by Jeffrey Dougherty, Esq., Corporation Counsel; and (ii) raise with Ms. CONCEPCION my concerns as described above, all of which had been previously addressed to co-counsels without resolution.

18. Later that day, after speaking with co-counsel Zelda Stewart, Ms. CONCEPCION faxed me a signed letter assigning me as solitary counsel. (See Exhibit "A".) I took immediate steps to find replacement co-counsel as the client and I had discussed and agreed, and exchanged various letters and correspondences to the Court and Jeff

5

Dougherty, Esq., with regard to changing docket information and bridging various discovery impasses.

19. Stunningly, on January 27, 2006, I received a letter drafted by Ms. Wolforth and purportedly signed by Ms. CONCEPCION rescinding the above referenced letter (annexed hereto as Exhibit "B"), as well as a Consent to Change Attorney purportedly signed by Ms. CONCEPCION and <u>notarized by substituting attorney, movant KAREN WOHLFORTH</u> (annexed hereto as Exhibit "C").

20. Thereafter, I sent a detailed correspondence to Ms. CONCEPCION, the content of which is relevant to this motion and answer, but which I would request be shared *in camera* with the Court, outside of the presence of Corporation Counsel, because of its because of its sensitivity and potential for damage to the case if viewed by defendants.

21. Under the totality of circumstances described, I do not oppose the formality of being removed as counsel by Court order, but request that: (i) my fee for services be fixed now at an amount no less than $90,000.00 (400 hours @ $225.00/hour) plus expenses of $550.00 by the Court, rather than delayed until resolution of the case; and that (ii) an order be issued sustaining a charging lien on the file on my behalf, and forbidding settlement of this matter, and

disbursement of monies without my having an opportunity to be heard.

22. Further, I request oral argument as to this motion, preferably with plaintiff JODY CONCEPCION present for the purposes of acquiring testimony as to events which transpired between herself and movants between January 23, 2006 and January 27, 2006.

Dated: New York, New York
       March 3, 2006

                                              _____/s/_____
                                              LESLIE LEWIS (LL-4544)

TO: Zelda Stewart, Esq.
    Karen Wolforth, Esq.
    299 Broadway, 17th Floor
    New York, New York 10007
    (212) 267-2889
    (212) 619-2457

    Jeffrey A. Dougherty, Esq.
    Assistant Corporation Counsel
    Attorney for Defendants
    100 Church Street, Room 3-211
    New York, New York 10007
    (212) 788-8683

**CERTIFICATES OF SERVICE**

It is hereby affirmed that the foregoing Answer to the Motion by KAREN WOHLFORTH, ESQ., and ZELDA STEWART, ESQ. to remove (disqualify) me as counsel has been served by facsimile ([212] 285-0531) and regular mail this 3rd day of March, 2006, to KAREN WOHLFORTH, ESQ. and ZELDA STEWART, ESQ., 299 Broadway, 17th Floor, New York, New York 10007, movants, and upon Jeffrey A. Dougherty, Assistant Corporation Counsel ([212] 788-8683), 100 Church Street, New York, New York 10007, attorney for defendants.



_____/s/_____
LESLIE LEWIS, ESQ. (LL-4544)

# – EXHIBIT "A" –

1/23/06

January 23, 2006

To all concerned:

    I am the Plaintiff in the matter of <u>Concepcion v the City of New York et. al.</u>, 05-CV-8501 (KMK) (JCF). With regard to this matter, it is my wish that from this time forward Leslie Lewis, Esq. assume solitary representation of my interests.

    I understand Ms. Lewis will work out the details with prior co-counsel, Karen Wohlforth and Zelda Stewart with regard to fees and transfer of files.

                                                               *Jody Concepcion*
                                                             JODY CONCEPCION

# – EXHIBIT "B" –

January 26, 2006

Leslie Lewis, Esq.
Karen Wohlforth, Esq.
Zelda Stewart, Esq.

This is to advise that I hereby rescind the letter dated January 23, 2006 which I signed at the request of Leslie Lewis, Esq.
Ms. Lewis came to my place of employment on January 23, 2006, and advised me that she could no longer work with Karen Wohlforth and Zelda Stewart. She gave me the January 23, 2006 letter which she had previously prepared, and said that either I sign the letter or that she would take herself off the case. Based on statements that she made about Ms. Stewart and Ms. Wohlforth, and the fact that she advised me that there were time pressures involved, I signed Ms. Lewis' letter authorizing her to assume solitary representation of my interests in the case of Concepcion v. The City of New York, et. al. I have now had an opportunity to discuss this matter with all counsel, and after much consideration I have decided to rescind the letter of January 23, 2006, and to retain Zelda Stewart and Karen Wohlforth as my counsel in this matter. Consequently, I no longer wish to retain the services of Leslie Lewis.

JODY CONCEPCION

— EXHIBIT "C" —

1/27/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.

JODY CONCEPCION,

05CV 8501 (KMK) (JCF)

Plaintiff(s)

against

CONSENT TO CHANGE ATTORNEY

THE CITY OF NEW YORK, POLICE OFFICER ALEXIS FERNANDEZ, Shield #29781, "JANE and JOHN DOES" 1-15, and the REPUBLICAN NATIONAL COMMITTEE,

Defendant(s)

IT IS HEREBY CONSENTED THAT
KAREN WOHLFORTH ESQ. and ZELDA STEWART, Esq.

of No.  299 Broadway suite 1700 New York, New York

be substituted as attorney(s) of record for the undersigned party(ies) in the above entitled action in place and stead of the undersigned attorney(s) as of the date hereof.

Dated: New York, New York
       January 26, 2006

_____
JODY CONCEPCION

_____
KAREN WOHLFORTH, ESQ.

_____
ZELDA STEWART, ESQ.

_____
LESLIE LEWIS, ESQ.

STATE OF NY
COUNTY OF NY       } ss.:

On the 26 day of January 2006, before me personally came Jody Concepcion to me known, and known to me to be the same person described in and who executed the foregoing consent and acknowledged to me that S he executed the same.

_____