UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JODY CONCEPCION,

                Plaintiff

         -against-

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, Shield #29781,
"JANE and JOHN DOES" 1-15, and the
REPUBLICAN NATIONAL COMMITTEE,

                Defendants
------------------------------------------------------------x

05CV-08501KMK-JCF

**DECLARATION OF KAREN WOHLFORTH IN REPLY TO AFFIRMATION IN PARTIAL OPPOSITION**

      KAREN WOHLFORTH, ESQ., having been fully apprised of the penalties of perjury declares and states that the following statements made of her own knowledge are true and that statements made on information and belief, and opinions, she believes to be true:

1. Ms. Lewis states in par. 21 of her affirmation "under the totality of circumstances described, I do not oppose the formality of being removed as counsel by Court order.."

2. The balance of the allegations in her affirmation are irrelevant and denied.

3. The Court should be aware of the fact that Ms. Lewis was admitted to the practice of law in 2001, and on information and belief, never previously handled a civil rights case nor tried a case on her own. In view of my prior 25 years in practice and Ms. Stewart's 15 years in practice, her self-proclamation as "lead counsel" is ludicrous.

4. Any attempt to further discuss the matters raised by Ms. Lewis would violate attorney-client privilege.

5. Although we dispute the unsubstantiated figures Ms. Lewis requests for counsel fees and expenses, the question of legal fees would most properly be settled if, as and when the case is resolved.

6. It is completely improper for Ms. Lewis to request to be "heard" on any settlement of the case when she is no longer counsel for the plaintiff.

WHEREFORE, it is respectfully requested that the motion to relieve Ms. Lewis be granted without further hearing on the matter, and that the Court set her share of legal fees in quantum meruit at the end of the case.

Dated: New York, New York
March 4, 2006

_____
KAREN WOHLFORTH, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JODY CONCEPCION,

                Plaintiff

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, Shield #29781,
"JANE and JOHN DOES" 1-15, and the
REPUBLICAN NATIONAL COMMITTEE,
                Defendants
------------------------------------------------------------x

05CV-08501KMK-JCF

**DECLARATION OF ZELDA STEWART IN REPLY TO AFFIRMATION IN PARTIAL OPPOSITION**

      ZELDA E. STEWART, ESQ., having been fully apprised of the penalties of perjury declares and states that the following statements made of her own knowledge are true and that statements made on information and belief, and opinions, she believes to be true:

1. Ms. Lewis states in par. 21 of her affirmation "under the totality of circumstances described, I do not oppose the formality of being removed as counsel by Court order.."

2. The balance of the allegations in her affirmation are irrelevant and are denied.

3. The Court should be aware that I am a solo practitioner who maintains an office at 299 Broadway, 17th floor, New York, New York. I am obviously not obligated to report my hours in the office to Ms. Lewis, who has been working out of her home since May, 2005. Prior to that she was an employee of another law firm on the 17th floor.

4. Any attempt to further discuss the matters raised by Ms. Lewis would violate attorney-client privilege.

5. Although we dispute the unsubstantiated figures Ms. Lewis requests for counsel fees and expenses, the question of legal fees would most properly be settled if, as and when the case is resolved.

6. It is completely improper for Ms. Lewis to request to be "heard" on any settlement of the case when she is no longer counsel for the plaintiff.

WHEREFORE, it is respectfully requested that the motion to relieve Ms. Lewis be granted without further hearing on the matter, and that the Court set her share of legal fees in quantum meruit at the end of the case.

Dated: New York, New York  
March 4, 2006

_____ (ZES 8376)  
ZELDA E. STEWART, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JODY CONCEPCION,

                        05CV-08501KMK-JCF

          Plaintiff

                        **AFFIDAVIT OF CLIENT**
   -against-                **IN SUPPORT OF REMOVAL**

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, Shield #29781,
"JANE and JOHN DOES" 1-15, and the
REPUBLICAN NATIONAL COMMITTEE,

          Defendants
----------------------------------------------------------x

State of New York) ss:
County of New York)

      JODY CONCEPCION, being duly sworn deposes and says:

1. I am the plaintiff in the within action.
2. At the time I retained counsel for this case, I was employed in the same building where all three counsel worked.
3. I met Ms. Lewis in the elevator of the building in September, 2004, but did not know she was an attorney.
4. I asked her if she worked for a law firm, and told her I was looking for an attorney regarding my false arrest during the Republican National Convention.
5. Ms. Lewis took me off the elevator on the 17th floor, and introduced me to Ms. Stewart.
6. I signed a retainer agreement in September, 2004 with Ms. Stewart, after which, Ms. Stewart asked if Ms. Wohlforth could co-counsel on my case, and I agreed.
7. I had no further contact with Ms. Lewis until November, 2004, when Ms. Stewart advised that Ms. Lewis had also requested to work on the case. I told her that I did not mind the addition of Ms. Lewis.
8. My usual contact was with Ms. Stewart. On Monday, January 23, Ms. Lewis appeared at my office, uninvited, with a typed letter to retain her as sole

attorney, and terminate the services of Ms. Stewart and Ms. Wohlforth.

9. This took me totally by surprise and I felt very pressured by Ms. Lewis, who was making terrible accusations against her two co-counsel..

10. I signed the document she gave me, but never felt comfortable.

11. I was relieved to speak later that week with Ms. Wohlforth and Ms. Stewart and I rescinded my prior letter terminating them.

12. In retrospect, I should have spoken to all three attorneys before making such a important decision.

13. I strenuously object to any attempts by Ms. Lewis to discuss internal matters with the court in violation of my attorney-client privilege.

14. I have no knowledge of any papers which were allegedly sent to me by Ms. Lewis after she was terminated.

JODY CONCEPCION

Sworn to before me this ___
day of March, 2006

HARRY A. CUMMINS
NOTARY PUBLIC, State of New York
No. 4927013
Qualified in New York County
Commission Expires Mar. 21, 19__

## CERTIFICATES OF SERVICE

It is hereby affirmed that the foregoing Declarations and affidavit in reply to the "Affirmation in Partial Opposition" has been served via fax and mail this 9th day of March, 2006, to LEWLIE LEWIS, ESQ., 162 West 21 Street, New York, New York 10011, outgoing attorney for plaintiff, and upon Jeff Dougherty, Esq. Assistant Corporation Counsel, City of New York, for the defendants.

_____
KAREN WOHLFORTH, ESQ.