UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
JODY CONCEPCION,                    :  05 Civ. 8501 (KMK) (JCF)
                                    :
            Plaintiff,              :      MEMORANDUM
                                    :      AND  ORDER
                                    :
     - against -                    :
                                    :
THE CITY OF NEW YORK, POLICE        :
OFFICER ALEXIS FERNANDEZ, Shield    :
#29781, "JANE and JOHN DOES" 1-15,  :
and the REPUBLICAN NATIONAL         :
COMMITTEE,                          :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

     Jody Concepcion is the plaintiff in an action charging the
City of New York, several police officers, and the Republican
National Committee with false arrest, false imprisonment, malicious
prosecution, and other acts of wrongdoing.  Ms. Concepcion has been
represented in the action by three attorneys, Karen Wohlforth,
Zelda Stewart, and Leslie Lewis.  Ms. Concepcion now moves to
discharge Ms. Lewis as counsel and to go forward with Ms. Wohlforth
and Ms. Stewart only.  Ms. Lewis does not oppose the motion insofar
as it seeks her removal but does oppose it to the extent that it
would preclude a determination now of the amount Ms. Concepcion
owes her for services already rendered.  For the reasons discussed
below, I grant both Ms. Concepcion's motion to discharge Ms. Lewis
and Ms. Lewis's request to establish the value of services she has
rendered to Ms. Concepcion.

1

Background

In September 2004, Ms. Concepcion met Ms. Lewis in the elevator of the office building where both women worked at the time. Ms. Concepcion asked if Ms. Lewis worked at a law firm and explained she was looking for a lawyer to handle her false arrest claim. (Affidavit of Jody Concepcion dated March 7, 2006 ("Concepcion Aff."), ¶¶ 2-4). Ms. Lewis instantly introduced Ms. Concepcion to Ms. Stewart, who also worked in the building. (Concepcion Aff., ¶¶ 2, 5). In mid-September, Ms. Concepcion and Ms. Stewart signed a retainer that included a contingent fee agreement. Soon thereafter Ms. Stewart brought Ms. Wohlforth on to the case. In November 2004, Ms. Lewis, too, joined the team. (Concepcion Aff., ¶¶ 6, 7). In January 2006, Ms. Concepcion discharged Ms. Lewis without cause. (Letter of Jody Concepcion dated January 26, 2006, attached as Exh. B to Affirmation of Leslie Lewis dated March 3, 2006 ("Lewis Aff.")).

Discussion

It is well established under New York law that a client may discharge an attorney at any time, with or without cause. Lai Ling Cheng v. Modansky Leasing Co., 73 N.Y.2d 454, 457, 541 N.Y.S.2d 742, 744 (1989). However, an attorney who is employed under a contingent fee contract and then discharged without fault is entitled to recover the reasonable value of her services, determined on a quantum meruit basis at the time of discharge.

2

<u>Cohen v. Grainger, Tesoriero & Bell</u>, 81 N.Y.2d 655, 658, 602 N.Y.S.2d 788, 789-90 (1993); <u>Lai Ling Cheng</u>, 73 N.Y.2d at 457-58, 541 N.Y.S.2d at 744; <u>In re Tillman</u>, 259 N.Y. 133, 136, 181 N.E. 75, 76 (1940). Ms. Lewis requests that her fee be determined now. She asserts that the value of her services is $90,000, stating -- without submitting supporting documentation -- that she spent 400 hours on the case. The lawyers remaining on the case, Ms. Stewart and Ms. Wohlforth, seek a delay of the determination of Ms. Lewis's fees until the conclusion of the litigation. However, there is no basis for denying Ms. Lewis's request for an immediate valuation of the services she rendered.

To obtain a determination, Ms. Lewis must provide a detailed record of her efforts, including copies of billing entries identifying the work she did for Ms. Concepcion, the amount of time it took, and any other costs she incurred. See <u>Weinreich v. Sandhaus</u>, 850 F. Supp. 1169, 1183 (S.D.N.Y. 1994) ("Plaintiff bears the burden of proof in <u>quantum meruit</u> actions."); <u>Miller v. Maryland Casualty Co.</u>, 114 Misc. 2d 713, 717 452 N.Y.S.2d 309, 311 (N.Y. Civ. Ct. 1982) (attorney has burden of establishing performance, value of performance, and nexus between performance and client's liability). Under New York law, any amount allowed at this point may be reduced, upon application, if it proves to be disproportionate to the final recovery. <u>See, e.g.</u>, <u>Adams v. Legett</u>, 15 A.D.2d 856, 857, 224 N.Y.S.2d 584, 585-86 (3d Dep't

1962).

Ms. Lewis also seeks an order sustaining her charging lien on the file and forbidding settlement of this matter unless the parties provide her with an opportunity to be heard. Such an order is unnecessary. New York Judiciary Law § 475 provides that each attorney has a statutory charging lien on his or her client's cause of action. The lien attaches to any determination or final order in the client's favor and "cannot be affected by any settlement between the parties before or after judgment, final order or determination." N.Y. Jud. Law § 475. Attorneys are authorized by statute to initiate proceedings to enforce the lien. Id.; see also Rebmann v. Wicks, 259 A.D.2d 972, 973, 688 N.Y.S.2d 293, 294 (4th Dep't 1999). Thus, New York law obviates the need for the order that Ms. Lewis requests.

Conclusion

Ms. Concepcion's motion to discharge Ms. Lewis as counsel is granted. Ms. Lewis's request for a prompt determination of the value of her services is granted; however, Ms. Lewis must move for an award and provide documentary support for her claim. Finally, Ms. Lewis's request for an order sustaining her charging lien and forbidding settlement unless she has an opportunity to be heard is denied.

1962).

Ms. Lewis also seeks an order sustaining her charging lien on the file and forbidding settlement of this matter unless the parties provide her with an opportunity to be heard. Such an order is unnecessary. New York Judiciary Law § 475 provides that each attorney has a statutory charging lien on his or her client's cause of action. The lien attaches to any determination or final order in the client's favor and "cannot be affected by any settlement between the parties before or after judgment, final order or determination." N.Y. Jud. Law § 475. Attorneys are authorized by statute to initiate proceedings to enforce the lien. Id.; see also Rebmann v. Wicks, 259 A.D.2d 972, 973, 688 N.Y.S.2d 293, 294 (4th Dep't 1999). Thus, New York law obviates the need for the order that Ms. Lewis requests.

## Conclusion

Ms. Concepcion's motion to discharge Ms. Lewis as counsel is granted. Ms. Lewis's request for a prompt determination of the value of her services is granted; however, Ms. Lewis must move for an award and provide documentary support for her claim. Finally, Ms. Lewis's request for an order sustaining her charging lien and forbidding settlement unless she has an opportunity to be heard is denied.

4

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         March 16, 2006

Copies mailed this date to:

Karen Wohlforth, Esq.
Zelda E. Stewart, Esq.
299 Broadway, Suite 1700
New York, New York 10007

Leslie Lewis, Esq.
162 West 21st Street
New York, New York 10011

Jeffrey Dougherty, Esq.
Assistant Corporation Counsel
City of New York Law Department
100 Church Street
New York, New York 10007