KAREN WOHLFORTH (KD0235)
ZELDA STEWART  (ZES8375)
299 Broadway suite 1700
New York, New York 10007
Tel (212) 619-2457
Fax (212) 285-0531
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

Civ. Case No. 05-8501((KMK)(JCF)

JODY CONCEPCION,

              Plaintiff

      -against-

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, "JANE and JOHN DOES" 1-15,
and the REPUBLICAN NATIONAL COMMITTEE,

           Defendants
-------------------------------------------------------------x

**NOTICE OF PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS UNDER FRCP RULES 37,
34 AND 26 and LOCAL CIVIL RULE 33**

      **PLEASE TAKE NOTICE**  that upon the accompanying Memorandum of
Law  and Supporting Declaration of KAREN WOHLFORTH, ESQ., plaintiffs move to
compel production of the following documents from either defendant City of New York
or Republican National Committee, and for sanctions pursuant to Rule 37 (4):

          1)  "City Agreement for the 2004 Republican National Convention;"
          2)  "Site City Agreement" or "City Site Agreement;"

Oral argument shall be on a date and at a time to be designated by the Court.

Dated: March 23, 2006

Respectfully submitted,

Karen Wohlforth (KD0235)
Zelda E. Stewart (ZES 8375)
299 Broadway suite 1700
New York, New York 10007
(212) 619-2457
(212) 285-0531

KAREN WOHLFORTH (KD0235)
ZELDA STEWART  (ZES8375)
299 Broadway suite 1700
New York, New York 10007
Tel (212) 619-2457
Fax (212) 285-0531
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                           Civ. Case No. 05-8501((KMK)(JCF)

JODY CONCEPCION,

                    Plaintiff

         -against-

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, "JANE and JOHN DOES" 1-15,
and the REPUBLICAN NATIONAL COMMITTEE,

                    Defendants
----------------------------------------------------------------x

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS PURSUANT TO RULES 37, 34, and 26 AND LOCAL RULE 33

Plaintiff JODY CONCEPCION hereby moves to compel production of  certain documents, as named below,  pursuant to Rules  37, 34, and 26,  and Local Rule 33:

1) The "City  Agreement for the 2004 Republican National Convention" dated January 31, 2003; and

2) The "Site City Agreement" (or "City Site Agreement")  by and among the Host Committee, the RNC, and the Committee on Arrangements for the 2004 Republican National Convention and for sanctions pursuant to Rule 37(4).

1

## PRELIMINARY STATEMENT

This action is brought by plaintiff for violation of her civil rights during the Republican National Convention by agents of the City of New York and for conspiracy to violate her civil rights by the Republican National Committee, and for false arrest, false imprisonment, assault, battery, malicious prosecution, and various other related claims. Plaintiff alleges a pattern of conduct on the part of the defendants to act, under color and pretense of law in denial of rights, privileges and immunities guaranteed by the Constitution of the United States, in order to unlawfully remove from the streets citizens who were protesting or believed to be protesting the policies of the Republican Party during the Republican National Convention.

This Motion to Compel Pursuant to Federal Rule 37 is made after good faith attempt to confer with Corporation Counsel in an effort to secure the information without court action, and after two court conferences in which the matter was addressed with the Court.

## II  FACTUAL BACKGROUND

### 1. The Parties

Plaintiff, JODY CONCEPCION, was leaving her doctor's office in the Union Square area on the afternoon of August 31, 2004. She happened upon a group of musicians and people in costume and, as an amateur photographer, took some photos of the event, when she was arrested without cause or justification by officers of the New York City Police Department  Plaintiff was removed to Pier 57 and held for approximately 48 hours, under brutal conditions.

The defendant Republican National Committee was sued for conspiring with the City of New York to violate plaintiff's civil rights. David Norcross, the Chairman of the Committee on Arrangements for the 2004 Republican National Committee made public admissions about working closely with the New York City Police Department on security for the Convention for the year prior thereto.

On information and belief, the City of New York acted as an agent of and/or in collaboration with the Republican National Committee to ensure that visible protest was

2

kept to a minimum and that protesters or alleged protesters were removed from the streets of New York for the duration of the convention from August 31 through September 2, 2004.

### III. DISCLOSURE DEMANDS

Plaintiff signed a Case Management Order which did not waive rights to preliminary disclosure pursuant to Rule 26(a).

Responses to the Rule 26(a) were served by then counsel for the Republican National Committee, Jeff Buley, Esq., on or about December 2, 2005. Attached hereto is a copy of Mr. Buley's sworn Rule 26(a) Disclosures. Paragraph D of the Disclosures cites the "City Agreement for the 2004 Republican National Convention" as and for insurance agreements. (Wohlforth decl. Exhibit A).

On December 5, 2005, plaintiff's counsel was served with a substitution of counsel notice by Corporation Counsel, now representing both the Republican National Committee and the City of New York. On or about December 6, 2005, plaintiff's counsel was served with an "Amended Rule 26(a) Disclosures" on behalf of all defendants which eliminated any reference to the "City Agreement for the 2004 Republican National Convention." (Wohlforth decl. Exhibit B).

On or about December 21, 2005, counsel for plaintiff served Corporation Counsel on behalf of all defendants, a set of interrogatory and document demands pursuant to Rule 26, 33 and 34 of the F.R.C.P and Local Rule 26.2, 26.3 and 33.3. (Wohlforth decl. Exhibit C), requesting, specifically the "City Agreement for the 2004 Republican National Convention" previously identified by defendant RNC.

On or about January 20, 2006, counsel for defendants served a Response and Objections to Plaintiff's First Set of Interrogatories and Document Demands to Defendants. In this Response to the Document Request No. 2, the request for the document referenced as the "City Agreement for the Republican National Convention" identified by the RNC on December 2, 2005, Corporation Counsel avers as follows:

> Defendants reiterate and incorporate their General Objections. Defendants further object to this Request on the grounds that it is vague, ambiguous, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence, it calls for information outside the scope relevant to the Incident, and it calls for information that is privileged and protected from disclosure.
(Wohlforth decl. Exhibit D)

Pursuant to Local Civil Rule 33.1, whenever a party answers any interrogatory by reference to records from which the answer may be derived or ascertained as permitted in Federal Rule of Civil Procedure 33(d);  (d) Unless otherwise ordered by the court, the documents shall be made available for inspection and copying within ten days after service of the answers to interrogatories or at a date agreed upon by the parties.

Although Corporation Counsel attempted to withdraw the information given to plaintiff in the Rule 26 Disclosures submitted on December 2, 2005 by attorney Jeffrey Buley for the Republican National Committee ("RNC"), the submission was a sworn statement on behalf of then counsel for defendant RNC, and stands as a sworn disclosure of a document in the possession of, at the least, defendant RNC.

In addition, Local Civil Rule 33.3 states as follows:

> (a) Unless otherwise ordered by the court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence or information of a similar nature.

Plaintiff has brought an action for violation of civil rights, and for conspiracy between the defendants to violate her civil rights. Agreements between the defendants, or between entities set up by defendants to act on their behalf, such as the "Host Committee" set up by the City of New York, and "The Committee on Arrangements" set up by the RNC, for the 2004 Republican National Convention, are relevant to, and go to the heart of, plaintiff's claims that the defendants colluded to suppress peaceful demonstrations of protest during the convention. On information and belief, the City Agreement for the 2004 Republican National Convention dated January 31,2003 was signed by  Mayor Bloomberg on behalf of the City of New York, Kenneth A. Gross, Director or the New York City Host Committee 2004, and approved as to form by Acting Corporation Counsel. In fact, Corporation Counsel has produced the agreements between

the City of New York and another defendant in other cases, the Hudson River Park Trust, for the use of Pier 57 during the convention.

The agreements between the RNC and the City of New York, or between the entities set up for the convention to act for them, or agreements which benefit the RNC as a third party beneficiary, particularly as they bear on the issue of security, crowd control, handling of protests and indemnification for wrongdoing are clearly relevant to the case at bar, reasonably calculated to lead to the discovery of admissible evidence, and should be produced. Defendants' "boilerplate" objections to the Demand for Document Request Number 2 which merely recite generalized objections are subject to being summarily overruled. (Derrick Hamilton v. Bernard B. Kerik, et al, 2002 U.S. Dist. LEXIS 24194; William Dew v. 39th St. Realty et al. , 2001 U.S. Dist. LEXIS 4631).

Defendants further state that this contract, on information and belief, signed by the Mayor of New York and the Host Committee, and approved as to form by the Corporation Counsel, is "subject to a privilege and protected from disclosure." Any contract or agreement signed by a public agency involving the expenditure of public monies or public services, whether directly or by "indemnification" is subject to public scrutiny. (Public Officers Law Section 86-87 [Freedom of Information Law] ). Certainly, even if defendants were attempting to claim some kind of privilege with respect to security issues in this instance, the fact that almost two years has now passed since the event in question undermines the legitimacy of that argument. The party asserting the existence of a privilege and resisting discovery has the burden of establishing the existence of the privilege. Blanket assertions of privilege are insufficient to satisfy this burden. (see Fed. R. Civ. P. 26(b)(5); A.I.A. Holdings, S.A. v. Lehman Bros., 2002 U.S. Dist. LEXIS 20109 (D. N.Y., October 18, 2002); Burns v. Imagine Films Entertainment, 164 F.R.D. 589, 1996 U.S. Dist. Lexis 2105 (D.N.Y. February 16, 1996). Local Civil Rule 26.2(c) commands, inter alia, that when documents sought in a request made pursuant to Fed R. Civ. P. 34 are withheld on the ground of privilege, the index required by Local Civil Rule 26.2(a)(2)(A) shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court. It would be clear to all attorneys that the Federal Rules of Civil Procedure and the Local Civil Rules are not starting points for a discussion concerning the handling of privileged documents nor

are they merely suggested practice guidelines that attorneys are free to disregard. ( FG
Hemisphere Assocs. V. Du Congo,  U.S. Dist. LEXIS 3523 ( S. D.N.Y., March 7, 2005).
The documents requested do not appear on any privilege log submitted thus far by
defendants.


SITE CITY AGREEMENT

        In addition to the above referenced document, there exists, on information and
belief, and confirmed in discussion with Assistant Corporation Counsel, Jeff Dougherty,
a document known as the "Site City Agreement for the 2004 Republican National
Convention" (possibly also known as the "City Site Agreement").  On information and
belief, this document, also dated January 31, 2003,  contains information regarding
security arrangements for the Convention, and was signed by the Host Committee, the
RNC, and the Committee on Arrangements for the 2004 National Convention.
Corporation Counsel which now purports to represent the RNC, should produce any
contracts or agreements relevant to the security arrangements for demonstrations, and
specifically, this contract as well. Security arrangements and understandings between the
City and the RNC, or their agents, are also at the heart of this lawsuit, as it appears that
the country's largest police force was converted during the period of the Republican
National Convention to a private security force for the benefit of the RNC and the
delegates to its private political gathering.  If the City of New York was not actually a
signatory to that agreement  but the RNC is,  Corporation Counsel is still obligated to
proffer the agreement as counsel for the RNC.   An agreement which may not have
negative legal implications for the defendant RNC may present legal issues for the
defendant City of  New York. The question of a conflict of interest is not specifically
raised in the context of this motion, but is obviously relevant, if Corporation Counsel is
refusing to proffer documents on behalf of one client because of its obligation to protect
the other client.


**IV THE INDEMNIFICATION ISSUE**

Plaintiff has brought suit against two separate entities. The defendant RNC is a
private entity which may or may not be insured. The defendant City of New York is a

municipal corporation which is self-insured. Defendant City of New York claims that it indemnifies the private entity, RNC. Counsel for defendant City of New York maintains that it is sufficient that they warrant to plaintiff that they are indemnifying in this situation without further production of documentation. Plaintiff is entitled to verify any purported indemnification for damages and legal representation. Even if it were proper for the City of New York to indemnify a private entity for negligence, there is still a question as to whether the indemnification of the RNC covers intentional tort and the provision services of Corporation Counsel in this case. It is unusual for any insurer to cover willful misconduct. There can be no dispute that insurance agreements are discoverable <u>Fed.R.Civ. P. 26(a)(1)(d)</u> and that the party seeking the issuance of a protective order bears the burden of demonstrating "good cause" ( <u>Twentieth Century Fox Film Corporation, v. Marvel Entertainment Group, Inc., et al</u> 2002 U.S. Dist. LEXIS 19359, S.D.N.Y. October 7, 2002).

Moreover, any improper agreements between defendant City of New York and defendant RNC go to the very gravamen of plaintiff's complaint, the issue of a conspiracy or collusion between the defendants with respect to the violation of civil rights of protesters or those believed to be protesters during the Republican National Convention in New York City.

The issue of the propriety of representation of the RNC by Corporation Counsel also goes to the issue of collusion or conspiracy. On its face, legal representation of any private entity by public counsel is a violation of the <u>City Charter Section 2604 (6)(b)(6):</u>

> No public servant shall, for compensation, represent private interests before any city agency or appear directly or indirectly on behalf of private interests or appear directly or indirectly on behalf of private interests in matters involving the city.

Furthermore, the <u>Constitution of the State of New York, Article VIII</u>, prohibits a gift or loan of money or property by a county, city, town village or school district to or in aid of any individual, or private corporation of association. Legal services of public counsel would constitute "property" under this article. An indemnification does not legalize an act which is prohibited by law.

If Corporation Counsel has an agreement for representation of private entity RNC in this matter, plaintiff herein and under these circumstances clearly has standing to

examine whether the representation of both defendants is legitimate, both with respect to the prohibitions of law and with respect to the issue of indemnification for intentional tort.

The legitimacy of the purported indemnification both with respect to legal representation and with respect to financial indemnification for damages is directly relevant to the plaintiff's interests. Additionally, illegal or improper indemnification agreements bear directly on the issue of whether officials of the City of New York were ready and willing to contravene well-established legal standards in order to reap the perceived benefits, economic and otherwise, of hosting the RNC.

Moreover, if provisions of the agreement are in fact, illegal, it goes directly to the issue of the collusion between the RNC and the City of New York before the convention in anticipation of civil suits for tortious conduct by the City of New York after the convention. Plaintiff is entitled to see the exact terms of this agreement, and it is not sufficient for the City merely to stipulate that it is indemnifying the RNC. For these reasons, the defendants' efforts to suppress the agreements between the City and the RNC, or agreements for the benefit of the RNC, cannot withstand scrutiny.

Rule 26 should be liberally construed. Thus "any matter, not privileged, which is relevant to the claim or defense of any party" must be produced. Rule 26(b)(1), Fed.R. Civ. P. Any reliance on a special status accorded to insurance policies is misplaced. First, while evidence of the existence of insurance is generally not subject to proof at trial on the issue of liability, Federal [*14] Rule of Evidence 411, such evidence may be admitted for other purposes "such as proof of agency, ownership, or control, or bias, or prejudice of a witness." Bank Brussels Lambert, et al., v. The Chase Manhattan Bank, N.A. et al, (S..D.N.Y. 1996 U.S. Dist. LEXIS 13114).

### V. CONCLUSION

Based on the foregoing, the Motion to Compel production of the specific documents requested should be granted, together with sanctions pursuant to Rule 37 (4).

New York, New York
March 23,  2006

Respectfully submitted,

Karen Wohlforth (KD0235)
Zelda E. Stewart (ZES8375)
299 Broadway suite 1700
New York, New York 10007
tel (212) 619-2457
fax (212) 285-0531

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I certify that on March 22, 2006, I personally caused to be served by personal in-hand delivery true copies of the attached NOTICE OF MOTION, together with true copies of the supporting **DECLARATION OF KAREN WOHLFORTH** and **MEMORANDUM OF LAW**, upon:

> Asst. Corp. Counsel Jeffrey Dougherty, Esq.
> Offices of Corporation Counsel
> 100 Church Street
> New York, New York 10007

> *Attorney for Defendant*

> (by hand)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------x
```
                                    Civ. Case No. 05-8501((KMK)(JCF)

JODY CONCEPCION,

                    Plaintiff

                                    ECF Case

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, "JANE and JOHN DOES" 1-15,
and the REPUBLICAN NATIONAL COMMITTEE,

                    Defendants
```
-----------------------------------------------------------x
```

**DECLARATION OF KAREN WOHLFORTH IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS UNDER FRCP
RULES 37, 34,AND 26 and LOCAL CIVIL RULE 33**

KAREN WOHLFORTH, having been fully apprised of the penalties of perjury, declares

and states that the following statements made of her own knowledge are true and that

statements made on information and belief, and opinions, she believes to be true:

1. I am one of the attorneys representing the Plaintiff inthis action.

2. I submit this Declaration in support of Plaintiff's Motion to Compel Production of

Documents and for Sanctions pursuant to Rule 37 (4).

3. Attached as Exhibit A is a true and correct copy of the Defendants' Rule 26(a)

Disclosures submitted by former attorney for defendant Republican National Committee,

Jeffrey T. Buley, dated December 2, 2005..

4. Attached as Exhibit B is a true and correct copy of the Defendant's Amended Rule

26(a) Disclosures submitted by Corporation Counsel for defendants City of New York,

Alexis Fernandez and the Republican National Committee, by their attorney Michael A.

Cardozo, Corporation Counsel for the City of New York, dated December 6, 2005..

5. Attached as <u>Exhibit C</u> is a true and correct copy of the Plaintiff's First Set of Interrogatory and Documentary Demands dated December 21, 2005.

6 Attached as <u>Exhibit D</u> is a true and correct copy of the Defendants' Responses and Objections to Plaintiff's Preliminary Requests for Production of Documents, dated December 30, 2005.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

New York, New York
March 22, 2006

KAREN WOHLFORTH

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------

JODY CONCEPCION,

           Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER ALEXIS
FERNANDEZ, "JANE and JOHN DOES" 1-15, and the
REPUBLICAN NATIONAL COMMITTEE,

           Defendants.

------------------------------------------------------------------------------

<u>DEFENDANTS' RULE 26(a)</u>
<u>DISCLOSURES</u>

<u>05 CV 8501 (KMK) (JCF)</u>

       Defendant Republican National Committee, by its attorney, Jeffrey T. Buley,

Esq.,pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, hereby submit their

initial disclosures as follows:

        A.    <u>Individuals Likely to Have Discoverable Information:</u>

           None at this time.

        B.    <u>Copies of Relevant Documents:</u>

           None at this time.

        C.    <u>Computation of Damages:</u>

           N/A.

        D.    <u>Insurance Agreements:</u>

           City Agreement for the 2004 Republican National Convention.

       Defendant reserves the right to amend and/or supplement these disclosures.

Dated: Albany, New York
      December 2, 2005

                                      Jeffrey T. Buley, Esq.
                                        Attorney for Defendant
                                      Republican National Committee
                                        27 Elk Street
                                        Albany, New York 12207
                                        (518)432-9563

                                    By:      _____/s/_____
                                             Jeffrey T. Buley

<u>BY E-MAIL TO:</u>

Leslie Lewis, Esq.
299 Broadway, 17th Flr
New York, New York 10007
Attorney for Plaintiff

Jeffrey A. Dougherty
100 Church Street, Rm 3-211
New York, New York 10007
Attorney for Defendants

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x

JODY CONCEPCION,

                              Plaintiff,

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER ALEXIS
FERNANDEZ, "JANE and JOHN DOES" 1-15, and the
REPUBLICAN NATIONAL COMMITTEE,

                                   Defendants.

--------------------------------------------------------------------- x

**DEFENDANTS' AMENDED
RULE 26(a) DISCLOSURES**

**05 CV 8501 (KMK) (JCF)**

       Defendants the City of New York, Alexis Fernandez and the Republican National

Committee (collectively "Defendants"), by their attorney, Michael A. Cardozo, Corporation

Counsel for the City of New York, pursuant to Rule 26(a) of the Federal Rules of Civil

Procedure, hereby submit their initial disclosures as follows:

      A.    **Individuals Likely To Have Discoverable Information**:

          1)    Police Officer Alexis Fernandez
                 c/o Jeffrey A. Dougherty, Esq.
                 Assistant Corporation Counsel
                 New York City Law Department
                 Special Federal Litigation Division
                 100 Church Street
                 New York, New York 10007
                 212-788-8342

             Officer Fernandez was Plaintiff Jody Concepcion's ("Plaintiff") arresting

officer on August 31, 2004 and has information about that arrest.

3)    Inspector Thomas P. Galati
      c/o Jeffrey A. Dougherty, Esq.
      Assistant Corporation Counsel
      New York City Law Department
      Special Federal Litigation Division
      100 Church Street
      New York, New York 10007
      212-788-8342

      Inspector Galati may have information about the circumstances and/or

events surrounding Plaintiff's arrest on August 31, 2004.


4)    Inspector James Essig
      c/o Jeffrey A. Dougherty, Esq.
      Assistant Corporation Counsel
      New York City Law Department
      Special Federal Litigation Division
      100 Church Street
      New York, New York 10007
      212-788-8342

      Inspector Essig may have information about the circumstances and/or

events surrounding Plaintiff's arrest on August 31, 2004.


5)    Inspector Gerald Deickman
      c/o Jeffrey A. Dougherty, Esq.
      Assistant Corporation Counsel
      New York City Law Department
      Special Federal Litigation Division
      100 Church Street
      New York, New York 10007
      212-788-8342

      Inspector Deickmann may have information about the circumstances

and/or events surrounding Plaintiff's arrest on August 31, 2004.

6)    Deputy Chief Terence Monahan
c/o Jeffrey A. Dougherty, Esq.
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007
212-788-8342

Deputy Chief Monahan may have information about the circumstances

and/or events surrounding Plaintiff's arrest on August 31, 2004.


7)    Deputy Commissioner John Colgan
c/o Jeffrey A. Dougherty, Esq.
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007
212-788-8342

Deputy Commissioner Colgan may have information about Pier 57.

8)    Chief of Patrol Nicholas Estavillo
c/o Jeffrey A. Dougherty, Esq.
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007
212-788-8342

Chief Estavillo may have information about planning for the Republican National

Convention ("RNC").

9)    Chief of Department Joseph Esposito
c/o Jeffrey A. Dougherty, Esq.
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007
212-788-8342

Chief Esposito may have information about planning for the RNC.

10)    Plaintiff Jody Concepcion
c/o Leslie Lewis, Esq.
299 Broadway, 17th Floor
New York, New York 10007

Plaintiff has information about her arrest, her confinement and her alleged injuries and/or damages.

B.    **Copies of Relevant Documents**:  Documents (Bates Nos. CON (D) 7001-10,766) were produced on November 22, 2005.

C.    **Computation of Damages**:  N/A.

D.    **Insurance Agreements**:    N/A.

Defendants reserve the right to amend and/or supplement these disclosures.

Dated: New York, New York
December 6, 2005

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street, Room 3-211
New York, New York 10007
(212) 788-8683

By:    Jeffrey A. Dougherty

Jeffrey A. Dougherty (JD 5224)
Assistant Corporation Counsel

**BY HAND DELIVERY TO**:

Leslie Lewis, Esq.
299 Broadway, 17th Floor
New York, New York 10007
*Attorney for Plaintiff*

5

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
JODY CONCEPCION,

                Plaintiff,           **PLAINTIFF'S FIRST**
                                              **SET OF INTERROGATORY**
        -versus-               **AND DOCUMENT DEMANDS**
                                              **TO DEFENDANTS**

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, Shield #29781,
"JANE and JOHN DOES" 1-15,              **05 CV 8501(KMK)(JCF)**
and the REPUBLICAN NATIONAL COMMITTEE,

                Defendants.
---------------------------------------x

      Pursuant to Rules 26, 33 and 34 of the Federal Rules

of Civil Procedure and Local Civil Rules 26.2, 26.3 and

33.3 of this Court, Plaintiff JODY CONCEPCION hereby

requests that Defendants THE CITY OF NEW YORK, POLICE

OFFICER ALEXI FERNANDEZ and the REPUBLICAN NATIONAL

COMMITTEE (collectively "Defendants") serve upon the

undersigned sworn written answers to each of the

interrogatories set forth below and produce for inspection

and copying the documents requested below at the offices of

Karen Wohlforth at 299 Broadway, 17th Floor, New York, New

York 10007, within thirty (30) days hereof.

**INTERROGATORIES**

      1. Identify the names, addresses and telephone numbers

of witnesses with knowledge of information relevant to the

subject matter of this action, including each individual

likely to have discoverable information that defendant

REPUBLICAN NATIONAL COMMITTEE may use to support its defenses, unless solely for impeachment, identifying the subjects of the information.

2. Identify the existence, custodian, location and general description of documents, data compilations and tangible things relevant to this action exclusive of documents (Bates Nos. CON(D) 7001-10,766) produced on November 22, 2005.

3. Identify any and all insurance agreements indicating that an insurer will satisfy all or part of a potential judgment in this action, including names and addresses of insurance companies, policy numbers and liability limits.

## DOCUMENT REQUESTS

1. Produce for inspection and copying any and all insurance agreements under which any insurer may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

2. Produce the document referenced as the "City Agreement for the 2004 Republican National Convention" by the defendant REPUBLICAN NATIONAL COMMITTEE by its Rule 26(a)(1)(D) initial disclosures signed and served upon plaintiff by Jeffrey T. Buley on December 2, 2005.

THIS IS A FIRST SET OF DEMANDS. PLAINTIFF RESERVES ALL
RIGHTS TO SUPPLEMENT THESE DEMANDS.

Dated: New York, New York
       December 21, 2005

                              Leslie Lewis, Esq.
                              Zelda Stewart, Esq.
                              Karen Wohlforth, Esq.
                              Attorneys for Plaintiff
                              299 Broadway, 17th Floor
                              New York, New York 10007
                              (646)267-2172/(212)267-2889/
                              (212) 619-2457


                         By: _____/s/_____
                             Karen Wohlforth


TO:   Jeffrey A. Dougherty
      Assistant Corporation Counsel
      Attorney for Defendants
      100 Church Street, Room 3-211
      New York, New York 10007
      (212) 788-8683

**EXHIBIT D**



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x

JODY CONCEPCION,

           Plaintiff,

       -against-

THE CITY OF NEW YORK, et al.

           Defendants.

-------------------------------------------------------- x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES
AND DOCUMENT
DEMANDS TO
DEFENDANTS**

05-CV-8501 (KMK)(JCF)

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendants the City of New York ("City"), Police Officer Alexis Fernandez ("Fernandez") and the Republican National Committee ("Committee") (collectively "Defendants") respond and object to Plaintiff Jody Concepcion's ("Plaintiff") Initial Discovery Requests ("Requests") as follows.

## GENERAL OBJECTIONS

1.   By responding to any request, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.   Defendants object to Plaintiff's Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, work product immunity and/or materials prepared for litigation purposes, the law enforcement privilege, the official

information privilege, the deliberative process privilege, or any other applicable privilege, immunity or exemption.

    3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

    4. Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

    5. Defendants object in the entirety to Plaintiff's Requests to the extent that they seek the home address of individuals identified by the Defendants in response to the Interrogatories.

    6. With respect to the request for the production of documents, Defendants may have already provided responsive documents, additional documents may be produced under separate cover along with a privilege index (if applicable).

    7. Defendants expressly reserve the right to supplement their responses, if necessary, at any time up to and including trial of this action or any subsequent proceeding. Defendants are continuing to search for information responsive to Plaintiff's Requests and therefore reserve the right to supplement their responses and objections to each request with additional information, if and when such information becomes available to Defendants' counsel.

8. Defendants continuously object in the entirety to any request for documents or information concerning the New York City Police Department (the "NYPD") that is not relevant to the subject matter of this lawsuit.

9. Defendants object to Plaintiff's Requests to the extent that they seek information that is protected by New York Criminal Procedure Law § 160.50 and concerns individuals other than the named Plaintiff in this action.

10. Defendants object to Plaintiff's Requests to the extent that they seek private, confidential or other sensitive information, and object to the production of any such materials or information before entry of an appropriate protective order explicitly protecting those materials.

11. Defendants object to Plaintiff's Requests to the extent that they seek information related to protests, arrests or detention facilities other than those protests, arrests or detention facilities at issue in this action.

12. Defendants object to Plaintiff's Requests to the extent that they seek the reproduction of videotapes at Defendants' cost. Defendants have made, and continue to make, responsive videotapes available to Plaintiff for inspection at a mutually agreeable time in accordance with Rule 34 of the Federal Rules of Civil Procedure.

13. Defendants object to Plaintiff's Requests to the extent that they seek information other than that in the possession, custody or control of Defendants and to the extent that they seek information that is publicly available or equally available to Plaintiff from other sources.

14. Defendants object to Plaintiff's Requests to the extent that they seek to impose obligations upon Defendants beyond those contemplated by the Federal Rules of Civil Procedure, the Local Rules of the Southern District or other applicable law.

## INTERROGATORIES

## INTERROGATORY NO. 1:

*Identify the names, addresses and telephone numbers of witnesses with knowledge of information relevant to the subject matter of this action, including each individual likely to have discoverable information that defendant REPUBLICAN NATIONAL COMMITTEE may use to support its defenses, unless solely for impeachment, identifying the subject matters of the information.*

## RESPONSE TO INTERROGATORY NO. 1:

Defendants reiterate and incorporate their General Objections. Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, fails to describe the information sought with reasonable particularity, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, it calls for information outside the scope relevant to the incident alleged to have occurred on August 31, 2004 and detailed in Plaintiff's Amended Complaint (the "Incident"), it calls for information that is privileged and protected from disclosure, and is improper under Local Rule 33.3.

Subject to and without waiving any of the foregoing objections, Defendants refer Plaintiff to Defendants' Amended Rule 26(a) Disclosures. Additionally, NYPD Assistant Chief Jack MacManus, William Harris, the Committee's Chairman for the Republican National Convention and David Norcross, Chairman of the Committee on Arrangements may have information relevant to the subject matter of this action.

## INTERROGATORY NO. 2:

Identify the existence, custodian, location and general description of documents, data compilations and tangible things relevant to this action exclusive of documents (Bates Nos. CON(D) 7,001-10,766) produced on November 22, 2005.

## RESPONSE TO INTERROGATORY NO. 2:

Defendants reiterate and incorporate their General Objections. Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, fails to describe the information sought with reasonable particularity, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, it calls for information outside the scope relevant to the Incident, and it calls for information that is privileged and protected from disclosure.

Subject to and without waiving any of the foregoing objections, Defendants refer Plaintiff to documents produced on December 30, 2005 and the accompanying document index. Defendants will make additional responsive documents, if any, available to Plaintiff.

## INTERROGATORY NO. 3:

Identify any and all insurance agreements indicating an insurer will satisfy all or part of a potential judgment in this action, including names and addresses of insurance companies, policy numbers and liability limits.

## RESPONSE TO INTERROGATORY NO. 3:

Defendants reiterate and incorporate their General Objections. Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, fails to describe the information sought with reasonable particularity, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence, it calls for information outside the scope relevant to the Incident, it calls for information that is privileged and protected from disclosure, and it assumes facts that have not been established.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

*Produce for inspection and copying any and all insurance agreements under which an insurer may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants reiterate and incorporate their General Objections. Defendants further object to this Request on the grounds that it is vague, ambiguous, fails to describe the information sought with reasonable particularity, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, it calls for information outside the scope relevant to the Incident, it calls for information that is privileged and protected from disclosure, and it assumes facts that have not been established.

### DOCUMENT REQUEST NO. 2:

*Produce all the document referenced as the "City Agreement for the Republican National Convention" by defendant REPUBLICAN NATIONAL COMMITTEE by its Rule 26(a)(1)(D) initial disclosures signed and served upon plaintiff by Jeffery T. Buley on December 2, 2005.*

### RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants reiterate and incorporate their General Objections. Defendants further object to this Request on the grounds that it is vague, ambiguous, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence, it calls for information outside the scope relevant to the

Incident, and it calls for information that is privileged and protected from disclosure.


Dated:          New York, New York
                January 20, 2006

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 3-135
                                    New York, New York 10007
                                    (212) 788-8342


                              By:    _Jeffrey A. Dougherty_____
                                    JEFFREY A. DOUGHERTY
                                    Special Assistant Corporation Counsel


TO:     Leslie Lewis, Esq.
        Zelda Stewart, Esq.
        Karen Wohlforth, Esq.
        Attorneys for Plaintiff
        299 Broadway, 17th Floor
        New York, New York 10007