KAREN WOHLFORTH (KD0235)
ZELDA STEWART (ZES8375)
299 Broadway suite 1700
New York, New York 10007
Tel (212) 619-2457
Fax (212) 285-0531
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                    Civ. Case No. 05-8501((KMK)(JCF)

JODY CONCEPCION,

                   Plaintiff

       -against-

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, "JANE and JOHN DOES" 1-15,
and the REPUBLICAN NATIONAL COMMITTEE,

                 Defendants
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS
PURSUANT TO RULES 37, 34, and 26 AND LOCAL RULE 33**

    Plaintiff JODY CONCEPCION hereby moves to compel production of certain documents, as named below, pursuant to Rules 37, 34, and 26, and Local Rule 33:

1) The "City Agreement for the 2004 Republican National Convention" dated January 31, 2003; and

2) The "Site City Agreement" (or "City Site Agreement") by and among the Host Committee, the RNC, and the Committee on Arrangements for the 2004 Republican National Convention and for sanctions pursuant to Rule 37(4).

1

## PRELIMINARY STATEMENT

This action is brought by plaintiff for violation of her civil rights during the Republican National Convention by agents of the City of New York and for conspiracy to violate her civil rights by the Republican National Committee, and for false arrest, false imprisonment, assault, battery, malicious prosecution, and various other related claims. Plaintiff alleges a pattern of conduct on the part of the defendants to act, under color and pretense of law in denial of rights, privileges and immunities guaranteed by the Constitution of the United States, in order to unlawfully remove from the streets citizens who were protesting or believed to be protesting the policies of the Republican Party during the Republican National Convention.

This Motion to Compel Pursuant to Federal Rule 37 is made after good faith attempt to confer with Corporation Counsel in an effort to secure the information without court action, and after two court conferences in which the matter was addressed with the Court.

## II  FACTUAL BACKGROUND

1. The Parties

Plaintiff, JODY CONCEPCION, was leaving her doctor's office in the Union Square area on the afternoon of August 31, 2004. She happened upon a group of musicians and people in costume and, as an amateur photographer, took some photos of the event, when she was arrested without cause or justification by officers of the New York City Police Department  Plaintiff was removed to Pier 57 and held for approximately 48 hours, under brutal conditions.

The defendant Republican National Committee was sued for conspiring with the City of New York to violate plaintiff's civil rights. David Norcross, the Chairman of the Committee on Arrangements for the 2004 Republican National Committee made public admissions about working closely with the New York City Police Department on security for the Convention for the year prior thereto.

On information and belief, the City of New York acted as an agent of and/or in collaboration with the Republican National Committee to ensure that visible protest was

kept to a minimum and that protesters or alleged protesters were removed from the streets of New York for the duration of the convention from August 31 through September 2, 2004.

### III. DISCLOSURE DEMANDS

Plaintiff signed a Case Management Order which did not waive rights to preliminary disclosure pursuant to Rule 26(a).

Responses to the Rule 26(a) were served by then counsel for the Republican National Committee, Jeff Buley, Esq., on or about December 2, 2005. Attached hereto is a copy of Mr. Buley's sworn Rule 26(a) Disclosures. Paragraph D of the Disclosures cites the "City Agreement for the 2004 Republican National Convention" as and for insurance agreements. (Wohlforth decl. Exhibit A).

On December 5, 2005, plaintiff's counsel was served with a substitution of counsel notice by Corporation Counsel, now representing both the Republican National Committee and the City of New York. On or about December 6, 2005, plaintiff's counsel was served with an "Amended Rule 26(a) Disclosures" on behalf of all defendants which eliminated any reference to the "City Agreement for the 2004 Republican National Convention." (Wohlforth decl. Exhibit B).

On or about December 21, 2005, counsel for plaintiff served Corporation Counsel on behalf of all defendants, a set of interrogatory and document demands pursuant to Rule 26, 33 and 34 of the F.R.C.P and Local Rule 26.2, 26.3 and 33.3. (Wohlforth decl. Exhibit C), requesting, specifically the "City Agreement for the 2004 Republican National Convention" previously identified by defendant RNC.
On or about January 20, 2006, counsel for defendants served a Response and Objections to Plaintiff's First Set of Interrogatories and Document Demands to Defendants. In this Response to the Document Request No. 2, the request for the document referenced as the "City Agreement for the Republican National Convention" identified by the RNC on December 2, 2005, Corporation Counsel avers as follows:

> Defendants reiterate and incorporate their General Objections. Defendants further object to this Request on the grounds that it is vague, ambiguous, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible

3

evidence, it calls for information outside the scope relevant to the Incident, and it calls for information that is privileged and protected from disclosure.
(Wohlforth decl. Exhibit D)

Pursuant to Local Civil Rule 33.1, whenever a party answers any interrogatory by reference to records from which the answer may be derived or ascertained as permitted in Federal Rule of Civil Procedure 33(d); (d) Unless otherwise ordered by the court, the documents shall be made available for inspection and copying within ten days after service of the answers to interrogatories or at a date agreed upon by the parties.

Although Corporation Counsel attempted to withdraw the information given to plaintiff in the Rule 26 Disclosures submitted on December 2, 2005 by attorney Jeffrey Buley for the Republican National Committee ("RNC"), the submission was a sworn statement on behalf of then counsel for defendant RNC, and stands as a sworn disclosure of a document in the possession of, at the least, defendant RNC.

In addition, Local Civil Rule 33.3 states as follows:

(a) Unless otherwise ordered by the court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence or information of a similar nature.

Plaintiff has brought an action for violation of civil rights, and for conspiracy between the defendants to violate her civil rights. Agreements between the defendants, or between entities set up by defendants to act on their behalf, such as the "Host Committee" set up by the City of New York, and "The Committee on Arrangements" set up by the RNC, for the 2004 Republican National Convention, are relevant to, and go to the heart of, plaintiff's claims that the defendants colluded to suppress peaceful demonstrations of protest during the convention. On information and belief, the City Agreement for the 2004 Republican National Convention dated January 31, 2003 was signed by Mayor Bloomberg on behalf of the City of New York, Kenneth A. Gross, Director or the New York City Host Committee 2004, and approved as to form by Acting Corporation Counsel. In fact, Corporation Counsel has produced the agreements between

4

the City of New York and another defendant in other cases, the Hudson River Park Trust, for the use of Pier 57 during the convention.

The agreements between the RNC and the City of New York, or between the entities set up for the convention to act for them, or agreements which benefit the RNC as a third party beneficiary, particularly as they bear on the issue of security, crowd control, handling of protests and indemnification for wrongdoing are clearly relevant to the case at bar, reasonably calculated to lead to the discovery of admissible evidence, and should be produced. Defendants' "boilerplate" objections to the Demand for Document Request Number 2 which merely recite generalized objections are subject to being summarily overruled. (Derrick Hamilton v. Bernard B. Kerik, et al, 2002 U.S. Dist. LEXIS 24194; William Dew v. 39th St. Realty et al., 2001 U.S. Dist. LEXIS 4631).

Defendants further state that this contract, on information and belief, signed by the Mayor of New York and the Host Committee, and approved as to form by the Corporation Counsel, is "subject to a privilege and protected from disclosure." Any contract or agreement signed by a public agency involving the expenditure of public monies or public services, whether directly or by "indemnification" is subject to public scrutiny. (Public Officers Law Section 86-87 [Freedom of Information Law] ). Certainly, even if defendants were attempting to claim some kind of privilege with respect to security issues in this instance, the fact that almost two years has now passed since the event in question undermines the legitimacy of that argument. The party asserting the existence of a privilege and resisting discovery has the burden of establishing the existence of the privilege. Blanket assertions of privilege are insufficient to satisfy this burden. (see Fed. R. Civ. P. 26(b)(5); A.I.A. Holdings, S.A. v. Lehman Bros., 2002 U.S. Dist. LEXIS 20109 (D. N.Y., October 18, 2002); Burns v. Imagine Films Entertainment, 164 F.R.D. 589, 1996 U.S. Dist. Lexis 2105 (D.N.Y. February 16, 1996). Local Civil Rule 26.2(c) commands, inter alia, that when documents sought in a request made pursuant to Fed R. Civ. P. 34 are withheld on the ground of privilege, the index required by Local Civil Rule 26.2(a)(2)(A) shall be furnished in writing at the time of the response to such discovery or disclosure, unless otherwise ordered by the court. It would be clear to all attorneys that the Federal Rules of Civil Procedure and the Local Civil Rules are not starting points for a discussion concerning the handling of privileged documents nor

5

are they merely suggested practice guidelines that attorneys are free to disregard. ( <u>FG Hemisphere Assocs. V. Du Congo,</u> U.S. Dist. LEXIS 3523 ( S. D.N.Y., March 7, 2005). The documents requested do not appear on any privilege log submitted thus far by defendants.

### SITE CITY AGREEMENT

In addition to the above referenced document, there exists, on information and belief, and confirmed in discussion with Assistant Corporation Counsel, Jeff Dougherty, a document known as the "Site City Agreement for the 2004 Republican National Convention" (possibly also known as the "City Site Agreement"). On information and belief, this document, also dated January 31, 2003, contains information regarding security arrangements for the Convention, and was signed by the Host Committee, the RNC, and the Committee on Arrangements for the 2004 National Convention. Corporation Counsel which now purports to represent the RNC, should produce any contracts or agreements relevant to the security arrangements for demonstrations, and specifically, this contract as well. Security arrangements and understandings between the City and the RNC, or their agents, are also at the heart of this lawsuit, as it appears that the country's largest police force was converted during the period of the Republican National Convention to a private security force for the benefit of the RNC and the delegates to its private political gathering. If the City of New York was not actually a signatory to that agreement but the RNC is, Corporation Counsel is still obligated to proffer the agreement as counsel for the RNC. An agreement which may not have negative legal implications for the defendant RNC may present legal issues for the defendant City of New York. The question of a conflict of interest is not specifically raised in the context of this motion, but is obviously relevant, if Corporation Counsel is refusing to proffer documents on behalf of one client because of its obligation to protect the other client.

### IV THE INDEMNIFICATION ISSUE

Plaintiff has brought suit against two separate entities. The defendant RNC is a private entity which may or may not be insured. The defendant City of New York is a

municipal corporation which is self-insured. Defendant City of New York claims that it indemnifies the private entity, RNC. Counsel for defendant City of New York maintains that it is sufficient that they warrant to plaintiff that they are indemnifying in this situation without further production of documentation. Plaintiff is entitled to verify any purported indemnification for damages and legal representation. Even if it were proper for the City of New York to indemnify a private entity for negligence, there is still a question as to whether the indemnification of the RNC covers intentional tort and the provision services of Corporation Counsel in this case. It is unusual for any insurer to cover willful misconduct. There can be no dispute that insurance agreements are discoverable Fed.R.Civ. P. 26(a)(1)(d) and that the party seeking the issuance of a protective order bears the burden of demonstrating "good cause" ( Twentieth Century Fox Film Corporation, v. Marvel Entertainment Group, Inc., et al 2002 U.S. Dist. LEXIS 19359, S.D.N.Y. October 7, 2002).

Moreover, any improper agreements between defendant City of New York and defendant RNC go to the very gravamen of plaintiff's complaint, the issue of a conspiracy or collusion between the defendants with respect to the violation of civil rights of protesters or those believed to be protesters during the Republican National Convention in New York City.

The issue of the propriety of representation of the RNC by Corporation Counsel also goes to the issue of collusion or conspiracy. On its face, legal representation of any private entity by public counsel is a violation of the City Charter Section 2604 (6)(b)(6):

> No public servant shall, for compensation, represent private interests before any city agency or appear directly or indirectly on behalf of private interests or appear directly or indirectly on behalf of private interests in matters involving the city.

Furthermore, the Constitution of the State of New York, Article VIII, prohibits a gift or loan of money or property by a county, city, town village or school district to or in aid of any individual, or private corporation of association. Legal services of public counsel would constitute "property" under this article. An indemnification does not legalize an act which is prohibited by law.

If Corporation Counsel has an agreement for representation of private entity RNC in this matter, plaintiff herein and under these circumstances clearly has standing to

examine whether the representation of both defendants is legitimate, both with respect to the prohibitions of law and with respect to the issue of indemnification for intentional tort.

The legitimacy of the purported indemnification both with respect to legal representation and with respect to financial indemnification for damages is directly relevant to the plaintiff's interests. Additionally, illegal or improper indemnification agreements bear directly on the issue of whether officials of the City of New York were ready and willing to contravene well-established legal standards in order to reap the perceived benefits, economic and otherwise, of hosting the RNC.

Moreover, if provisions of the agreement are in fact, illegal, it goes directly to the issue of the collusion between the RNC and the City of New York before the convention in anticipation of civil suits for tortious conduct by the City of New York after the convention. Plaintiff is entitled to see the exact terms of this agreement, and it is not sufficient for the City merely to stipulate that it is indemnifying the RNC. For these reasons, the defendants' efforts to suppress the agreements between the City and the RNC, or agreements for the benefit of the RNC, cannot withstand scrutiny.

Rule 26 should be liberally construed. Thus "any matter, not privileged, which is relevant to the claim or defense of any party" must be produced. Rule 26(b)(1), Fed.R. Civ. P. Any reliance on a special status accorded to insurance policies is misplaced. First, while evidence of the existence of insurance is generally not subject to proof at trial on the issue of liability, Federal [*14] Rule of Evidence 411, such evidence may be admitted for other purposes "such as proof of agency, ownership, or control, or bias, or prejudice of a witness." Bank Brussels Lambert, et al., v. The Chase Manhattan Bank, N.A. et al, (S..D.N.Y. 1996 U.S. Dist. LEXIS 13114).

### V. CONCLUSION

Based on the foregoing, the Motion to Compel production of the specific documents requested should be granted, together with sanctions pursuant to Rule 37 (4).

8

New York, New York  
March 23, 2006

Respectfully submitted,

*[signature]*

Karen Wohlforth (KD0235)  
Zelda E. Stewart (ZES8375)  
299 Broadway suite 1700  
New York, New York 10007  
tel (212) 619-2457  
fax (212) 285-0531

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I certify that on March 22, 2006, I personally caused to be served by personal in-hand delivery true copies of the attached NOTICE OF MOTION, together with true copies of the supporting **DECLARATION OF KAREN WOHLFORTH** and **MEMORANDUM OF LAW**, upon:

> Asst. Corp. Counsel Jeffrey Dougherty, Esq.
> Offices of Corporation Counsel
> 100 Church Street
> New York, New York 10007
>
> *Attorney for Defendant*
>
> (by hand)