**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------

JODY CONCEPCION,

        Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER ALEXIS
FERNANDEZ, "JANE and JOHN DOES" 1-15, and the
REPUBLICAN NATIONAL COMMITTEE,

        Defendants.

-----------------------------------------------------------------------------

**DEFENDANTS' RULE 26(a)
DISCLOSURES**

<u>05 CV 8501 (KMK) (JCF)</u>

     Defendant Republican National Committee, by its attorney, Jeffrey T. Buley,

Esq.,pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, hereby submit their

initial disclosures as follows:

        A.     <u>Individuals Likely to Have Discoverable Information:</u>

              None at this time.

        B.     <u>Copies of Relevant Documents</u>:

              None at this time.

        C.     <u>Computation of Damages</u>:

              N/A.

        D.     <u>Insurance Agreements</u>:

              City Agreement for the 2004 Republican National Convention.

     Defendant reserves the right to amend and/or supplement these disclosures.

Dated: Albany, New York
      December 2, 2005

                            Jeffrey T. Buley, Esq.
                            Attorney for Defendant
                            Republican National Committee
                            27 Elk Street
                            Albany, New York 12207
                            (518)432-9563

                          By:              /s/
                                Jeffrey T. Buley

BY E-MAIL TO:

Leslie Lewis, Esq.
299 Broadway, 17th Flr
New York, New York 10007
Attorney for Plaintiff


Jeffrey A. Dougherty
100 Church Street, Rm 3-211
New York, New York 10007
Attorney for Defendants

**EXHIBIT B**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x

JODY CONCEPCION,

                                        **DEFENDANTS' AMENDED**
                        Plaintiff,      **RULE 26(a) DISCLOSURES**

                -against-

                                        **05 CV 8501 (KMK) (JCF)**

THE CITY OF NEW YORK, POLICE OFFICER ALEXIS
FERNANDEZ, "JANE and JOHN DOES" 1-15, and the
REPUBLICAN NATIONAL COMMITTEE,

                        Defendants.

--------------------------------------------------------------------- x

Defendants the City of New York, Alexis Fernandez and the Republican National

Committee (collectively "Defendants"), by their attorney, Michael A. Cardozo, Corporation

Counsel for the City of New York, pursuant to Rule 26(a) of the Federal Rules of Civil

Procedure, hereby submit their initial disclosures as follows:

   A.    **Individuals Likely To Have Discoverable Information**:

        1)    Police Officer Alexis Fernandez
              c/o Jeffrey A. Dougherty, Esq.
              Assistant Corporation Counsel
              New York City Law Department
              Special Federal Litigation Division
              100 Church Street
              New York, New York 10007
              212-788-8342

              Officer Fernandez was Plaintiff Jody Concepcion's ("Plaintiff") arresting

officer on August 31, 2004 and has information about that arrest.

3)      Inspector Thomas P. Galati
c/o Jeffrey A. Dougherty, Esq.
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007
212-788-8342

Inspector Galati may have information about the circumstances and/or

events surrounding Plaintiff's arrest on August 31, 2004.


4)      Inspector James Essig
c/o Jeffrey A. Dougherty, Esq.
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007
212-788-8342

Inspector Essig may have information about the circumstances and/or

events surrounding Plaintiff's arrest on August 31, 2004.


5)      Inspector Gerald Deickman
c/o Jeffrey A. Dougherty, Esq.
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007
212-788-8342

Inspector Deickmann may have information about the circumstances

and/or events surrounding Plaintiff's arrest on August 31, 2004.

6)    Deputy Chief Terence Monahan
       c/o Jeffrey A. Dougherty, Esq.
       Assistant Corporation Counsel
       New York City Law Department
       Special Federal Litigation Division
       100 Church Street
       New York, New York 10007
       212-788-8342

Deputy Chief Monahan may have information about the circumstances

and/or events surrounding Plaintiff's arrest on August 31, 2004.


7)    Deputy Commissioner John Colgan
       c/o Jeffrey A. Dougherty, Esq.
       Assistant Corporation Counsel
       New York City Law Department
       Special Federal Litigation Division
       100 Church Street
       New York, New York 10007
       212-788-8342

Deputy Commissioner Colgan may have information about Pier 57.

8)    Chief of Patrol Nicholas Estavillo
       c/o Jeffrey A. Dougherty, Esq.
       Assistant Corporation Counsel
       New York City Law Department
       Special Federal Litigation Division
       100 Church Street
       New York, New York 10007
       212-788-8342

Chief Estavillo may have information about planning for the Republican National

Convention ("RNC").

9)    Chief of Department Joseph Esposito
c/o Jeffrey A. Dougherty, Esq.
Assistant Corporation Counsel
New York City Law Department
Special Federal Litigation Division
100 Church Street
New York, New York 10007
212-788-8342

Chief Esposito may have information about planning for the RNC.

10)    Plaintiff Jody Concepcion
c/o Leslie Lewis, Esq.
299 Broadway, 17th Floor
New York, New York 10007

Plaintiff has information about her arrest, her confinement and her alleged injuries and/or damages.

B.    **Copies of Relevant Documents**:  Documents (Bates Nos. CON (D) 7001-10,766) were produced on November 22, 2005.

C.    **Computation of Damages**:  N/A.

D.    **Insurance Agreements**:    N/A.

Defendants reserve the right to amend and/or supplement these disclosures.

Dated: New York, New York
      December 6, 2005

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the City of New York
                          *Attorney for Defendants*
                          100 Church Street, Room 3-211
                          New York, New York 10007
                          (212) 788-8683

                By:        *Jeffrey A. Dougherty*
                      Jeffrey A. Dougherty (JD 5224)
                      Assistant Corporation Counsel

**BY HAND DELIVERY TO**:

Leslie Lewis, Esq.
299 Broadway, 17th Floor
New York, New York 10007
*Attorney for Plaintiff*

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
JODY CONCEPCION,

                          Plaintiff,          **PLAINTIFF'S FIRST
                                              SET OF INTERROGATORY
          -versus-                            AND DOCUMENT DEMANDS
                                              TO DEFENDANTS**

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, Shield #29781,
"JANE and JOHN DOES" 1-15,                    **05 CV 8501(KMK)(JCF)**
and the REPUBLICAN NATIONAL COMMITTEE,

                          Defendants.
----------------------------------------x

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2, 26.3 and 33.3 of this Court, Plaintiff JODY CONCEPCION hereby requests that Defendants THE CITY OF NEW YORK, POLICE OFFICER ALEXI FERNANDEZ and the REPUBLICAN NATIONAL COMMITTEE (collectively "Defendants") serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of Karen Wohlforth at 299 Broadway, 17th Floor, New York, New York 10007, within thirty (30) days hereof.

### INTERROGATORIES

1. Identify the names, addresses and telephone numbers of witnesses with knowledge of information relevant to the subject matter of this action, including each individual likely to have discoverable information that defendant

REPUBLICAN NATIONAL COMMITTEE may use to support its defenses, unless solely for impeachment, identifying the subjects of the information.

2. Identify the existence, custodian, location and general description of documents, data compilations and tangible things relevant to this action exclusive of documents (Bates Nos. CON(D) 7001-10,766) produced on November 22, 2005.

3. Identify any and all insurance agreements indicating that an insurer will satisfy all or part of a potential judgment in this action, including names and addresses of insurance companies, policy numbers and liability limits.

**DOCUMENT REQUESTS**

1. Produce for inspection and copying any and all insurance agreements under which any insurer may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

2. Produce the document referenced as the "City Agreement for the 2004 Republican National Convention" by the defendant REPUBLICAN NATIONAL COMMITTEE by its Rule 26(a)(1)(D) initial disclosures signed and served upon plaintiff by Jeffrey T. Buley on December 2, 2005.

THIS IS A FIRST SET OF DEMANDS. PLAINTIFF RESERVES ALL
RIGHTS TO SUPPLEMENT THESE DEMANDS.

Dated: New York, New York
       December 21, 2005

                          Leslie Lewis, Esq.
                          Zelda Stewart, Esq.
                          Karen Wohlforth, Esq.
                          Attorneys for Plaintiff
                          299 Broadway, 17th Floor
                          New York, New York 10007
                          (646)267-2172/(212)267-2889/
                          (212) 619-2457

                      By: _____/s/_____
                           Karen Wohlforth

TO:   Jeffrey A. Dougherty
      Assistant Corporation Counsel
      Attorney for Defendants
      100 Church Street, Room 3-211
      New York, New York 10007
      (212) 788-8683

**EXHIBIT D**



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

JODY CONCEPCION,

                                    Plaintiff,

              -against-

THE CITY OF NEW YORK, et al.

                                    Defendants.

-------------------------------------------------------------- x

DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST SET
OF INTERROGATORIES
AND DOCUMENT
DEMANDS TO
DEFENDANTS

05-CV-8501 (KMK)(JCF)

 

       Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendants the City of New York ("City"), Police Officer Alexis Fernandez ("Fernandez") and the Republican National Committee ("Committee") (collectively "Defendants") respond and object to Plaintiff Jody Concepcion's ("Plaintiff") Initial Discovery Requests ("Requests") as follows.

## GENERAL OBJECTIONS

      1.     By responding to any request, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

      2.     Defendants object to Plaintiff's Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, work product immunity and/or materials prepared for litigation purposes, the law enforcement privilege, the official

information privilege, the deliberative process privilege, or any other applicable privilege, immunity or exemption.

3.  Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.  Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.  Defendants object in the entirety to Plaintiff's Requests to the extent that they seek the home address of individuals identified by the Defendants in response to the Interrogatories.

6.  With respect to the request for the production of documents, Defendants may have already provided responsive documents, additional documents may be produced under separate cover along with a privilege index (if applicable).

7.  Defendants expressly reserve the right to supplement their responses, if necessary, at any time up to and including trial of this action or any subsequent proceeding. Defendants are continuing to search for information responsive to Plaintiff's Requests and therefore reserve the right to supplement their responses and objections to each request with additional information, if and when such information becomes available to Defendants' counsel.

8.   Defendants continuously object in the entirety to any request for documents or information concerning the New York City Police Department (the "NYPD") that is not relevant to the subject matter of this lawsuit.

9.   Defendants object to Plaintiff's Requests to the extent that they seek information that is protected by New York Criminal Procedure Law § 160.50 and concerns individuals other than the named Plaintiff in this action.

10.  Defendants object to Plaintiff's Requests to the extent that they seek private, confidential or other sensitive information, and object to the production of any such materials or information before entry of an appropriate protective order explicitly protecting those materials.

11.  Defendants object to Plaintiff's Requests to the extent that they seek information related to protests, arrests or detention facilities other than those protests, arrests or detention facilities at issue in this action.

12.  Defendants object to Plaintiff's Requests to the extent that they seek the reproduction of videotapes at Defendants' cost.  Defendants have made, and continue to make, responsive videotapes available to Plaintiff for inspection at a mutually agreeable time in accordance with Rule 34 of the Federal Rules of Civil Procedure.

13.  Defendants object to Plaintiff's Requests to the extent that they seek information other than that in the possession, custody or control of Defendants and to the extent that they seek information that is publicly available or equally available to Plaintiff from other sources.

14.  Defendants object to Plaintiff's Requests to the extent that they seek to impose obligations upon Defendants beyond those contemplated by the Federal Rules of Civil Procedure, the Local Rules of the Southern District or other applicable law.

3

## INTERROGATORIES

### INTERROGATORY NO. 1:

*Identify the names, addresses and telephone numbers of witnesses with knowledge of information relevant to the subject matter of this action, including each individual likely to have discoverable information that defendant REPUBLICAN NATIONAL COMMITTEE may use to support its defenses, unless solely for impeachment, identifying the subject matters of the information.*

### RESPONSE TO INTERROGATORY NO. 1:

Defendants reiterate and incorporate their General Objections. Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, fails to describe the information sought with reasonable particularity, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, it calls for information outside the scope relevant to the incident alleged to have occurred on August 31, 2004 and detailed in Plaintiff's Amended Complaint (the "Incident"), it calls for information that is privileged and protected from disclosure, and is improper under Local Rule 33.3.

Subject to and without waiving any of the foregoing objections, Defendants refer Plaintiff to Defendants' Amended Rule 26(a) Disclosures. Additionally, NYPD Assistant Chief Jack MacManus, William Harris, the Committee's Chairman for the Republican National Convention and David Norcross, Chairman of the Committee on Arrangements may have information relevant to the subject matter of this action.

4

## INTERROGATORY NO. 2:

*Identify the existence, custodian, location and general description of documents, data compilations and tangible things relevant to this action exclusive of documents (Bates Nos. CON(D) 7,001-10,766) produced on November 22, 2005.*

## RESPONSE TO INTERROGATORY NO. 2:

Defendants reiterate and incorporate their General Objections. Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, fails to describe the information sought with reasonable particularity, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, it calls for information outside the scope relevant to the Incident, and it calls for information that is privileged and protected from disclosure.

Subject to and without waiving any of the foregoing objections, Defendants refer Plaintiff to documents produced on December 30, 2005 and the accompanying document index. Defendants will make additional responsive documents, if any, available to Plaintiff.

## INTERROGATORY NO. 3:

*Identify any and all insurance agreements indicating an insurer will satisfy all or part of a potential judgment in this action, including names and addresses of insurance companies, policy numbers and liability limits.*

## RESPONSE TO INTERROGATORY NO. 3:

Defendants reiterate and incorporate their General Objections. Defendants further object to this Interrogatory on the grounds that it is vague, ambiguous, fails to describe the information sought with reasonable particularity, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence, it calls for information outside the scope relevant to the Incident, it calls for

information that is privileged and protected from disclosure, and it assumes facts that have not

been established.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

*Produce for inspection and copying any and all insurance agreements under which an insurer may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants reiterate and incorporate their General Objections. Defendants further object to this Request on the grounds that it is vague, ambiguous, fails to describe the information sought with reasonable particularity, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, it calls for information outside the scope relevant to the Incident, it calls for information that is privileged and protected from disclosure, and it assumes facts that have not been established.

### DOCUMENT REQUEST NO. 2:

*Produce all the document referenced as the "City Agreement for the Republican National Convention" by defendant REPUBLICAN NATIONAL COMMITTEE by its Rule 26(a)(1)(D) initial disclosures signed and served upon plaintiff by Jeffery T. Buley on December 2, 2005.*

### RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants reiterate and incorporate their General Objections. Defendants further object to this Request on the grounds that it is vague, ambiguous, is overbroad and unduly burdensome, it calls for information that is wholly irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence, it calls for information outside the scope relevant to the

Incident, and it calls for information that is privileged and protected from disclosure.


Dated:        New York, New York
              January 20, 2006


                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                              City of New York
                              Attorney for Defendants
                              100 Church Street, Room 3-135
                              New York, New York 10007
                              (212) 788-8342


                    By:    _Jeffrey A. Dougherty_____
                              JEFFREY A. DOUGHERTY
                              Special Assistant Corporation Counsel


TO:    Leslie Lewis, Esq.
       Zelda Stewart, Esq.
       Karen Wohlforth, Esq.
       Attorneys for Plaintiff
       299 Broadway, 17th Floor
       New York, New York 10007