UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

JODY CONCEPCION,

                                              Plaintiff,

        -against-                                 05 CV 8501 (KMK) (JCF)

THE CITY OF NEW YORK, et al.,

                                              Defendants.

------------------------------------------------------------------------- x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS**

                                                          MICHAEL A. CARDOZO
                                    Corporation Counsel of the City of New York
                                           Special Federal Litigation Division
                                                  Attorney for Defendants
                                              100 Church Street, Room 3-135
                                                 New York, New York 10007
                                                        212-788-8342


                                                            Of Counsel
                                                        Jeffrey A. Dougherty

April 19, 2006

**Preliminary Statement**

Defendants City of New York (the "City"), Police Officer Alexis Fernandez and the Republican National Committee (the "Committee") (collectively "Defendants") respectfully submit this memorandum of law in response to plaintiff Jody Concepcion's (Plaintiff's) March 23, 2006, motion to compel production of the Site City Agreement for the 2004 Republican National Convention (the "Agreement"). For the following reasons, Defendants respectfully request that the Court deny Plaintiff's motion to compel.

**The Site City Agreement (and Indemnification Clause) are Irrelevant to Plaintiff's Claims**

This case involves the alleged violations of Plaintiff's civil rights based on her August 31, 2004 arrest on East 16th Street during the 2004 Republican National Convention (the "Convention"). (See Plaintiff's Memorandum at p. 2). Plaintiff also alleges the Committee and the City engaged in a conspiracy to violate her civil rights. (See id.) Accordingly, these claims define the scope of relevant discovery in this action. See Rule 26(b).[1] When viewed against the claims in this action it is clear the Agreement should not be disclosed.

First, the Agreement was executed by the City's officials and representatives of the Committee and dealt with the Convention being held in New York City and mainly concerns the terms and conditions for the lease of Madison Square Garden and other facilities for the purpose of conducting the Convention – issues not involved in the instant action.

---

[1] Federal Rule of Civil Procedure 26(b) provides, in pertinent part, "[p]arties may obtain discovery regarding any matter, not privileged, that is *relevant to the claim* or defense of any party…[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." (emphasis added).

Second, the Convention was a national security event at which the President and Vice President of the United States would be present in New York City, in addition to other high level government officials and delegates. The Convention took place in a setting occupied with great concerns for terrorist acts. The City of New York was obligated to provide security for Madison Square Garden and all those participating in the Convention. Portions of the Agreement are privileged, including the security arrangements, which were agreed to by the City and are contained in the terms and conditions of the Agreement.[2] The terms reveal both the means of providing security as well as a description of systems within Madison Square Garden and other Convention venues and how they would be secured. This information was never intended to be disclosed publicly and could compromise the ability to provide similar security at other national events at Madison Square Garden. If the Court deems it necessary, Defendants are prepared to provide the Agreement to the Court for an *in camera* inspection.

Third, the Agreement does not refer to Plaintiff (or any other RNC-plaintiff), protestors, the policing of political protests or the removal of protesters from the streets. The Agreement's references to security and crowd control are limited to the security concerns surrounding Madison Square Garden, the Convention Complex and the personal security of the delegates and other VIPs. Thus, the Agreement is not relevant to Plaintiff's claims for false arrest in the vicinity of Union Square Park and has no bearing on Plaintiff's conspiracy claim. See e.g., Kronisch v. U.S. 150 F.3d 112, 120 (2d Cir. 1998) (affirming denial of plaintiff's motion to compel documents irrelevant to her claim); World Wrestling Federation Entertainment, Inc. v. William Morris Agency, Inc., 204 F.R.D. 263, 264-5 (S.D.N.Y. 2001) (affirming magistrate's

---

[2] The Agreement was not listed on Defendants' privilege log because as a whole it is irrelevant.

denial of motion to compel production of contract because it was not relevant); Heredia v. Heyman, 203 F.R.D. 112, 113 (S.D.N.Y. 2001) (denying motion to compel irrelevant discovery despite plaintiff's argument that it was relevant to a civil rights conspiracy); Macmillan, Inc. v. Federal Insurance Corp., 141 F.R.D. 241, 244 (denying motion to compel discovery because it was not relevant to the subject matter in pending action). The total lack of any relevance to the claims in this action when weighed against the need to maintain the confidentiality of the security arrangements weighs against disclosure in this case.

Fourth, Plaintiff raises an issue not plead in her Complaint or Amended Complaint, namely that the City's representation of the Committee violates the New York State Constitution provision against gifts of money to a private entity and the New York City Charter provisions against public servants representing private interests. Significantly, Plaintiff failed to recognize that the indemnification clause was part of the overall consideration afforded to the Committee for agreeing to hold the Convention in New York City, which the City believed to be of sufficient benefit to induce it to indemnify the Committee.[3] Thus, the New York State Constitutional prohibition against gifts is not applicable to an arms-length contract between the City and another party. Plaintiff also incorrectly relies on the New York City Charter provision as a basis for her argument because that provision is a conflict provision regarding certain acts of City officials for compensation. In the event that the Court is inclined to consider the merits of

---

[3] Plaintiff's claims that the indemnification agreement is unlawful are clearly outside the scope of the allegations in her pleadings and therefore cannot provide the basis for her discovery demands. (See Plaintiff's Memorandum at pp. 6-8). Even liberally read, the pleadings do not make any references to violations of the NYC Charter or the gift/loan clause of the New York State Constitution and therefore, Plaintiff's new and baseless allegations cannot provide a basis for her discovery requests in this action. Even if pled, these allegations are without merit. See Landmark West! v. City of N.Y., 9 Misc.3d 563, 575-577 (N.Y. Sup. Ct. 2005) (dismissing complaint because plaintiff lacked standing to allege violation of the Gift Loan Clause of the New York State Constitution).

4

Plaintiff's arguments on these points, notwithstanding their inapplicability to the claims in this action and to the Agreement, Defendants request the opportunity to fully brief these issues.

Finally, the Court should reject Plaintiff's argument regarding the relevance of the indemnification between the City and the Committee because Defendants have agreed to formally stipulate that the indemnification exists and that it covers the potential liability of the Committee. Accordingly Plaintiff's concern about Defendants' ability to satisfy a verdict she might obtain is irrelevant. See Fireman's Fund Insurance Co. v. Cunningham Lindsay Claims Management, Inc., 03-CV-0531, 03-CV-1625, 2005 WL 1522783 (E.D.N.Y. June 28, 2005) *2-3 (limiting certain disclosures because information defendant already provided to plaintiff was sufficient to ensure any expected judgment or settlement could be satisfied).

**Defendants' Rule 26(a) Disclosures**

The Court should disregard the submission by the Committee's former counsel because it was properly amended after this office was substituted as counsel. (See Ex. B of Wohlforth Declaration). Regardless, Defendants are not required to produce or identify the Agreement pursuant to their Rule 26 disclosures. Because the disclosure requirement under Rule 26(a)(1)(D) is limited to "*any person carrying on an insurance business*" it is inapplicable to the City and the Committee because neither carries on an insurance business. See Fed.R. Civ. P. 26(a)(1)(D)[4] (emphasis added). Regardless, Defendants' representation, orally to Plaintiff's counsel, and again in Court, that the City indemnified the Committee is sufficient to ensure that

---

[4] Rule 26(a)(1)(D) requires parties to provide "for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."

5

Defendants can satisfy any expected judgment or settlement so production of the Agreement is unnecessary. See Fireman's Fund Insurance Co. v. Cunningham Lindsay Claims Management, Inc., 03-CV-0531, 03-CV-1625, 2005 WL 1522783 (E.D.N.Y. June 28, 2005) *2-3.

**Plaintiff's Request for Sanctions Should be Denied**

Defendants respectfully submit that the Court should deny Plaintiff's motion which would render her request for sanctions moot. However, sanctions would not be justified because Defendants' discovery objections are justified and made in good faith and they have not disregarded any directives or motions to compel regarding the discovery at issue. See Fed.R.Civ.P. 37(4)(A) (indicating sanctions are inappropriate if opposing party's objections are substantially justified).

For all of these reasons, Defendants respectfully request that the Court deny Plaintiff's motion to compel.

Dated: New York, New York
April 19, 2006

                                            Respectfully submitted,

                                            MICHAEL A. CARDOZO
                                            Corporation Counsel of the City of New York
                                            Attorney for Defendants
                                            100 Church Street, Room 3-211
                                            New York, New York 10007
                                            212-788-8342

                                      By:    **/s/**
                                              Jeffrey A. Dougherty (JD 5224)
                                              Special Assistant Corporation Counsel
                                              Special Federal Litigation Division