

**MEMO ENDORSED**

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JAMES MIRRO
*Special Assistant Corporation Counsel*
*phone (212) 788-8026   fax (212) 788-9776*

April 26, 2006

**BY FAX & BY HAND**

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/28/06_

*Re:*     ***Consolidated RNC Cases***     (see attached list)

Dear Judge Francis:

At the last conference, we discussed that the Court had entered Discovery Order #1 (which contemplates consolidated discovery of certain defense witnesses) and Protective Order #1 (which provides for the confidential treatment of certain discovery material) in many of the consolidated RNC cases ("RNC Cases"). Copies of both orders signed by Your Honor are attached hereto as Exhibits "A" and "B" (in the hand delivery only). We discussed that the electronic docket sheets of certain RNC Cases, particularly those that were filed more recently, appear to lack these orders. We have undertaken a review of the RNC Cases currently pending before Judge Karas and Your Honor and we identify below those cases in which either one or both have not been entered. As we have discussed, both orders should be entered in each of these RNC Cases and in all newly-filed RNC Cases to avoid any confusion concerning the obligations of the parties. If this meets with your approval, would you kindly "so order" it and have the clerk enter these orders in the cases indicated? Thank you.

Very truly yours,

James Mirro      4/27/06

Application granted.
SO ORDERED.
James C. Francis IV
USMJ

cc:     All Counsel In The
        Consolidated RNC Cases (by email)

| _CASE_ | _DOCKET NO._ | _JUDGES_ | _PROTECTIVE ORDER #1_ | _DISCOVERY ORDER #1_ |
|---|---|---|---|---|
| | | | | |
| Cooper | 05cv7576 | KMK/JCF | Please Enter. | Please Enter. |
| Coburn | 05cv7623 | KMK/JCF | | Please Enter |
| Sloan | 05cv7668 | KMK/JCF | Please Enter. | Please Enter. |
| Sikelianos | 05cv7673 | KMK/JCF | | Please Enter. |
| Stark | 05cv7579 | KMK/JCF | | Please Enter. |
| | | | | |
| Alpert | 05cv9740 | KMK/JCF | Please Enter. | Please Enter. |
| Dolak | 05cv9884 | KMK/JCF | Please Enter. | Please Enter. |
| Wheeler | 05cv10016 | KMK/JCF | Please Enter. | Please Enter. |
| Emmer | 05cv9993 | KMK/JCF | Please Enter. | Please Enter. |
| Dunlop | 06cv433 | KMK/JCF | Please Enter. | Please Enter. |
| | | | | |
| Fox | 05cv9999 | KMK/JCF | Please Enter. | Please Enter. |
| Portera | 05cv9985 | KMK/JCF | Please Enter. | Please Enter. |
| Banno | 06cv2270 | KMK/JCF | Please Enter. | Please Enter. |
| Tikkun | 05cv9901 | KMK/JCF | Please Enter. | Please Enter. |
| Sutter | 05cv9989 | KMK/JCF | Please Enter. | Please Enter. |
| | | | | |
| Araneda | 05cv9738 | KMK/JCF | Please Enter. | Please Enter. |
| Martini | 05cv9881 | KMK/JCF | Please Enter. | Please Enter. |
| Zimmerman | 05cv8483 | KMK/JCF | Please Enter. | Please Enter. |
| Reuben | 05cv9987 | KMK/JCF | Please Enter. | Please Enter. |
| | | | | |
| Kyne | 06cv2041 | KMK/JCF | Please Enter. | Please Enter. |
| Turse | 05cv8562 | KMK/JCF | Please Enter. | Please Enter. |
| Alberton | 05cv7692 | KMK/JCF | Please Enter. | Please Enter. |
| | | | | |
| Oehl | 05cv7625 | KMK/JCF | | Please Enter. |
| Carney | 05cv7672 | KMK/JCF | Please Enter. | Please Enter. |
| Dinler | 04cv7921 | KMK/JCF | Please Enter. | Please Enter. |
| Miller, Beth | 05cv7628 | KMK/JCF | Please Enter. | Please Enter. |
| Carney | 05cv7672 | KMK/JCF | Please Enter. | Please Enter. |
| | | | | |
| Galitzer | 05cv7669 | KMK/JCF | Please Enter. | Please Enter. |
| Drescher | 05cv7541 | KMK/JCF | Please Enter. | Please Enter. |
| Grisham | 05cv8434 | KMK/JCF | Please Enter. | Please Enter. |
| Aloisio | 05cv9737 | KMK/JCF | Please Enter. | Please Enter. |
| Kahl | 05cv9885 | KMK/JCF | Please Enter. | Please Enter. |
| | | | | |
| Scharf | 05cv10012 | KMK/JCF | Please Enter. | Please Enter. |
| Remmes | 05cv9940 | KMK/JCF | Please Enter. | Please Enter. |
| Conley | 05cv10024 | KMK/JCF | Please Enter. | Please Enter. |
| Carranza | 05cv10010 | KMK/JCF | Please Enter. | Please Enter. |
| | | | | |

| *CASE* | *DOCKET NO.* | *JUDGES* | *PROTECTIVE ORDER #1* | *DISCOVERY ORDER #1* |
|---|---|---|---|---|
| | | | | |
| Adams | 05cv9484 | KMK/JCF | Please Enter. | Please Enter. |
| Abdell | 05cv8453 | KMK/JCF | Please Enter. | Please Enter. |
| Eastwood | 05cv9483 | KMK/JCF | Please Enter. | Please Enter. |
| Pincus | 05cv7575 | KMK/JCF | Please Enter. | Please Enter. |
| Bastidas | 05cv7670 | KMK/JCF | | Please Enter. |
| | | | | |
| Alexander | 05cv9886 | KMK/JCF | | Please Enter. |
| Anderson | 05cv6918 | KMK/JCF | Please Enter. | Please Enter. |
| Concepcion | 05cv8501 | KMK/JCF | Please Enter. | Please Enter. |
| Crotty | 05cv7577 | KMK/JCF | | Please Enter. |
| Jarick | 05cv7627 | KMK/JCF | | Please Enter. |
| | | | | |
| Karlin | 05cv7789 | KMK/JCF | Please Enter. | Please Enter. |
| Pagoda | 05cv7546 | KMK/JCF | | Please Enter. |
| Rankin | 06cv0362 | KMK/JCF | Please Enter. | Please Enter. |
| Rigger | 05cv9882 | KMK/JCF | Please Enter. | Please Enter. |
| Smith | 06cv1779 | KMK | Please Enter. | Please Enter. |
| | | | | |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- x     **DISCOVERY ORDER #1**

MICHAEL SCHILLER, et al.

               Plaintiffs,         04 CV 7922 (KMK)

      -versus-

THE CITY OF NEW YORK, et al.

               Defendants.

------------------------------------------------------------------------- x

DEIRDRE MACNAMARA, et al.

               Plaintiffs,

      -versus-                     04 CV 9216 (KMK)

THE CITY OF NEW YORK, et al.

               Defendants.

------------------------------------------------------------------------- x

CAROL DUDEK,

               Plaintiff,        04 CV 10178 (KMK)

      -versus-

THE CITY OF NEW YORK, et al.

               Defendants.

------------------------------------------------------------------------- x

JON WINKELMAN,

               Plaintiff,        05 CV 2910 (KMK)

      -versus-

THE CITY OF NEW YORK, et al.

               Defendants.

------------------------------------------------------------------- x

KATHERINE ROSE,

               Plaintiff,        05 CV 2927 (KMK)

      -versus-

THE CITY OF NEW YORK, et al.

               Defendants.

------------------------------------------------------------------------- x

JEFFEREY BLACK,

               Plaintiff,        05 CV 3616 (KMK)

      -versus-

THE CITY OF NEW YORK, et al.

               Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/3/05
```

---------------------------------------------------------------------- x

CATHIE L. BELL,

                  Plaintiff,                05 CV 3705 (KMK)

        -versus-

THE CITY OF NEW YORK, et al.

                  Defendants.

---------------------------------------------------------------------- x

MICHAEL MARCAVAGE

                  Plaintiff,

        -versus-                05 CV 4949 (KMK)

THE CITY OF NEW YORK, et al.

                  Defendants.

---------------------------------------------------------------------- x

NOEL GROSSO,

                  Plaintiff,

        -versus-                05 CV 5080 (KMK)

THE CITY OF NEW YORK, et al.

                  Defendants.

---------------------------------------------------------------------- x

ADAM WROBLEWSKI,

                  Plaintiff,

        -versus-                05 CV 5150 (KMK)

THE CITY OF NEW YORK, et al.

                  Defendants.

---------------------------------------------------------------------- x

ELIZABETH STARIN,

                  Plaintiffs,               05 CV 5152 (KMK)

        -versus-

THE CITY OF NEW YORK, et al.

                  Defendants.

---------------------------------------------------------------------- x

ALISOUN MEEHAN

                  Plaintiff,

        -versus-                05 CV 5268 (KMK)

THE CITY OF NEW YORK, et al.

                  Defendants.

---------------------------------------------------------------------- x

2

JEANETTE LAHN-SHEEN LEE,
                                    Plaintiff,
            -versus-                                          05 CV 5528 (KMK)

THE CITY OF NEW YORK, et al.
                                    Defendants.
------------------------------------------------------------------ x
STUART HABER,
                                    Plaintiff,
            -versus-                                          05 CV 6193 (KMK)

THE CITY OF NEW YORK, et al.
                                    Defendants.
------------------------------------------------------------------ x
JULIA R. COHEN,
                                    Plaintiff,                05 CV 6780 (KMK)
            -versus-

THE CITY OF NEW YORK, et al.
                                    Defendants.
------------------------------------------------------------------ x
CHRIS J. KORNICKE,
                                    Plaintiff,                05 CV 7025 (KMK)
            -versus-

THE CITY OF NEW YORK, et al.
                                    Defendants.
------------------------------------------------------------------ x
KYLA-HANNAH HERSHEY-WILSON,
                                    Plaintiff,                05 CV 7026 (KMK)
            -versus-

THE CITY OF NEW YORK, et al.
                                    Defendants.
------------------------------------------------------------------ x
ARI TERIAN,
                                    Plaintiff,                05 CV 7536 (KMK)
            -versus-

THE CITY OF NEW YORK, et al.
                                    Defendants.
------------------------------------------------------------------ x

3

JOHN J. PAGODA,

       Plaintiff,       05 CV 7546 (KMK)

   -versus-

THE CITY OF NEW YORK, et al.

       Defendants.

-------------------------------------------------------------------------- x

KANDACE VALLEJO

       Plaintiff,       05 CV 7547 (KMK)

   -versus-

THE CITY OF NEW YORK, et al.

       Defendants.

-------------------------------------------------------------------------- x

GRETA SMITH

       Plaintiff,       05 CV 7548 (KMK)

   -versus-

THE CITY OF NEW YORK, et al.

       Defendants.

-------------------------------------------------------------------------- x

SHARONE BUNIM,

       Plaintiff,       05 CV 1562 (KMK)

   -versus-

THE CITY OF NEW YORK, et al.

       Defendants.

-------------------------------------------------------------------------- x

RITU KALRA,

       Plaintiff,

   -versus-       05 CV 1563 (KMK)

THE CITY OF NEW YORK, et al.

       Defendants.

-------------------------------------------------------------------------- x

LINDSAY RYAN,

       Plaintiff,

   -versus-       05 CV 1564 (KMK)

THE CITY OF NEW YORK, et al.

       Defendants.

-------------------------------------------------------------------------- x

4

ADRIENNE GARBARINI,

                    Plaintiff,

        -versus-                             05 CV 1565 (KMK)

THE CITY OF NEW YORK, et al.

                    Defendants.

------------------------------------------------------------------- x

ADAM GREENWALD,

                    Plaintiff,

        -versus-                             05 CV 1566 (KMK)

THE CITY OF NEW YORK, et al.

                    Defendants.

------------------------------------------------------------------- x

BRIAN PICKETT,

                    Plaintiff,

        -versus-                             05 CV 1567 (KMK)

THE CITY OF NEW YORK, et al.

                    Defendants.

------------------------------------------------------------------- x

WENDY TREMAYNE,

                    Plaintiff,

        -versus-                             05 CV 1568 (KMK)

THE CITY OF NEW YORK, et al.

                    Defendants.

------------------------------------------------------------------- x

DIANE WILLIAMS,

                    Plaintiff,

        -versus-                             05 CV 1569 (KMK)

THE CITY OF NEW YORK, et al.

                    Defendants.

------------------------------------------------------------------- x

JEREMY BIDDLE,

                    Plaintiff,

        -versus-                             05 CV 1570 (KMK)

THE CITY OF NEW YORK, et al.

                    Defendants.

------------------------------------------------------------------- x

5

MATTHEW MORAN,

                              Plaintiff,
            -versus-                                    05 CV 1571 (KMK)

THE CITY OF NEW YORK, et al.
                              Defendants.
------------------------------------------------------------------ X
SACHA BOTBOL,

                              Plaintiff,
            -versus-                                    05 CV 1572 (KMK)

THE CITY OF NEW YORK, et al.
                              Defendants.
------------------------------------------------------------------ X
TIFFANY BURNS,

                              Plaintiff,
            -versus-                                    05 CV 1573 (KMK)

THE CITY OF NEW YORK, et al.
                              Defendants.
------------------------------------------------------------------ X
SCOTT KERNS,

                              Plaintiff,
            -versus-                                    05 CV 1574 (KMK)

THE CITY OF NEW YORK, et al.
                              Defendants.
------------------------------------------------------------------ X

        On April 21, 2005, counsel for the parties in the then pending actions and counsel

for parties who intended to commence related actions were heard in open court. The Court

inquired as to whether all counsel agreed in principle to consolidated discovery and all counsel

present expressed their assent. Those counsel and counsel for the plaintiffs in actions that were

thereafter either transferred to the Honorable Kenneth M. Karas ("Judge Karas") or commenced

and assigned to Judge Karas drafted an agreement and transmitted the same to the Court for its

consideration. For the foregoing reasons, and in the interests of the convenience and economy of

                                            6

the parties, and the efficient management and oversight of the Court's docket, it is hereby ORDERED:

1.    Consolidated Depositions.    The above-captioned matters arose from a series of arrests and detentions during the Republican National Convention ("RNC") in late August and early September 2004. The parties have agreed that certain witnesses in these matters, particularly certain employees and former employees of The City of New York as well as certain experts retained by The City of New York ("Defense Witnesses"), are likely to be called upon to provide testimony in more than one of the foregoing cases assigned to Judge Karas, and possibly in other cases to be brought in the future that will be assigned to Judge Karas ("RNC (KMK) Cases"). Although the applicability of such testimony to particular cases may vary, the parties have agreed to the mutual value of deposing such witnesses once, rather than multiple times, for purposes of all RNC (KMK) Cases. Accordingly, in all RNC (KMK) Cases, depositions of all Defense Witnesses shall be noticed as set forth in this Order. Any Defense Witness designated a "Consolidation Witness," under the procedure set forth below, shall be deposed once for purposes of all RNC (KMK) Cases and shall not be re-deposed in any such case absent a showing of good cause. With the exception of designated expert witnesses, the depositions of Consolidation Witnesses are expected to commence in October 2005.

2.    Deposition Notices.    Notice of depositions of all Defense Witnesses shall be given in the manner prescribed by the Federal Rules of Civil Procedure, except as set forth below. After reaching agreement with defense counsel on a mutually convenient deposition date, a plaintiff's counsel may notice the deposition of a Defense Witness.

7

Such notice shall be transmitted by Adobe PDF document ("PDF") sent by email. The party wishing to take the deposition of a Defense Witness shall email the deposition notice to defendants, care of counsel for defendants, Jay A. Kranis, at jkranis@law.nyc.gov, and to all other persons on the RNC distribution list (the "RNC Distribution List") at least 30 days in advance of the proposed deposition date.

3.    Cross-Notices. Any other party wishing to depose the same witness shall cross-notice the deposition, by PDF email to the RNC Distribution List, at least 21 days in advance of the proposed deposition date.

4.    Designation of Consolidation Witnesses. At least 15 days in advance of the proposed deposition date, defense counsel shall advise opposing counsel, by email to the RNC Distribution List, whether the witness noticed for deposition shall be designated a "Consolidation Witness." Absent such designation, a Defense Witness may be made available for separate depositions in the cases in which the witness has been noticed. Arresting officers or other witnesses who may be examined on discrete areas of knowledge, each of which may be pertinent to the claims of only a single plaintiff, for these reasons presumptively will not be considered Consolidation Witnesses.

5.    Attendance. Any plaintiff's counsel wishing to attend the deposition of a Consolidation Witness, whether or not such counsel intends to examine the witness, shall give notice by email to defense counsel at least 7 days in advance of the proposed deposition date, to allow sufficient time for adequate facilities to be arranged. In light of the number of parties and counsel involved in this litigation, and the attendant difficulty of securing facilities for a large number of individuals, no more than one counsel per

8

plaintiff's law firm, or one counsel per plaintiff, whichever is less, shall attend the deposition of a Consolidation Witness, absent exceptional circumstances. Nothing herein is intended to prevent any plaintiff's counsel from attending and examining any witness at a deposition, so long as notice has been given as contemplated in this paragraph.

6.    Confirmations.    At least 48 hours before the commencement of the deposition of a Consolidation Witness, defense counsel shall transmit an email to the RNC Distribution List confirming the deposition as noticed or, in the exceptional case, advising of any material change, including any change in date, time or place of the deposition.

7.    RNC Distribution List; Adequate Notice.    The parties shall put together a list of recipients that includes defense counsel as well as at least one counsel from each law firm that represents one or more plaintiffs in the above-captioned cases (or that firm's designee) which shall comprise the RNC Distribution List. The RNC Distribution List shall be modified from time to time to add counsel who subsequently have filed RNC cases that are assigned to Judge Karas and to remove counsel as appropriate. All counsel on the RNC Distribution List shall be provided notice of any proposed change to the RNC Distribution List, including notice of any additions or deletions, so that all counsel can maintain an accurate and complete distribution list; and it shall be the responsibility of each counsel to maintain an accurate and complete distribution list. Service of the deposition notice, as contemplated above, upon counsel on the RNC Distribution List shall be adequate notice to each party represented by each counsel.

9

8. Conduct of the Deposition. Counsel are strongly encouraged to designate a lead counsel for purposes of examining Consolidation Witnesses. In any event, no more than one counsel per law firm, or one counsel per party, whichever is less, may examine a Consolidation Witness absent good cause shown. Alternatively, counsel may participate by submitting up to twenty (20) written questions to be read to the deponent by the stenographic reporter and answered on the record. The parties agree that the seven hour limit on deposition testimony is suspended with respect to Consolidation Witnesses and agree that they will not abuse the foregoing understanding.

9. Use of Testimony; Preclusion. The deposition testimony of Consolidation Witnesses may be used in any case in conformity with the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Any counsel who received notice of the deposition, or participated in the deposition, of a Consolidation Witness, whether counsel merely observed or asked questions, shall be precluded from separately deposing that witness in any RNC (KMK) Case absent good cause shown.

10. Privilege Determinations. The parties have agreed that, after an adequate opportunity for an interlocutory appeal and an appellate decision in any such appeal (and not before), with respect to a particular privilege determination made with respect to a particular document in one of the above-captioned cases, the parties shall not contest the same issue with respect to that same document in another RNC case, but shall be guided by the prior ruling insofar as it applies to the second case; *provided that* all counsel on the RNC Distribution List shall have been notified and, subject to the approval of the Court,

10

have had the opportunity to participate in any related motion practice, briefing and oral argument.

11.    Document Numbering. Defense counsel shall put in place a unified numbering system for documents produced by defendants in the RNC (KMK) Cases.

12.    Pier 57 Video and Other Confidential Materials. The Court shall separately address the issues raised by the parties (during the April 21, 2005 conference) concerning production of the Pier 57 video and other confidential materials.

13.    MacNamara Schedule. The Court previously has entered its Case Management Order in the case of MacNamara, et al. v. The City of New York, et al., and nothing in this Discovery Order shall be construed to affect any of the provisions of that Case Management Order.

14.    Schiller Schedule. The Court shall separately address the schedule to be put in place in the case of Schiller, et al. v. The City of New York, et al.

15.    Initial Conferences. The Court shall forego initial conferences in any RNC (KMK) Cases in which such conferences have not yet been held. In each such case, after issue is joined, the parties shall submit a proposed case management order modeled on the case management order entered by this Court in MacNamara.

16.    Newly Filed RNC Cases. In addition to counsel in the above-captioned cases, the following counsel, who expect to commence additional RNC cases, have agreed that the terms of this Order shall govern any new RNC cases commenced by them that are assigned to Judge Karas:  Martin Stolar, Esq., Gideon Oliver, Esq., Norman

11

Frederick Best, Esq., Susan Taylor, Esq., Michael Spiegel, Esq., Jeffrey Rothman, Esq.,

John Ware Upton, Esq., Alan D. Levine, Esq. and Alan Levine, Esq.

      17.    Modification. This Order shall not be modified except upon a showing of

good cause.

**IT IS SO ORDERED**

DATED:     New York, New York
           ~~September~~ , 2005
           October 3

Kenneth M. Karas
United States District Judge

12

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/6/05

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x

**PROTECTIVE ORDER #1**

MICHAEL SCHILLER, et al.
                    Plaintiffs,

      -versus-

04 CV 7922 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.

------------------------------------------------------------------------ x

DEIRDRE MACNAMARA, et al.
                    Plaintiffs,

      -versus-

04 CV 9216 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.

------------------------------------------------------------------------ x

CAROL DUDEK,
                    Plaintiff,

      -versus-

04 CV 10178 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.

------------------------------------------------------------------------ x

JON WINKELMAN,
                    Plaintiff,

      -versus-

05 CV 2910 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.

------------------------------------------------------------------------ x

KATHERINE ROSE,
                    Plaintiff,

      -versus-

05 CV 2927 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.

------------------------------------------------------------------------ x

JEFFEREY BLACK,
                    Plaintiff,

      -versus-

05 CV 3616 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.

------------------------------------------------------------------------ x

CATHIE L. BELL,

                Plaintiff,                    05 CV 3705 (KMK)

        -versus-

THE CITY OF NEW YORK, et al.

                Defendants.

------------------------------------------------------------------------ x

MICHAEL MARCAVAGE

                Plaintiff,

        -versus-                  05 CV 4949 (KMK)

THE CITY OF NEW YORK, et al.

                Defendants.

------------------------------------------------------------------------ x

NOEL GROSSO,

                Plaintiff,

        -versus-                  05 CV 5080 (KMK)

THE CITY OF NEW YORK, et al.

                Defendants.

------------------------------------------------------------------------ x

ADAM WROBLEWSKI,

                Plaintiff,

        -versus-                  05 CV 5150 (KMK)

THE CITY OF NEW YORK, et al.

                Defendants.

------------------------------------------------------------------------ x

ELIZABETH STARIN,

                Plaintiffs,              05 CV 5152 (KMK)

        -versus-

THE CITY OF NEW YORK, et al.

                Defendants.

------------------------------------------------------------------------ x

ALISOUN MEEHAN

                Plaintiff,

        -versus-                  05 CV 5268 (KMK)

THE CITY OF NEW YORK, et al.

                Defendants.

------------------------------------------------------------------------ x

JEANETTE LAHN-SHEEN LEE,

                Plaintiff,

                  -versus-                                    05 CV 5528 (KMK)

THE CITY OF NEW YORK, et al.
                         Defendants.
---------------------------------------------------------------- x
STUART HABER,
                         Plaintiff,
                  -versus-                                    05 CV 6193 (KMK)

THE CITY OF NEW YORK, et al.
                         Defendants.
---------------------------------------------------------------- x
JULIA R. COHEN,
                         Plaintiff,                          05 CV 6780 (KMK)
                  -versus-

THE CITY OF NEW YORK, et al.
                         Defendants.
---------------------------------------------------------------- x
CHRIS J. KORNICKE,
                         Plaintiff,                          05 CV 7025 (KMK)
                  -versus-

THE CITY OF NEW YORK, et al.
                         Defendants.
---------------------------------------------------------------- x
KYLA-HANNAH HERSHEY-WILSON,
                         Plaintiff,                          05 CV 7026 (KMK)
                  -versus-

THE CITY OF NEW YORK, et al.
                         Defendants.
---------------------------------------------------------------- x
ARI TERIAN,
                         Plaintiff,                          05 CV 7536 (KMK)
                  -versus-

THE CITY OF NEW YORK, et al.
                         Defendants.
---------------------------------------------------------------- x


JOHN J. PAGODA,
                         Plaintiff,                          05 CV 7546 (KMK)
                  -versus-

3

```
THE CITY OF NEW YORK, et al.
                              Defendants.
--------------------------------------------------------------- x
KANDACE VALLEJO
                              Plaintiff,                05 CV 7547 (KMK)
          -versus-

THE CITY OF NEW YORK, et al.
                              Defendants.
--------------------------------------------------------------- x
GRETA SMITH
                              Plaintiff,                05 CV 7548 (KMK)
          -versus-

THE CITY OF NEW YORK, et al.
                              Defendants.
--------------------------------------------------------------- x
SHARONE BUNIM,
                              Plaintiff,                05 CV 1562 (KMK)
          -versus-

THE CITY OF NEW YORK, et al.
                              Defendants.
--------------------------------------------------------------- x
RITU KALRA      ,
                              Plaintiff,
          -versus-                                     05 CV 1563 (KMK)

THE CITY OF NEW YORK, et al.
                              Defendants.
--------------------------------------------------------------- x
LINDSAY RYAN,
                              Plaintiff,
          -versus-                                     05 CV 1564 (KMK)

THE CITY OF NEW YORK, et al.
                              Defendants.
--------------------------------------------------------------- x


ADRIENNE GARBARINI,
                              Plaintiff,
          -versus-                                     05 CV 1565 (KMK)
```

4

THE CITY OF NEW YORK, et al.
                    Defendants.
-------------------------------------------------------------------- x
ADAM GREENWALD,
                    Plaintiff,
          -versus-                          05 CV 1566 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.
-------------------------------------------------------------------- x
BRIAN PICKETT,
                    Plaintiff,
          -versus-                          05 CV 1567 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.
-------------------------------------------------------------------- x
WENDY TREMAYNE,
                    Plaintiff,
          -versus-                          05 CV 1568 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.
-------------------------------------------------------------------- x
DIANE WILLIAMS,
                    Plaintiff,
          -versus-                          05 CV 1569 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.
-------------------------------------------------------------------- x
JEREMY BIDDLE,
                    Plaintiff,
          -versus-                          05 CV 1570 (KMK)

THE CITY OF NEW YORK, et al.
                    Defendants.
-------------------------------------------------------------------- x


MATTHEW MORAN,
                    Plaintiff,
          -versus-                          05 CV 1571 (KMK)

THE CITY OF NEW YORK. et al.

5

                            Defendants.
------------------------------------------------------------------ x
SACHA BOTBOL,
                            Plaintiff,
            -versus-                                        05 CV 1572 (KMK)

THE CITY OF NEW YORK, et al.
                            Defendants.
------------------------------------------------------------------ x
TIFFANY BURNS,
                            Plaintiff,
            -versus-                                        05 CV 1573 (KMK)

THE CITY OF NEW YORK, et al.
                            Defendants.
------------------------------------------------------------------ x
SCOTT KERNS,
                            Plaintiff,
            -versus-                                        05 CV 1574 (KMK)

THE CITY OF NEW YORK, et al.
                            Defendants.
------------------------------------------------------------------ x

       **WHEREAS,** Plaintiffs have requested that The City of New York produce to

Plaintiffs certain video tapes and other materials in discovery;

       **WHEREAS,** The City of New York ("the City") has identified one such video

tape, Defendants' Tape # 109, Bates stamped SCH-D 1022, as containing confidential

information the disclosure of which may violate the privacy interests of those individuals who

are depicted on it, and has objected to the production of such video tape absent an appropriate

court order;

       **WHEREAS,** the Court has ordered production of Defendants' Tape #109 ("Pier

57 Video") to Plaintiffs' Counsel;

       **NOW, THEREFORE, IT IS HEREBY ORDERED:**

6

1. Scope of Disclosure. The Pier 57 Video may be shared by counsel for the parties with the staff of their respective law offices, the parties and experts retained by the parties. Each such individual shall be provided a copy of this Protective Order #1 ("Protective Order"), for his or her review, and shall execute the acknowledgement form attached hereto as Exhibit "A" before being permitted to view the Pier 57 Video. Counsel for the parties hereby acknowledge their responsibility for the conduct of any lawyers and any non-lawyers permitted by them to view any part of the Pier 57 Video, as contemplated by New York law, including the Lawyers Code of Professional Responsibility, Disciplinary Rule (DR) 1-104.

2. One Permissible Purpose. Plaintiffs' Counsel and any others who may gain access to the Pier 57 Video through Plaintiffs' Counsel shall not use the Pier 57 Video for any purpose other than to prosecute one or more of the above-captioned matters.

3. Filing Under Seal. If the Pier 57 Video or any other document that incorporates any confidential information derived from the Pier 57 Video is filed with the Court, such materials shall be delivered to the Court enclosed in a sealed envelope bearing the caption of the action, an indication of the nature of its contents and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express

direction of a judge of this Court, and its contents shall not
be displayed or revealed except as the Court may order.
This envelope and its contents shall at all times be
maintained separate and apart from the publicly available
files of this case.

4. Return; Affidavit; Court Record Sealed. Within 30 days of the termination of
the action (and the termination or expiration of any right to appeal) in which
the Pier 57 Video was produced, the Pier 57 Video and all copies of it, along
with notes and all other materials containing or referring to confidential
information derived from it (not including privileged or work product
materials and filings with the court), shall be returned to the New York City
Law Department, c/o Jay A. Kranis. All persons who possessed such
materials shall, by affidavit furnished to Jay A. Kranis, contemporaneously
verify that all such materials have been returned to him. In addition, the
portions of the Court record incorporating such materials shall be sealed.

5. Additional Confidential Materials. In the event that the parties discover
additional video tapes, audio tapes, other documents or any other evidentiary
material that they deem confidential, they may so designate that material as
"Confidential" and subject to this Protective Order by affixing to that material
a label or stamp identifying that material as "Confidential." Depositions that
contain Confidential information may be designated as Confidential by stating
on the record of the deposition, preferably at the outset, that the deposition
does or may contain Confidential information and is subject to this Protective
Order. Alternatively, the parties may designate Confidential materials as
Confidential by notifying the appropriate parties in writing. Such

8

Confidential material, in whatever form, shall be protected in precisely the same manner as this Protective Order provides for the Pier 57 Video.

6. Court Challenge. In the event that either party disagrees with the designation of particular material as "Confidential," such party shall attempt in good faith to resolve the disagreement with the opposing counsel and, if the parties cannot resolve the matter, they may raise it with the Court.

7. Violation. Failure to comply with any of the foregoing provisions is a violation of this Court's order and may subject the violator(s) to any sanction deemed appropriate by the Court.

8. No Waiver. Nothing in this Protective Order shall be construed as a waiver by any party of any right, defense or objection that that party may have. Among other things, the parties have not waived, and have expressly reserved, any objections to the admissibility of the Pier 57 Video.

9

9.    Modification. This protective order may be modified only upon a showing of
      good cause.

Dated: New York, New York
       October 4, 2005

_____
HON. JAMES C. FRANCIS, IV
UNITED STATES MAGISTRATE JUDGE

10

## EXHIBIT "A"

The undersigned hereby acknowledges that he or she has received a copy of the Protective Order entered in the case captioned MacNamara, et al. v. The City of New York, et al., 04 CV 9216 (KMK) (among other captions), pending before Judge Kenneth M. Karas of the United States District Court for the Southern District of New York; acknowledges that he or she has read the Protective Order, understands its terms and agrees to be bound by its terms; agrees not to use the Pier 57 Video (or any other "Confidential" material) for any purpose other than in direct connection with the prosecution of one or more of the cases captioned in the Protective Order; and agrees not to disclose the Pier 57 Video (or any other "Confidential" material).

Date

Signature

Printed Name

Plaintiff's Attorney With Whom
You Are Associated

Relationship To Plaintiff's Attorney

Nature of Confidential
Material Provided To Me: