**MEMO ENDORSED**





MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JEFFREY A. DOUGHERTY**
*Special Assistant Corporation Counsel*
Room 6-122
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

**BY HAND DELIVERY**

The Honorable James C. Francis IV
Unites States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/06

May 26, 2006

Re:   **Concepcion v. City of New York, et al.**, 05 CV 8501 (KMK) (JCF)

Dear Judge Francis:

I write in reference to the above referenced action, which is an RNC case consolidated before Your Honor for discovery. In this case, plaintiff Jody Concepcion alleges various emotional injuries and seeks related damages. (See selections of plaintiff's Amended Complaint attached as Ex. A at ¶¶ 46, 50, 57, 64, 68, 69, 74, 95 and 99; see also plaintiff's responses to Interrogatories No. 4-5 attached as Ex. B). In connection with properly defending this action defendants seek discovery of plaintiff's psychological history.

In response to defendants' interrogatories and document requests, plaintiff objected to providing any information regarding her psychological history. (See Ex. B, plaintiff's responses to Interrogatories No. 7-9). Accordingly, in the hopes of obtaining conclusive responses in advance of plaintiff's deposition, defendants wrote to plaintiff and requested that plaintiff remedy this and other discovery deficiencies. (See defendants' correspondence to plaintiff dated March 6, 2006, April 25, 2006 and May 10, 2006 attached as Ex. C).

Finally, on or about May 11, 2006, in a telephone conversation plaintiff's counsel indicated that plaintiff had undergone counseling for "emotional issues" in 2001, approximately three years before her arrest. At that time, defendants advised plaintiff of Judge Karas' rulings in Hershey-Wilson v. City of NY, et. al, 05-CV-7026, and provided plaintiff a copy of the transcript of the oral argument in which the Court ruled in favor of defendants on the issue of discovery of psychiatric history. (See defendants' correspondence to plaintiff dated May 11, 2006 and May 12, 2006 attached as Ex. D).

Hon. James C. Francis IV
May 26, 2006
Page 2 of 2

    As Your Honor is aware, this Court has repeatedly ruled that defendants are entitled to discovery of a plaintiff's psychological history when a plaintiff alleges psychological harm. See e.g., Judge Karas' August 29, 2005 rulings in Macnamara, et al. v. City of N.Y., et al,; Your Honor's February 2, 2006 order in Hershey-Wilson v. City of N.Y.,et al., affirmed May 1, 2006; Your Honor's May 16, 2006 memorandum order in Jarick v. City of N.Y., et al.

    Despite this Court's rulings and defendants exhaustive efforts to resolve this issue over the past 3 months, plaintiff remains uncooperative and refuses to respond to interrogatories 7-9 to the extent they seek plaintiff's mental health treatment information. Specifically, these interrogatories request plaintiff to identify providers that rendered plaintiff counseling and psychiatric services and/or provided medications and prescription drugs to plaintiff within the past 10 years.

    Accordingly, defendants respectfully request that plaintiff be compelled to: (1) fully respond to Interrogatories Nos. 7-9 by identifying all providers that have rendered her counseling, therapy, psychological treatment or psychiatric treatment within the past 10 years; (2) provide defendants with properly executed releases for all newly identified providers; and (3) provide defendants with properly executed releases for all pharmacies or providers of prescription drugs that plaintiff has used in connection with treating any emotional or psychological issues within the past 10 years.

Very truly yours,

*Jeffrey A. Dougherty*

Jeffrey A. Dougherty

cc:     Karen Wohlforth, Esq. (by Hand Delivery)
        Zelda Stewart, Esq. (by Hand Delivery)

6/28/06

Application granted. Consistent with prior rulings in related cases, plaintiff's claim in her complaint of "severe emotional distress" as well as her interrogatory answers alleging "stress" and "fear" warrant the requested discovery.

SO ORDERED.

James C. Francis IV
USMJ