

**REDACTED**

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/30/07

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JEFFREY A. DOUGHERTY
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

**BY FACSIMILE AND HAND DELIVERY**

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/06

October 20, 2006

Re:  Concepcion v. City of New York, et al., 05 CV 8501 (KMK) (JCF)

Dear Judge Francis:

I write in reply to plaintiff Jody Concepcion's ("Plaintiff's") October 4, 2006 opposition to defendant City Of New York, Alexis Fernandez and Republican National Committees' (collectively "Defendants") March 21, 2006 motion to dismiss (the "October 4 Letter"). Defendants respectfully request that the Court grant their motion to dismiss and deny Plaintiff's October 4, 2006 request for a protective order endorsing the proposed redactions of medical records submitted to Your Honor for an *in camera* review.[1]

**Plaintiff's Action Should be Dismissed Because Plaintiff Has *Still* Not Complied With the Court's June 29, 2006 Order**

Plaintiff's Amended Complaint should be dismissed because Plaintiff's production of heavily redacted medical and psychological treatment records in no way complies with the Court's June 28, 2006 Order. Specifically, Your Honor ordered Plaintiff to: (1) fully respond to Interrogatories Nos. 7-9 by identifying all providers that have rendered her counseling, therapy, psychological treatment or psychiatric treatment within the past 10 years; (2) provide defendants with properly executed releases for all newly identified providers; and (3) provide defendants with properly executed releases for all pharmacies or providers of prescription drugs that

---

[1] While the purpose of the October 4 Letter is unclear, Defendants must assume *arguendo* that Plaintiff seeks a judicial endorsement of her self-redacted medical records through a protective order.

Hon. James C. Francis IV
October 20, 2006
Page 2 of 5

plaintiff has used in connection with treating any emotional or psychological issues within the past 10 years. See Your Honor's June 28, 2006 Order, attached as Ex. A. While the heavily redacted records may purport to identify some of Plaintiff's psychiatric providers, they are deficient because they fail to clearly indicate which physicians, psychiatrists and/or counselors treated Plaintiff and during what time period.[2] As discussed more fully below, Plaintiff is also noncompliant because she has also failed to provide the relevant pharmacological records despite the clear indication that she was medicated in connection with her past psychological treatment.

Additionally, Plaintiff's October 4, 2006 response completely fails to address the pending dismissal of her action, which is the substantive issue in the application presently before the Court, and instead attempts to reargue a position that has already been repeatedly rejected. Defendants respectfully submit that in light of Plaintiff's refusal to comply with the Court's order, especially after the multiple rehearing of that ruling in other RNC cases, that her action be dismissed.[3]

### In the Alternative Plaintiff Must Provide Releases for All Psychiatric Providers

In the event Plaintiff's action is not dismissed, Plaintiff should be compelled to provide Defendants with releases. Compelling Plaintiff to execute releases is the *only* way Defendants can obtain a complete and uncompromised picture of Plaintiff's psychological history, which is necessary so that Plaintiff can be deposed concerning the of sources of her alleged distress other than her arrest. This information, which goes directly to the legal issues of causation and damages, is central to this case and all of the RNC cases. Judge Karas has already ruled that Defendants are entitled to full disclosure of a plaintiff's psychological history when she alleges emotional injuries because she has waived the psychotherapist patient privilege. See Judge Karas' rulings in Macnamara v. City of New York, 04-CV-9216 on August 29, 2005 and Hershey-Wilson v. City of New York, 05-CV-7026 on April 20, 2006 and September 20, 2006.

---

[2] It appears that Plaintiff's heavily redacted psychological records are from the "International Center for the Disabled." See selections of Plaintiff's self-redacted medical records attached as Ex. B. The only discernible doctor in these records is an "[a]ttending MD" identified as Isabella Rampello. Because it is unclear how, when and for what Dr. Rampello may have treated Plaintiff, Plaintiff's response to Interrogatories No. 7-9 remains deficient and violates Your Honor's June 28, 2006 Order.

[3] See, e.g., In re Rezulin Products Liability Litigation, 223 F.R.D. 109, 111, 113-14, 117 (S.D.N.Y. 2004) (dismissing complaints with prejudice based on material deficiencies in plaintiffs' discovery because [a]dditional discovery orders . . . would only multiply discovery-compliance proceedings – in circumstances where the likelihood of their efficacy is slim – at a time when the Court's resources should be devoted to the vast majority of these consolidated cases which have not been stalled by recalcitrant plaintiffs"), reconsideration denied in all material respects, 2004 WL 1700618; Nieves v. City of New York, 208 F.R.D. 531, 536 (S.D.N.Y. 2002) ("[i]n the absence of any excuse or justification, imposing a lesser sanction and thereby permitting Nieves to maintain this action despite flagrant disregard for discovery orders, would not serve Rule 37's goal of precluding disobedient parties from obtaining a benefit from disobedience. . . . [Plaintiff's] recalcitrance shows no sign of abatement") In re Agent Orange Product Liability Litigation, 611 F. Supp. 1290, 1294 (E.D.N.Y. 1985) (dismissing plaintiff's action and reasoning that "plaintiff, having placed the origin of his illness in issue, may not now refuse to cooperate with defendants in discovery concerning the crucial question of causation"), aff'd, 818 F.2d 210, 212 (2d Cir. 1987).

Hon. James C. Francis IV
October 20, 2006
Page 3 of 5

Relevant portions of Judge Karas' August 29, 2005 rulings are attached as Ex. C; Judge Karas' April 20, 2006 Order is in Hershey-Wilson is attached as Ex. D; and Judge Karas' September 20, 2006 Order is attached as Ex. E).

Accordingly, Plaintiff should be compelled to execute authorizations for the release of her psychological records in their entirety because Plaintiff's self-selection of which portions of Plaintiff's psychological records to disclose is improper. See e.g., E.E.O.C. v. Grief Bros. Corp., 218 F.R.D. 59, 64-65 (W.D.N.Y. 2003) (granting defendant's request to obtain medical authorizations for the release of psychological records because records were relevant to emotional distress claims); Wheeler v. East River Housing Corp., 95-CV-597, 1997 WL 33618, *1 (S.D.N.Y. Jan. 29, 1997) (granting defendant's motion to compel medical authorizations); Meisch v. Fifth Transoceanic Shipping Co. Ltd., 94-CV-0683, 1994 WL 582960, *1 (S.D.N.Y. Oct. 21, 1994) (granting defendant's motion to compel production of medical releases prior to deposition).

### Plaintiff's Proposed Redactions are Contrary to Judge Karas' Rulings and are Impractical

Plaintiff's proposal that she be permitted to redact relevant documents and then attempt to convince Defendants of the propriety of those redactions is contrary to Judge Karas' rulings and denies Defendants access to critical information they are due under the Federal Rules. See, e.g., Kenman v. City of N.Y., 96-CV-7865, 1997 U.S. Dist. 16841 at *13 (S.D.N.Y. Oct. 24, 1997) ("[a]llowing plaintiff to selectively decide which of his psychiatric records are relevant would deny defendants the independent access to critical information which they are due under the Federal Rules").

Plaintiff has misinterpreted Judge Karas' rulings on the appropriateness of the *in camera* review process. Judge Karas indicated that an *in camera* review *may* be appropriate if the records were "extraordinarily sensitive," a protective order doesn't adequately protect a plaintiff's interests and the material is *irrelevant*. See Ex. C at pp. 14-15, 20; see also Ex. D. (emphasis added). Here, an *in camera* review is inappropriate because Plaintiff's psychological records are relevant in their entirety. Indeed, the issues that Plaintiff deems "highly sensitive" in her psychological history may well be the issues that cause Plaintiff the greatest distress and, for this reason, are relevant to causation, damages and possibly her credibility. Consistent with these rulings, Your Honor rejected plaintiff Heike Jarick's self-redactions relating ███████████████████████████████████████████████ See Your Honor's May 17, 2006 Order in Jarick v. City of N.Y. attached as Ex. F.[4]

---

[4] In Jarick, the Court determined that the only appropriate redactions were plaintiff's social security number and the identification of third party insurance providers. Notably, these types of redactions are unnecessary in this case because Plaintiff has already disclosed her social security number and has also provided releases for her medical and health insurance providers, including a Medicaid release.

It appears that Plaintiff's redactions relate to her diagnosis of dysfluency and its emotional manifestations. See Ex. B. Further, despite Plaintiff's attempt to cross out relevant portions of these records, it appears that an interdepartmental referral dated April 1, 2002 actually indicated that Plaintiff reported "depression related to stuttering." See id. Plaintiff also appears to have inappropriately self redacted portions of her records relating to her substance abuse (smoking marijuana), which is relevant and must be discoverable considering its potential impact on her memory and perception. See id. Courts in this district have ordered the release of such records. See Alden v. Time Warner, 1995 WL 679238, at *2 (S.D.N.Y. Nov., 14, 1995) (ordering release of records of marriage counselor and drug rehabilitation facility where plaintiff had placed emotional health at issue). Defendants and their psychiatric experts are entitled to complete and unredacted records.

In addition, Plaintiff's proposed *in camera* review procedure unnecessarily burdens this Court. There are approximately 500 plaintiffs in the consolidated RNC cases, many have utilized multiple psychiatric providers, with each generating voluminous records. If the Court were to endorse Plaintiff's *in camera* redaction procedure, it could require the Court to engage in a line by line review of thousands of pages of psychological treatment records that are relevant to plaintiffs' emotional distress claims.[5]

### Plaintiff Must Provide Releases for Pharmacies and Providers of Prescription Drugs Relevant to Her Psychological History

Plaintiff's has wholly ignored the portion of the Court's Order compelling her to provide releases for her pharmacological records.[6] Plaintiff's medical records suggest that she has been medicated in connection with her psychological treatment. See Ex. B. Defense counsel is entitled to examine Plaintiff concerning her use of these drugs insofar as they relate to her psychological treatment. Because these issues can only be fully explained in deposition and understood by an expert, when all information concerning Plaintiff's conditions is available, Plaintiff's refusal to provide an updated pharmaceutical release would severely prejudice Defendants.

For all of these reasons, Plaintiff has not shown the requisite "good cause" for a protective order and Plaintiff's other arguments must be rejected. See Fed.R.Civ.P. 26(c);

---

[5] The Court should not overlook the fact that Plaintiff has indicated that if produced, these records would be limited to attorneys' only. (See Plaintiff's October 2, 2006 Letter). Further, it is significant that courts in this district have compelled the production of sensitive records under similar orders that limit their use to the underlying litigation and limit their dissemination only to attorneys and medical experts. See Kirman 96-CV-7865, 1997 U.S. Dist. 16841 at * 13 (S.D.N.Y. Oct. 24, 1997) (compelling production of mental health records under stipulation that their use is limited to underlying litigation and only viewed by attorneys and medical experts).

[6] Plaintiff has provided a pharmacy release for Rite Aid pharmacy limited in its scope from January 1, 2003 through December 31, 2004. However, this release is deficient because it does not encompass Plaintiff's psychological treatment in 2002, which is contained in her self-redacted records.

Hon. James C. Francis IV
October 20, 2006
Page 5 of 5

<u>Conduit v. Dunne</u>, 225 F.R.D. 113, 115-118 (S.D.N.Y. 2004) (denying motion for protective order and failing to find "good cause," based on, *inter alia*, potential embarrassment).

    Accordingly, Defendants respectfully request that the Court: (1) dismiss Plaintiff's Amended Complaint; or alternatively (2) deny Plaintiff's proposed self-redactions of her relevant psychological records and compel Plaintiff (for the second time) to provide Defendants with all releases for all psychiatric and pharmaceutical providers.

Very truly yours,

*Jeffrey A. Dougherty*
Jeffrey A. Dougherty

cc: Karen D. Wohlforth, Esq. (by Facsimile and Hand Delivery)

10/23/06

*Plaintiff's wholesale redactions were not a good faith response to prior orders of the Court. Plaintiff shall provide all releases for psychiatric and pharmaceutical providers by October 31, 2006, failing which her claims of emotional distress shall be dismissed immediately.*

SO ORDERED.

*James C. Francis IV*
USMJ