*Courtesy Copy*



**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JEFFREY A. DOUGHERTY**
*Special Assistant Corporation Counsel*
Room 3-126
Telephone: (212) 788-8342
Facsimile: (212) 788-9776
jdougher@law.nyc.gov

November 1, 2006

**BY HAND DELIVERY**

The Honorable Kenneth M. Karas
United States District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 920
New York, New York 10007-1312

**MEMO ENDORSED**

Re:   *Concepcion v. City of New York, et al.* 05 CV 8501 (KMK)(JCF)

Dear Judge Karas:

    I represent defendants City of New York, Alexis Fernandez and the Republican National Committee ("Committee") (collectively "Defendants") in the above referenced action. Defendants write pursuant to Your Honor's Individual Practices to request a pre-motion conference regarding Defendants' desire to move pursuant to Rule 12(b)(6) to dismiss plaintiff Jody Concepcion's ("Plaintiff's") conspiracy claim from her Amended Complaint, to strike all language in the Amended Complaint predicated on the conspiracy claim and to dismiss defendant Committee from this action.

### Plaintiff Fails to Satisfy the Heightened Pleading Standard for Civil Conspiracy Claims

    Defendants seek the Court's permission to file a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's conspiracy cause of action (7th Cause of Action), to strike all references to conspiracy in the Amended Complaint, to strike all language in the Amended Complaint predicated upon conspiracy, and to dismiss defendant Committee from this action. Plaintiff's Amended Complaint fails to plead the conspiracy allegation between defendants City of New York and Committee with particularity and thus it should be dismissed because it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6); see also Plaintiff's Amended Complaint attached as Ex. A.

    In the Second Circuit, claims alleging conspiracies to violate civil rights are subject to a heightened pleading standard, and, thus, a detailed fact pleading is required for such claims to survive a motion to dismiss. See Ciambriello v. County of Nassau, 292 F.3d 307, 323-326 (2d

Cir. 2002). To survive a motion to dismiss, civil rights conspiracy claims must plead *facts* sufficient to support the elements of the conspiracy including that "(1) two or more people entered into an agreement; (2) the alleged co-conspirators shared in the general objective of the conspiracy; and (3) the particular defendant committed an act in furtherance of the conspiracy." Jones v. National Communication and Surveillance Networks, 409 F. Supp. 2d 456, 470 (S.D.N.Y. 2006) (Hellerstein, J.); see also Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (Conner, J.) (same).

The Second Circuit has particularly scrutinized the element requiring an "agreement" or "meeting of the minds" to violate the law. "In order to maintain a[] [civil conspiracy] action, a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" Webb v. Goord, 340 F.3d 105, 110-11 (2nd Cir. 2003). "Without a 'meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy.'" Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (Marrero, J.). Thus, in Fisk, Judge Marrero dismissed plaintiff's conspiracy claim where her complaint alleged "dialogues," "communications" and "interactions" between defendants but failed to set forth any facts tending to show a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights. Id. In Webb, the Court of Appeals upheld the dismissal of plaintiffs' conspiracy claim based on the conclusory allegation that a meeting of the minds occurred among the defendants. Id. at 111.

Similarly, in Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000) (Marrero, J.), the Court held that "plaintiff must provide some factual basis supporting a 'meeting of the minds.'" Id. "[P]laintiff must also provide 'some details of time and place and the alleged effects of the conspiracy.'" Id. "[M]ere allegations that defendants' actions were committed 'in furtherance of a conspiracy' were not enough, as 'plaintiff has alleged no facts at all from which a meeting of the minds between [defendants] on a course of action intended to deprive plaintiff of her constitutional rights can be inferred.'" Id. (dismissing conspiracy claim as "too general and conclusory" ); see also Jones, 409 F. Supp. 2d at 472 (dismissing conspiracy claim where plaintiff failed to allege "a meeting of the minds" and failed to "identify[y] the individuals that effected such agreement"); Jessamy, 292 F. Supp. 2d at 513-14 (same); Peavey v. Polytechnic Institute of New York, 775 F. Supp. 75, 77-78 (E.D.N.Y. 1991) (Glasser, J.) (dismissing conspiracy claim where "complaint is utterly vague and conclusory as to the nature of [defendant's] participation in the alleged agreement"), aff'd, 969 F.2d 1042 (2nd Cir. 1992).

Plaintiff's conspiracy allegations fail as a matter of law. Plaintiff only generally avers "*upon information and belief,* that on August 27, 2004 *and at various times prior to that date* David Norcross had direct *conversations* with Mayor Bloomberg *and/or other City officials* regarding plans to control visible dissent during the Republican National Convention." See Ex. A at ¶ 85. (emphasis added). Plaintiff has made a conclusory and far-reaching allegation that certain "conversations took place," yet conspicuously fails to clarify how any agreement to conspire was reached. Plaintiff also fails to identify all of the individuals and organizations that were part of this alleged agreement. Thus, Plaintiff's conspiracy claim is facially deficient.

Judge Kenneth M. Karas
November 1, 2006
Page 3 of 3

Plaintiff also alleges "*on information and belief*, in order to effectuate this policy, the offices of Court Administration, the Legal Aid Society, the Hudson River Park Trust *and other agencies and entities*, were advised and mobilized *by the City of New York* to accommodate prospective mass arrests and preventative detention. See Ex. A at ¶ 87. (emphasis added). These sweeping allegations exemplify Plaintiff's deficient pleadings. Plaintiff failed to indicate precisely how the these parties shared in the general objective of the conspiracy or specifically how they were "advised and mobilized" by the City and how, when and where these parties allegedly became co-conspirators with defendant City and/or defendant Committee. Because Plaintiff failed to plead these essential facts, her conspiracy claim should be dismissed under the Second Circuit's pleading standard. See Webb 340 F.3d 105, 110-11 (2nd Cir. 2003); see also Ciambriello, 292 F.3d 307, 323-326 (2d Cir. 2002).

### "Upon Information and Belief" Pleadings Cannot Satisfy Heightened Pleading Standards

The Second Circuit has held that complaints based "upon information and belief" pleadings fail to satisfy heightened pleading standards. See Leeds v. Meltz, 85 F.3d 51, 54-55 (2d Cir. 1996) (section 1983 complaint based on allegations pled upon information and belief was properly dismissed); see also Stern v. Leucadia Nat. Corp., LNC, 844 F.2d 997, 999 n. 1 (2d Cir. 1988) (amended complaint pleaded entirely upon information and belief failed to satisfy heightened pleading standard). Here, Plaintiff's conspiracy allegations, which are subject to a heightened pleading standard, are entirely predicated with facts pled "upon information and belief." See Ex. A at ¶¶ 77(i), 80, 81-88, 91-92. A paradigm example is that Paragraph 86 and all of its subparts are plead "*upon information and belief*," inevitably casting doubt over the heart of the elements of the alleged conspiracy itself. See id. at ¶ 86 (*upon information and belief*, the tactics and methodology agreed upon included . . .) (emphasis added). Thus, Plaintiff is essentially admitting that she does not have any knowledge of a conspiracy and is simply on a fishing expedition. Plaintiff's conspiracy allegations are the archetype of conclusory and insufficient pleadings and should be dismissed based upon the forgoing authorities. Moreover, because Plaintiff's conspiracy allegations are laden with uncertainty and imprecision they severely prejudice Defendants' ability to intelligently prepare their defense.

For all of the aforementioned reasons, Defendants should be granted permission to move to dismiss Plaintiff's conspiracy claim, all references to conspiracy, and all allegations against defendant Committee.

Very truly yours,

*Jeffrey A. Dougherty*
Jeffrey A. Dougherty

cc:   Hon. James C. Francis IV (by Hand Delivery)
      Karen D. Wohlforth, Esq. (by Hand Delivery)

*Premotion conference set for December 5, 2006 at 4:00pm.*

SO ORDERED

KENNETH M. KARAS U.S.D.J.
11/17/0