Docket No. 05-CV-8501 (KMK) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JODY CONCEPCION,

                                                  Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER ALEXIS FERNANDEZ, Shield # 29781, "JANE and JOHN DOES" 1-15, and the REPUBLICAN NATIONAL COMMITTEE,

                                                  Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CONSPIRACY CLAIM**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*

    *Attorney for the City Defendants*
    *100 Church Street*
    *New York, N.Y. 10007*

    *Of Counsel: Jeffrey A. Dougherty*
    *Tel: (212) 788-8342*

# TABLE OF CONTENTS

|  | Page No. |
|---|---|
| **TABLE OF AUTHORITIES** | ii |
| **PRELIMINARY STATEMENT** | 1 |
| **STATEMENT OF FACTS** | 2 |
| **STANDARD OF REVIEW** | 4 |
| **ARGUMENT** | 4 |
| I. PLAINTIFF HAS FAILED TO MEET THE HEIGHTENED PLEADING STANDARD FOR CIVIL CONSPIRACY CLAIMS | 4 |
| A. Plaintiff's Conspiracy Claim Fails to Allege an Agreement or a a "Meeting of the Minds." | 5 |
| B. Plaintiff Has Failed to Properly Plead an Overt Act in Furtherance of the Conspiracy | 8 |
| C. Plaintiff's Arrest is Not an Overt Act Because She Was Not a Protestor | 9 |
| II. PLAINTIFF'S CONSPIRACY CLAIM SHOULD ALSO BE DISMISSED BECAUSE IT IS PLED "UPON INFORMATION AND BELIEF." | 10 |
| **CONCLUSION** | 11 |

## TABLE OF AUTHORITIES

**Cases**                                                               **Pages**

Boddie v. Schnieder,
　105 F.3d 857 (2d Cir. 1997)..................................................................................................4

Caidor v. M & T Bank Corp.,
　05-CV-297, 2006 WL 839547 (S.D.N.Y. March 27, 2006)..............................................6, 9

Chambers v. Time Warner, Inc.,
　282 F.3d 147 (2d Cir. 2002).........................................................................................1, 2, 5

Ciambriello v. County of Nassau,
　292 F.3d 307 (2d Cir. 2002)..............................................................................................2, 5

Dawes v. Kelly,
　88-B-0326, 2005 WL 839547 (S.D.N.Y. March 27, 2006)..............................................6, 7

Electronics Communications Corp. v. Toshiba America Consumer Prods., Inc.,
　129 F.3d 240 (2d. Cir. 1997)..................................................................................................4

Fisk v. Letterman,
　401 F. Supp. 2d 362 (S.D.N.Y. 2005)..................................................................................5, 7

Jessamy v. City of New Rochelle,
　292 F. Supp. 2d 498 (S.D.N.Y. 2003).............................................................................5, 6, 7

Jones v. National Communication and Surveillance Networks,
　409 F. Supp. 2d 456 (S.D.N.Y. 2006).............................................................................5, 6, 7

Leeds v. Meltz,
　85 F.3d 51 (2d Cir. 1996)....................................................................................................10

Peavey v. Polytechnic Institute of New York,
　775 F. Supp. 75 (E.D.N.Y. 1991),
　aff'd, 969 F.2d 1042 (2d Cir. 1992)........................................................................................6

Romer v. Morgenthau,
　119 F. Supp. 2d 346 (S.D.N.Y. 2000)...............................................................................5, 6, 8

Sheppard v. Beerman,
　18 F.3d 147 (2d Cir.),
　cert. denied, 513 U.S. 816 (1994).........................................................................................4

Stern v. Leucadia Nat. Corp., LNC,
　844 F.2d 997 (2d Cir. 1988)..................................................................................10

Webb v. Goord,
　340 F.3d 105 (2d Cir. 2003)................................................................................2, 5

Yusuf v. Vassar College,
　35 F.3d 709 (2d. Cir. 1994)....................................................................................4

**Statutes**

42 U.S.C. §1983..................................................................................2, 6, 7, 10

Federal Rule of CivilProcedure 12(b)(6) ............................................................4

Federal Rule of Civil Procedure 12(c) ............................................................1, 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JODY CONCEPCION,

                                                Plaintiff,

                  -against-                        05-CV-8501 (KMK) (JCF)

THE CITY OF NEW YORK, POLICE OFFICER
ALEXIS FERNANDEZ, Shield # 29781, "JANE and
JOHN DOES" 1-15, and the REPUBLICAN
NATIONAL COMMITTEE,

                                               Defendants.

------------------------------------------------------------------- x

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S CONSPIRACY CLAIM.

### PRELIMINARY STATEMENT

Defendants City of New York ("City"), Alexis Fernandez and the Republican National Committee (the "Committee") (collectively the "Defendants") respectfully submit this memorandum in support of their motion pursuant to Federal Rule of Civil Procedure 12(c) to dismiss with prejudice plaintiff Jody Concepcion's ("Plaintiff's") conspiracy claim, to strike all language in the Amended Complaint predicated on the conspiracy claim and to dismiss defendant Committee from this action. Plaintiff's Amended Complaint fails to plead the conspiracy allegation between defendants City, Fernandez and the Committee with particularity and thus it should be dismissed because it fails to state a claim upon which relief may be granted.

In the Second Circuit, claims alleging conspiracies to violate civil rights are subject to a heightened pleading standard, and, thus, a detailed fact pleading is required for such claims to survive a motion to dismiss. See Ciambriello v. County of Nassau, 292 F.3d 307, 323-

326 (2d Cir. 2002). The Second Circuit has rejected conclusory pleadings and holds that conspiracy claims must clearly set forth a "meeting of the minds" between the alleged co-conspirators. Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003). Accordingly, conversations, dialogues and meetings are insufficient to set forth a "meeting of the minds."

Plaintiff's conspiracy claim is pled "upon information and belief" and is a classic example of a conclusory pleading. Plaintiff has not properly pled the "meeting of the minds" element of a conspiracy claim. Instead, Plaintiff simply alleges meetings which took place between Mayor Bloomberg, Mayor of the City of New York and David Norcross, Chairman of the Committee on Arrangements of the Republican National Committee without pleading what was discussed at the meetings, when the meetings took place and how those meetings served as a basis for an agreement to violate Plaintiff's civil rights. Similarly, Plaintiff's allegation that some nebulous "policy" existed which violated Plaintiff's constitutional rights fails to establish a "meeting of the minds." Plaintiff also fails to describe the "overt act" committed by Defendants which culminated in Plaintiff's arrest and wholly fails to define defendant officer Fernandez's role in the alleged conspiracy plot. Accordingly, Plaintiff's allegations fail to meet the heightened pleading standard for civil conspiracy claims and Plaintiff's conspiracy claim should be dismissed, all language in the Amended Complaint predicated on the conspiracy claim should be stricken and defendant Committee should be dismissed from this action

## STATEMENT OF FACTS

Plaintiff alleges she was falsely arrested in violation of 42 U.S.C. §1983. See Amended Complaint, annexed to the Declaration of Jeffrey A. Dougherty (hereinafter the "Dougherty Decl.") as Ex. A at ¶ 78. Plaintiff was arrested on East 16th Street between Union

2

Square East and Irving Place on August 31, 2004, which was during the time period of the Republican National Convention in New York City. See Dougherty Decl., Ex. A at ¶¶ 14, 19.[1] Plaintiff was charged with disorderly conduct and parading without a permit. See id. at ¶¶ 40-41. Immediately prior to her arrest Plaintiff was walking on a public sidewalk and photographing a marching band and a group of people participating in a demonstration. See id. at ¶¶ 19, 77. Plaintiff alleges she was not protesting but she was still arrested along with other individuals. See id. at ¶¶ 21, 28.

Plaintiff also alleges that, upon information and belief, her false arrest was the result of a conspiracy between defendants City, Fernandez and Committee to remove peaceful demonstrators and others protesting the policies of the Republican Party from the streets in violation of their constitutional rights. See id. at ¶ 77-81. Plaintiff alleges that, upon information and belief, the purpose of the alleged conspiracy was to control negative publicity and opposition to the Republican Party during the Convention. See id. at ¶ 81. The only factual allegations pled in support of a conspiracy are Defendants permitting the use of a "policy" and/or drafting a "policy" to violate the rights of plaintiff Jody Concepcion, the allegation "upon information and belief" that David Norcross, Chairman on the Committee on Arrangements for the Committee worked on security with the New York City Police Department (the "NYPD"); and the allegation "upon information and belief" that David Norcross and Mayor Bloomberg had direct conversations regarding plans to control visible dissent during the Convention. See id. at ¶¶ 77(h), 84-85.

---

[1] Defendants obviously do not concede the allegations of the Amended Complaint. However, mindful of the Court's obligation to construe these allegations as true for purposes of this motion, the facts discussed herein will be taken as true for purposes of this motion only.

3

## STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure states "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard to be applied to a motion for judgment on the pleadings brought under Fed R. Civ. P. 12(c) is the same as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994), cert. denied, 513 U.S. 816 (1994). On a motion for judgment on the pleadings, defendants must show that plaintiff is not entitled to relief under any set of facts that could be proved consistent with the allegations. To survive the motion, plaintiff must show a cognizable claim and allege facts that, if true, would support such a claim. Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).

While a pleader may enjoy all favorable inferences from facts that have been pleaded, it does not permit conclusory statements to substitute for minimally factual allegations. Electronics Communications Corp. v. Toshiba America Consumer Prods., Inc., 129 F.3d 240, 243 (2d. Cir. 1997). The Court is not required to uphold the validity of a claim supported only by conclusory allegations. See Yusuf v. Vassar College, 35 F.3d 709, 713-714 (2d. Cir. 1994). (a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could provide relief fails to state a claim under Rule 12(b)(6)).

Accordingly, Defendants bring this motion pursuant to Rule 12(c) on the basis that Plaintiff's conspiracy claim fails to state a claim upon which relief can be granted.

## ARGUMENT

**I.   PLAINTIFF HAS FAILED TO MEET THE HEIGHTENED PLEADING STANDARD FOR CIVIL CONSPIRACY CLAIMS.**

In the Second Circuit, claims alleging conspiracies to violate civil rights are subject to a heightened pleading standard, and, thus, a detailed fact pleading is required for such claims to

4

survive a motion to dismiss. See Ciambriello, 292 F.3d at 323-326. To survive a motion to dismiss, civil rights conspiracy claims must plead *facts* sufficient to support the elements of the conspiracy including that "(1) two or more people entered into an agreement; (2) the alleged co-conspirators shared in the general objective of the conspiracy; and (3) the particular defendant committed an act in furtherance of the conspiracy." Jones v. National Communication and Surveillance Networks, 409 F.Supp. 2d 456, 470 (S.D.N.Y. 2006); see also Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 513 (S.D.N.Y. 2003) (same).

### A.   Plaintiff's Conspiracy Claim Fails to Allege an Agreement or a "Meeting of the Minds" with Particularity.

The Second Circuit has scrutinized the first element of a conspiracy claim requiring an "agreement" or "meeting of the minds" to violate the law. "In order to maintain a[] [civil conspiracy] action, a plaintiff 'must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end.'" Webb, 340 F.3d at 110-11. "Without a 'meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy.'" Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005). Thus, in Fisk, Judge Marrero dismissed plaintiff's conspiracy claim where her complaint alleged "dialogues," "communications" and "interactions" between defendants but failed to set forth any facts tending to show a "meeting of the minds" for the purpose of violating plaintiff's constitutional rights. Id. In Webb, the Court of Appeals upheld the dismissal of plaintiffs' conspiracy claim based on the conclusory allegation that a "meeting of the minds" occurred among the defendants. Webb, 340 F.3d at 111.

Similarly, in Romer v. Morgenthau, 119 F. Supp. 2d 346, 363 (S.D.N.Y. 2000), the Court held that "plaintiff must provide some factual basis supporting a 'meeting of the minds.'" Id. "[P]laintiff must also provide 'some details of time and place and the alleged

5

effects of the conspiracy.'" Id. "[M]ere allegations that defendants' actions were committed 'in furtherance of a conspiracy' were not enough, as 'plaintiff has alleged no facts at all from which a meeting of the minds between [defendants] on a course of action intended to deprive plaintiff of her constitutional rights can be inferred.'" Id. See also Jones, 409 F. Supp. 2d at 472 (dismissing conspiracy claim where plaintiff failed to allege "a meeting of the minds" and failed to "identify[y] the individuals that effected such agreement"); Jessamy, 292 F. Supp. 2d at 513-14 (same); Caidor v. M & T Bank Corp., 05-CV-297, 2006 WL 839547, *11-12 (S.D.N.Y. March 27, 2006) (holding claims alleging conspiracies to a higher standard and dismissing conspiracy claim because its conclusory allegations were insufficient to state claim under §1983); Dawes v. Kelly, 88-B-0326, 2005 WL 2245688, *6-7 (W.D.N.Y. Sept. 14, 2005) (dismissing §1983 conspiracy claim because, *inter alia*, plaintiff's conclusory and vague allegations failed to establish a meeting of the minds when plaintiff only alleged contact between alleged co-conspirators coupled with speculation about what was discussed); Peavey v. Polytechnic Institute of New York, 775 F. Supp. 75, 77-78 (E.D.N.Y. 1991) (dismissing conspiracy claim where "complaint is utterly vague and conclusory as to the nature of [defendant's] participation in the alleged agreement"), aff'd, 969 F.2d 1042 (2d Cir. 1992).

Plaintiff's conspiracy allegations fail as a matter of law because Plaintiff has not sufficiently alleged a "meeting of the minds" between Defendants. For example, Plaintiff only generally avers "*upon information and belief*, that on August 27, 2004 *and at various times prior to that date* David Norcross had direct *conversations* with Mayor Bloomberg *and/or other City officials* regarding plans to control visible dissent during the Republican National Convention." See Dougherty Decl., Ex. A at ¶ 85. (emphasis added). Two people meeting does not make for a conspiracy because an agreement to violate constitutional rights cannot reasonably be inferred from the simple fact that "conversations took place." See Id. Further, Plaintiff fails to plead

6

which other City officials may have been involved in these discussions, fails to plead when other conversations took place, and fails to plead where these conversations occurred. See Fisk, 410 F.Supp. 2d at 376 (holding dialogues, communications and interactions will not satisfy meeting of the minds element of conspiracy claims); see also Jones, 409 F.Supp. 2d at 472 (dismissing conspiracy claim based on failure to plead "meeting of the minds" and failure to identify the individuals who effected the agreement); Jessamy, 292 F. Supp. 2d at 513-14 (same). Moreover, both the allegation that conversations took place and the nature of the discussion are premised "upon information and belief" and are therefore pure speculation. See Middleton v. City of N.Y., 04-CV-1304, 2006 WL 1720400, *8 (E.D.N.Y. June 19, 2006) (dismissing §1983 conspiracy claim because plaintiff alleged no facts demonstrating joint activity [or a "meeting of the minds"] and instead merely alleged a conspiracy "upon information and belief."); Dawes, 2005 WL 2245688, *6-7 (holding conclusory and vague allegations failed to establish a meeting of the minds when plaintiff only alleged contact between alleged co-conspirators coupled with speculation about what was discussed); see also infra Point II. Finally, the allegation that plans existed "to control visible dissent" fails specify whether and how these "plans" amounted to a constitutional violation as required for a properly pled conspiracy claim.

Likewise, Plaintiff's allegation that David Norcross admitted that the RNC and the NYPD had been "working on security for [the] Convention for the year prior thereto" in no way amounts to a "meeting of the minds." See Dougherty Decl., Ex. A at ¶ 84. That is, Plaintiff fails to plead how an agreement to "work on security" can be equated to an agreement to violate her constitutional rights. This conspiracy allegation is also deficient because Plaintiff fails to plead which individual(s) from the NYPD "worked on security" with the Committee, when these meetings or communications occurred and why "working on security" would further the objective of the alleged conspiracy. Accordingly this allegation is insufficient to allege that a

7

"meeting of the minds" occurred between Defendants to engage in a conspiracy to violate Plaintiff's constitutional rights. See supra.

Similarly, Plaintiff's allegation that Defendants "permitted the use of *policy and/or* drafted policy that violated the constitutional rights of the above named plaintiff" fails to establish the "meeting the minds" element of a civil conspiracy claim. See Dougherty Decl., Ex. A at ¶ 77(h); Romer, 119 F. Supp. 2d 346, 363 (holding mere allegations that facts were in furtherance of a conspiracy as insufficient). This archetypal conclusory allegation noticeably fails to set forth the persons, parties or agencies that were allegedly involved in drafting or using this "policy." Plaintiff also fails to outline what the "policy" said and how its content allegedly amounted to a violation of constitutional rights. Similarly, Plaintiff fails to plead where and how the alleged agreement about this "policy" was reached.

Finally, despite being alleged against all named defendants, Plaintiff's conspiracy claim noticeably fails to mention the role of defendant Fernandez, Plaintiff's arresting officer. Even liberally read, no paragraph in Plaintiff's Amended Complaint explains how Officer Fernandez was involved in the conspiracy. The simple fact that he arrested Plaintiff on East 16th does not make him part of a conspiracy.

### B. Plaintiff Has Failed to Properly Plead an Overt Act in Furtherance of the Conspiracy.

Plaintiff also fails to allege that any overt act was committed in furtherance of the alleged conspiracy. Plaintiff's allegation "*on information and belief*, in order to effectuate this policy, the offices of Court Administration, the Legal Aid Society, the Hudson River Park Trust *and other agencies and entities*, were *advised and mobilized by the City of New York* to accommodate prospective mass arrests and preventative detention" is conclusory and does not meet the requirement of pleading an overt act in furtherance of a conspiracy. See Dougherty

8

Decl., Ex. A at ¶ 87 (emphasis added); Caidor v. M & T Bank Corp., 05-CV-297, 2006 WL 839547, *11-12 (S.D.N.Y. March 27, 2006) (holding claims alleging conspiracies to a higher standard and dismissing conspiracy claim because its conclusory allegations failed to properly plead an overt act in furtherance of conspiracy). Plaintiff fails to indicate precisely how these parties shared in the general objective of the conspiracy or specifically how they were "advised and mobilized" by the City. Similarly, Plaintiff fails to allege how, when and where these parties became co-conspirators with defendant City and/or defendant Committee. Because Plaintiff failed to plead these essential facts, she has not plead an overt act in furtherance of a conspiracy claim and this claim should be dismissed under the Second Circuit's pleading standard.

### C. Plaintiff's Arrest is Not an Overt Act Because She Was Not a Protestor.

Additionally, considering Plaintiff alleges the purpose of the conspiracy was to remove from the streets individuals who were protesting the policies of the Republican Party it is logically inconsistent that Plaintiff, who alleges she was *not* protesting and was just photographing a marching band, would be the victim of a conspiracy of this nature. See Dougherty Decl., Ex. A at ¶¶ 21, 28, 77(i), 80-81. The Amended Complaint is conspicuously silent as to whether the marching band and/or group of peaceful demonstrators congregated on East 16th Street were engaging in anti-Republican expression. See Dougherty Decl., Ex. A. Assuming, as Plaintiff has suggested, the expression of anti-Republican sentiment was the basis of Defendants' plot to engage in the false arrest of protestors, Plaintiff's conspiracy claim is also deficient because it fails to explain how her arrest amounts to an overt act in furtherance of this allegedly sinister and clandestine agenda.

## II. PLAINTIFF'S CONSPIRACY CLAIM SHOULD ALSO BE DISMISSED BECAUSE IT IS PLED "UPON INFORMATION AND BELIEF."

The Second Circuit has held that complaints based "upon information and belief" pleadings fail to satisfy heightened pleading standards. See Leeds v. Meltz, 85 F.3d 51, 54-55 (2d Cir. 1996) (Section 1983 complaint based on allegations pled upon information and belief was properly dismissed); see also Stern v. Leucadia Nat. Corp., LNC, 844 F.2d 997, 999 n. 1 (2d Cir. 1988) (amended complaint pleaded entirely upon information and belief failed to satisfy heightened pleading standard). Here, Plaintiff's conspiracy allegations, which are subject to a heightened pleading standard, are entirely predicated with facts pled "upon information and belief." See Dougherty Decl., Ex. A at ¶¶ 77(i), 80, 81-88, 91-92. A paradigm example is that Paragraph 86 and all of its subparts are plead "*upon information and belief*," inevitably casting doubt over the heart of the elements of the alleged conspiracy itself. See id. at ¶ 86 (*upon information and belief*, the tactics and methodology agreed upon included . . .) (emphasis added). Thus, Plaintiff is essentially admitting that she does not have any knowledge of a conspiracy and is simply on a fishing expedition. Plaintiff's conspiracy allegations are the archetype of conclusory and insufficient pleadings and should be dismissed.

## CONCLUSION

For all of the aforementioned reasons, Defendants request that the Court grant their motion to dismiss with prejudice Plaintiff's conspiracy claim, strike all references to conspiracy in the Amended Complaint, and dismiss defendant Committee from this action, together with such costs, fees and other relief that the Court deems just and proper.

Dated:   New York, New York
         January 12, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorneys for Defendants
                                    100 Church Street, Room 3-126
                                    New York, New York 10007
                                    (212) 788-8342

                            By:     _____
                                    Jeffrey A. Dougherty (JD 5224)
                                    Special Assistant Corporation Counsel
                                    Special Federal Litigation Division

TO:   Karen Wohlforth, Esq.
      299 Broadway, Suite 1700
      New York, NY 10007 (By E.C.F. and First Class Mail)

## DECLARATION OF SERVICE BY MAIL & EMAIL

I, JEFFREY A. DOUGHERTY, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on JANUARY 12, 2007, I served the annexed MEMORANDUM OF LAW upon the following counsel of record by email to the email address directed by said counsel for that purpose and by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said counsel of record at the address set forth below, being the address designated by plaintiff for that purpose:

> Karen Wohlforth, Esq.
> Attorney for plaintiff Jody Concepcion
> 299 Broadway, Suite 1700
> New York, NY 10007
> lewis_stewart_wohlforth@yahoo.com

Dated: New York, New York
January 12, 2007

_____
JEFFREY A. DOUGHERTY
SPECIAL ASSISTANT CORPORATION COUNSEL