Docket No. 05 CV 8501 (KMK)(JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JODY CONCEPCION,

                  Plaintiff

        -against-

THE CITY OF NEW YORK, POLICE OFFIVER
ALEXIS FERNANDEZ, Shield #29781, "JANE AND
JOHN DOES 1-15, and the REPUBLICAN NATIONAL
COMMITTEE,

                  Defendants

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
PLAINTIFF'S MOTION PURSUANT TO FRCP 15(a)
TO AMEND COMPLAINT and IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

---

                  KAREN WOHLFORTH, ESQ.
                  ZELDA E. STEWART, ESQ.
                  Attorneys for Plaintiff

                  299 Broadway suite 1700
                  New York, New York 10007
                   (212) 619-2457

# TABLE OF CONTENTS

TABLE OF AUTHORITIES     i

PRELIMINARY STATEMENT     1

STATEMENT OF FACTS     3

STANDARD OF REVIEW     6

ARGUMENT

    1. PLAINTIFF MEETS THE HEIGHTENED ............... 7
       PLEADING STANDARD FOR CIVIL
       CONSPIRACY CLAIMS

    A. Plaintiff Pleads Facts Demonstrating a Meeting ........ 8
       Of the Minds

    B. Plaintiff Pleads With Specificity the Overt Acts in ...... 9
       Furtherance of the Conspiracy

    C. Plaintiff's Arrest Was and Overt Act ..................... 10

    D. Defendants are Improperly Attempting to Obstruct..... 10
       Discovery

    II. THE CONSPIRACY CLAIM SHOULD NOT BE ..... 11
       DISMISSED

CONCLUSION     12

# TABLE OF AUTHORITIES

**Cases**

Carmody v. City of New York, No. 05CV-8084(HB), 2006 U.S. Dist. LEXIS 25308, (S.D.N.Y. May 11, 2006)..................................................................... 6

Ciambriello v. County of Nassau, 292 F.3d 307, 324-235 (2d Cir. 2002)...............6,7

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957)............6

Dawes v. Kelly, 05-CV297, 2006 WL 839547 (S.D.N.Y.)............................... 8

Dwares v. City of New York, 985 F.2d 94; 1993 U.S. App.(2ND Circuit 2004)... ...7

Fisk v. Letterman, 401 F. Supp. 2d 362,276 (S.D.N.Y. 2005) ..........................2,6,9

Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498 (S.D.N.Y. 2003)............... .6

Harris v. Diaz et al, USDS Southern District 2004 US LEXIS 25256 (2004)............11

Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993)................................................................... ...6

Leeds v. Meltz   85 F3d 51 (2d Cir 1996) ................................................ ...10

Middleton.v. City of New York, 2006 U.S. Dist. LEXIS 44320 (E.D.N.Y. 2006)... 2,6,9

Ostrer v. Aronwald 567 F.2d at 553................................................................7

Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).163, 164, 113 S. Ct 1160, 122 L.Ed. 2d 517 (1993)...........................................................................6

Romer v. Morgenthau, 119 F. Supp 2d 346, 363 (S.D.N.Y. 2000). ........................9

Stern v. Leucadia Nat. Corp., LNC   844 F. 2d 997 (2d Cir. 1988).........................10

Swierkiewicz v. Sorema N.A., 54=34 US 506, 514, L.Ed. 2d 1, 122 S.Ct. 992 (2002). .11

Warren v. Fischl, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999)................................7

Weisman v. Le Landais, 532 F2d 308, 311 (2ND Cir1976)............ ....................11

Winters v. City of New York, 2000 U.S.Dist. LEXIS 3740 (S.D.N.Y.)....................7

**STATUTES**

FRCP 15(a)
42 USC 1983
Federal Rule of Civil Procedure 12(c)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JODY CONCEPCION,

            Plaintiff

    -against-

THE CITY OF NEW YORK, POLICE OFFICER          05-cv-8501
ALEXIS FERNANDEZ, Shield #29781,                (KMK)(JCF)
"JANE and JOHN DOES" 1-15,
AND THE REPUBLICAN NATIONAL COMMITTEE,

            Defendants

------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE CROSS MOTION TO AMEND THE COMPLAINT AND IN OPPOSITION TO DISMISS PLAINTIFF'S CONSPIRACY CLAIM

### PRELIMINARY STATEMENT

Plaintiff Jody Concepcion respectfully submits this memorandum in support of the cross motion to amend the complaint, and in opposition to the motion to dismiss the plaintiff's claim for conspiracy against defendants City of New York and Republican National Committee. Both the initial amended complaint (amended as of right) and the second amended complaint submitted herein plead with sufficient particularity the claim for conspiracy to violate the plaintiff's civil rights (Second Amended Complaint, Ex. A).

The standard for pleading a conspiracy claim for violation of civil rights is well established in the Second Circuit. It is clear that conclusory pleadings are insufficient, and that the claims must set forth a meeting of the minds between the alleged co-conspirators. The question before the Court, however, rests with the interpretation of "meeting of the minds." **A plaintiff is not required to list the place and date of defendants meetings and the summary of their conversations when he pleads conspiracy, but the pleadings must present facts tending to show agreement and**

1

concerted action <u>Fisk v. Letterman</u>, 401 F. Supp. 2d 362, 276 (S.D.N.Y. 2005) as cited in <u>Middleton v. City of New York</u>, 2006 U.S. Dist. LEXIS 44320 (E.D.N.Y. 2006).

Both the first and the second amended complaint proffered herewith meet the requirements set forth in the case law in the Second Circuit. The pleadings in the second amended complaint herewith set forth even more detail than the first amended complaint because plaintiff's counsel was able to secure by order of the Magistrate, production of the Site City Agreement for the Republican National Convention. Said agreement sets forth in detail the relationship of the defendant City of New York and the Committee on Arrangements, which is the entity representing the Republican National Committee for the convention. The agreement spells out the fact that the security provisions of the said

**REDACTED**

It is hard to imagine a more definitive assertion of a "meeting of the minds" than what has been found in writing thus far, and incorporated into the second amended complaint, paragraphs 77-90. Because the security plan was subject to the approval of the Committee on Arrangements for the Republican National Committee, the New York City Police Department arguably subordinated itself to the authority of the Republican National Committee. This appears to be somewhat contradicted by the second provision cited herein, however, again, the Police Commissioner of the City is obligated by contract to consult with the Committee on Arrangements for all matters relating to law enforcement both within and outside the Convention Complex. Clearly, policies regarding demonstrations and protestors come under the rubric of "matters relating to law enforcement both within and outside the convention complex."

Corporation counsel sets a false standard when he insists that plaintiff must plead specifically what was discussed at the meetings, when the meetings took place and how they served as a basis for an agreement to violate Plaintiff's civil rights.

2

The numerous overt acts which resulted in the violation of plaintiff's civil rights are enumerated in paragraph 90 (a)-(n). The policies which resulted from these security meetings were policies which effectively cleared the streets of demonstrators, effectuated indiscriminate mass arrests which included bystanders, falsely accused peaceful demonstrators and bystanders of violations and misdemeanors, wrongfully detained them for inordinate periods of time in a facility which was not a Department of Corrections facility nor was appropriate for prisoners, and in violation of normal procedures, refused to issue summonses or Desk Appearance Tickets for mere violations, and caused people who were arrested for mere violations to be handcuffed, fingerprinted and photographed. These unusual policies which were described more fully in both amended complaints, were the overt acts committed by defendants which culminated in plaintiff's false arrest, detention and violation of her civil rights.

Corporation counsel brings this motion to dismiss shortly after being served with demands for depositions of and communications from and to the members of the Committee on Arrangements. Magistrate Francis then denied defendant's request for a stay of discovery pending the decision on their motion to dismiss the claim against the Republican National Committee. Should plaintiff be afforded the opportunity to continue with discovery demanded of the defendant Republican National Committee, the actual content of the discussions at the meetings should be revealed.

## STATEMENT OF FACTS

On August 31, 2004, plaintiff herein, a college graduate, administrative assistant, and amateur photographer, was on her way to the subway at Union Square after an appointment with her doctor, when she observed a marching band and people in costumes. She stopped to take photographs of the event, not even realizing initially that it was a political event.

At approximately 7:15 PM she was detained without probable cause or justification, made to sit on the ground for approximately three hours, handcuffed, fingerprinted, photographed and taken to a holding facility at Pier 57. She was not

3

released by the defendant City until September 2, 2004, after being detained under harsh conditions for approximately 48 hours.

Plaintiff alleges that her arrest and detention resulted from policies established by defendant City of New York acting in concert with the Committee on Arrangements for the Republican National Committee, which policies resulted in clearing the streets of peaceful demonstrators and bystanders, particularly between the dates of August 31 and September 2, 2004 and detaining them, until the convention was over.

Plaintiff has, in the course of discovery, acquired a document which demonstrates in writing, the "meeting of the minds" between the defendant City of New York and the Committee on Arrangements for the Republican National Committee. Said document, the Site City Agreement signed by the Mayor of New York on January 31, 2004, which outlines the relationship between the defendants specifically as follows:

**REDACTED**

**REDACTED**

As a result of this agreement, the Committee on Arrangements for the Republican National Committee became a "state actor" with respect to law enforcement issues during the Republican National Convention. Plaintiff has now amended her complaint to add this information to amplify the pleadings regarding the agreement, or meeting of the minds, between the City of New York and the defendant Republican National Committee.

Specifically, plaintiff alleges that this agreement resulted in the promulgation and effectuation of policies, as enumerated in the amended complaint and in the second amended complaint, paragraph 90 (a)-(o), such as the indiscriminate use of orange mesh nets to effectuate mass arrests, failure to give warnings to disperse, failure to insure that innocent bystanders were not arrested, a no-summons, no DAT policy for persons charged with mere violations, indiscriminate fingerprinting, photographing, inordinate and intentional delays in processing, use of Pier 57 for detention bypassing normal Department of Corrections facilities, etc. These policies, promulgated specifically for the Republican National Convention in New York in 2004, constitute the specific incidences of misconduct by the defendants resulting in the violation of plaintiff's civil rights and the injury to the plaintiff herein.

More particularly, plaintiff cites public admissions by David Norcross, the chairman of the Committee on Arrangements, that he had monthly meetings with the New York City Police Department for a year prior to the convention, and conversations with the Mayor, regarding security issues (second amended complaint, par. 84-87). That,

**REDACTED**

5

The above described meeting of the minds, plus the actual policies which were enumerated in the complaint herein and the resultant false arrest, detention and malicious prosecution of the plaintiff, gives more than sufficient particularity to the pleadings alleging a conspiracy between the defendants to violate the civil rights of the plaintiff, Jody Concepcion.

## STANDARD OF REVIEW

"In order to survive a motion to dismiss on a 1983 conspiracy claim, the plaintiff must allege (1) an agreement between two or more state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal." Middleton v. City of New York, id. citing Carmody v. City of New York, No. 05CV-8084(HB), 2006 U.S. Dist. LEXIS 25308, at 16(S.D.N.Y. May 11, 2006) (citing Ciambriello v. County of Nassau, 292 F.3d 307, 324-235 (2d Cir. 2002); Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498 (S.D.N.Y. 2003), citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999).

In considering a motion to dismiss, the court must accept as true all factual allegations in the complaint and must draw all inferences in favor of the plaintiff. Fisk v. Letterman, id, citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164, 113 S. Ct 1160, 122 L.Ed. 2d 517 (1993). Accordingly, the complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief"( Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957), cited in Fisk. These principles are applied even more strictly where the plaintiff alleges civil rights violations, Hernandez, 19 F.3d at 136, cited in Fisk.

In an action alleging conspiracy to violate civil rights, vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed (Ciambrello v. County of Nassau, 292 F. 3d 307, 324-325 (2d Cir. 2002).

6

Plaintiff's second amended complaint, paragraphs 76-101, clearly meets this three pronged test. Accordingly, Defendants' motion to dismiss the Plaintiff's conspiracy claim must be denied.

## ARGUMENT

### 1. PLAINTIFF MEETS THE HEIGHTENED PLEADING STANDARD FOR CIVIL CONSPIRACY CLAIMS

Complaints containing only conclusory, vague or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; "diffuse and expansive allegations are insufficient unless amplified by specific instances of misconduct" Ciambrello, quoting Dwares v. City of New York, 985 F.2d 94; 1993 U.S. App. LEXIS 2004 (2ND Circuit).

The plaintiff must specify, in detail, facts which create a nexus between defendants and the actions involved in the conspiracy (Winters v. City of New York, 2000 U.S.Dist. LEXIS 3740 (S.D.N.Y.), quoting Ostrer v. Aronwald 567 F.2d at 553). Moreover, a plaintiff should make an effort to provide some details of the time, place and alleged effect of the conspiracy (Dwares, at 100).

Specifically, the plaintiff must provide some factual basis supporting a "meeting of the minds" such as that defendants "entered into an agreement, express or tacit, to achieve the unlawful end;" plaintiff must also provide "some details of time and place and the alleged effects of the conspiracy." Warren v. Fischl, 33 F. Supp. 2d 171, 177 (E.D.N.Y. 1999). Not only does plaintiff herein allege that the defendants entered into a written agreement, but plaintiff quotes specifically from the agreement, which spells out the actual relationship between the parties regarding the development of a security plan and the requirement that the ████████████████████ redact ████████████████████

The law enforcement policies violative of plaintiff's civil liberties which ensued from this collaboration are specified in both the first and second amended

complaints in detail, par. 90 (a)-(o). The public admission by David Norcross, Chairman of the Committee on Arrangements, that these meetings actually did take place on a monthly basis for a year prior to the convention, gives additional specificity as to dates and timing of meetings at which these policies were planned (second amended complaint, par. 84-86). The second amended complaint specifically alleges that David Norcross had a conversation with the Mayor on August 27, 2004, regarding plans to control visible dissent during the Republican National Convention. The written agreement cited herein and dated January 31, 2004, provides the additional specific date of the agreement entered into between the defendants herein.(second amended complaint, par. 88).

## A. PLAINTIFF PLEADS FACTS DEMONSTRATING A MEETING OF THE MINDS

While an agreement to violate constitutional rights cannot simply be inferred from the fact that conversations took place, in the instant case, the fact that the parties had a w̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶ [redact] involving the convention, both inside and outside the convention complex, combined with the resultant actual law enforcement policies which were developed and used during the convention to effectuate mass arrests, details factual information sufficient to meet the three pronged test required in the Second Circuit and cited by the defendants. Based on the agreement between the parties, all law enforcement matters had to be ̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶ the Committee on Arrangements and security plans and the private security consultant ̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶ [Redact] ̶̶̶̶̶̶̶̶̶̶ In effect, the New York Police Department ceded its authority to a private political entity with respect to the security plans developed for the convention.

Unlike the DAWES case cited by defendant, the allegations herein are not purely speculative regarding what was discussed. Plaintiff pleads the existence of a document, an agreement which ̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶ [Redact] ̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶nal ̶̶̶̶̶̶̶̶̶̶. The only facts missing from the complaint are the actual content of the discussions which resulted in the misconduct of the NYPD as outlined in paragraphs 90 (a)-(o).

8

Great specificity is not required with respect to allegations of scienter. This does not mean, however, that plaintiffs are relieved of their burden of pleading circumstances that provide a least a minimal factual basis for their allegations of scienter. It is reasonable to plead those events which give rise to a strong inference that the defendants had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth (Connecticut National Bank v. Fluor Corp 808 F.2d 957, 1987 U.S. App. LEXIS 882 (2d Cir. January 5, 1987). . **A plaintiff is not required to list the place and date of defendants' meetings and the summary of their conversations when he pleads conspiracy, but the pleadings must present facts tending to show agreement and concerted action** *Fisk v. Letterman*, 401 F. Supp. 2d 362,276 (S.D.N.Y. 2005) as cited in Middleton.v. City of New York, 2006 U.S. Dist. LEXIS 44320 (E.D.N.Y. 2006).

## B. PLAINTIFF PLEADS WITH SPECIFICITY THE OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

The course of action intended to deprive plaintiff of her constitutional rights can be inferred from the law enforcement policies which resulted from the collaboration between the City of New York and the Committee on Arrangements. (Romer v. Morgenthau, 119 F. Supp 2d 346, 363 (S.D.N.Y. 2000). In Romer, id. The court held that absent allegations of facts leading to a reasonable inference that defendants conspirationally conferred with a purpose of actually depriving Romer of any constitutional right, he cannot state a sustainable conspiracy claim. The facts in the pleadings herein are numerous and clear. They are pled in paragraphs 90 (a) –(o), which enumerate the policies emanating from the meetings between the defendants regarding law enforcement matters and security plans. These policies, which were enacted specifically for the Republican National Convention, were the policies which enabled police to effectuate mass arrests, clear the streets of demonstrators, and hold the demonstrators for inordinate lengths of time in sub-standard facilities for the duration of the convention. Plaintiff herein pleads with great specificity matters which have since been established in the record as a result of the consolidated disclosure in this case, that the policies were formulated in order to effectuate mass arrests of demonstrators and to detain those arrested until the convention was over. These facts have now become public

9

knowledge, as disclosed in the recent New York Times article by Pulitzer Prize winning journalist, Jim Dwyer, attached hereto and incorporated by reference herein. (exhibit B). The plaintiff's pleadings herein regarding these policies, to wit: use of orange mesh netting to hold all those caught within a certain area, the no-summons, no DAT policy for those arrested for mere violations, the fingerprinting, photographing and handcuffing of people arrested for mere violations, the plan to use Pier 57 rather than a Department of Corrections facility for the arrest processing etc., as enumerated in plaintiff's pleadings 90 (a) –(o) certainly give enough factual information to make the inference that the meetings and written agreements between the defendants City of New York and Committee on Arrangements resulted in these overt acts by the New York City police department, which resulted in the clearing from the streets of New York of protestors and bystanders between the dates August 31, 2004 and September 2, 2004, when the convention was under way.

Corporation Counsel's argument regarding the language "information and belief" misinterprets the Leeds and Stern cases. The argument in those cases was not as to form of the pleadings, but the content, again raising the issue of conclusory pleadings without a factual basis. Leave to amend the pleadings should be freely granted (FRCP 15(a).

### C. PLAINTIFF'S ARREST WAS AN OVERT ACT

Corporation Counsel argues that plaintiff's arrest does not constitute an overt act since she was not protesting. This argument is both specious and illogical. Because the defendants mistook the bystander plaintiff for a demonstrator, does not make defendants any less culpable in the violation of plaintiff's civil rights to walk on the sidewalk and take photographs.

### D. DEFENDANTS ARE IMPROPERLY ATTEMPTING TO PREVENT DISCLOSURE

Thus, although plaintiff can allege the facts of the nexus between the co-conspirators, their admissions of meetings together, the written agreements between them regarding law enforcement matters, and the resultant policies which violated the civil

10

rights of over one thousand eight hundred people during the Republican National Convention, plaintiff cannot have direct knowledge of the content of the discussions between the defendants without disclosure. Some disclosure has already been provided, despite great resistance from counsel for defendants. This Honorable Court ordered the production of portions of the Site City Agreement, which provided further proof of ████████████████████████████████████████ Magistrate [redact] Francis has denied Corporation Counsel's request for a stay of discovery pending the decision on the within motion to dismiss the conspiracy claim. Despite the fact that on January 17, 2004, Magistrate Francis ordered the scheduling of the depositions forthwith for two spokesmen for the Committee on Arrangements, David Norcross and William Harris, and for the liaison between the RNC and the City, Jack McManus, as well as David Cohen of the intelligence unit, said depositions, as of this writing, have not been scheduled. Production of e-mail and other communications between the defendants City of New York and Republican National Committee has also been ordered by the Magistrate, and is due to plaintiff on February 14, 2007. Plaintiff would like to reserve her right to amplify these pleadings should additional pertinent evidence be secured as a result of discovery prior to the decision on the within motion.

## II THE CONSPIRACY CLAIM SHOULD NOT BE DISMISSED

Dismissal of the complaint is proper when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Swierkiewicz v. Sorema N.A., 54=34 US 506, 514, L.Ed. 2d 1, 122 S.Ct. 992 (2002). The issue is issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." (Harris v. Diaz et al,USDS Southern District 2004 US LEXIS 25256, decided December 13, 2004, quoting Weisman v. Le Landais, 532 F2d 308, 311 (2ND Cir 1976).

The Second Amended Complaint meets the three pronged litmus test established as the rule in the Second Circuit. The facts in the pleadings demonstrate the express written agreement between the parties, the resultant acts or policies in furtherance of the conspiracy to effectuate mass arrests of demonstrators or those thought

11

to be demonstrators, and the particular act resulting in the false arrest and detention of the plaintiff.

## CONCLUSION

For all of the aforementioned reasons, the Plaintiff requests to amend the complaint as submitted herewith, the Second Amended Complaint, and requests that pursuant to FRCP 15(a), and the motion to dismiss the conspiracy claim be denied, and the Defendant ordered to proceed forthwith with disclosure, together with such costs, fees, and other relief that the Court deems just and proper.

Dated: New York, New York
February 8, 2007

KAREN WOHLFORTH
ZELDA E. STEWART .
Attorneys for Plaintiff
299 Broadway suite 1700
New York, New York 10007
(212) 619-2457

Dated: New York, New York
February 9, 2007

By: _____
KAREN WOHLFORTH (kd0235)

TO: Jeffrey Dougherty
Special Assistant Corp. Counsel
100 Church Street
New York, New York 10007
(by hand)

DECLARATION OF PERSONAL SERVICE

I, KAREN WOHLFORTH, ESW., declare pursuant to 28 U.S.C. 1746, under penalty of perjury that on February 9, 2007, I served the annexed CROSS MOTION and MEMORANDUM OF LAW, upon the following counsel of record personally, at the address designated by defendant for that purpose:

> JEFFREY DOUGHERTY, ESQ.
> 100 Church St.
> New York, New York 10007

Dated: New York, New York
February 9, 2007

_____
KAREN WOHLFORTH, ESQ.
Attorney for Plaintiff