KAREN WOHLFORTH
ATTORNEY AT LAW
SUITE 1700
299 BROADWAY
NEW YORK, NEW YORK 10007

(212) 619-2457

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/07

BY FACSIMILE (212) 805-7930

June 8, 2007

Honorable James C. Francis IV
United States Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1960
New York, New York 10007

Re: Concepcion v. City of New York, et al.
05 CIV 8501 (RMK) (JCF)

Dear Judge Francis:

We have requested a conference with you and Mr. Dougherty to address certain issues that have consistently posed a problem in this case.

This case names the Republican National Committee as a co-defendant. Corporation Counsel, although representing the Republication National Committee, insists that the witnesses for this defendant are "non-parties." Corporation Counsel proffered two persons with knowledge about the security arrangements for the defendant RNC, David Norcross, the Chairman of the Committee on Arrangements, and William Harris, the CEO. Mr. Norcross was deposed on May 31 and Mr. Harris was scheduled for June 14.

Unfortunately, every document which we have acquired relative to the defendant RNC was produced only as a result of court order. We served two sets of interrogatories and document demands, a supplementary document demand, and a general demand for production of relevant documents with the Notice of Deposition for these party witnesses. Information in the Site City Agreement led to the demands for the "Convention Security Plan" and the "Convention Security Consultant" who was involved in the preparation of the security plan. Initially, Corporation Counsel advised, without more, that "defendants are not in possession, custody or control" of a "Convention Security Plan" and that no "Convention Security Consultant" had been appointed. About one week prior to the deposition of Mr. Norcross, we were suddenly advised that indeed there was a "Convention Security Consultant." We were given the name "U.S. Security, Inc." 10480 Little Patuxent Parkway, suite 400, Columbia, Maryland. We were not provided with any names of any particular individuals, as requested, and the address turned out to be a mail drop. We are still attempting to serve a subpoena for documentation on this consultant in Maryland, and require a real address.

We had requested e-mail communications and other documentation relevant to the planning for the handling of demonstrations during the convention. Nonetheless, prior to the Norcross deposition, we had received no documentation no communications, and only conclusory statements that they did not exist.

As a result of the questioning of Mr. Norcross, it was apparent that relevant records did exist either at the offices of the Committee on Arrangements or "in storage." Mr. Norcross did not state that there was no "Convention Security Plan." He stated that if it did exist, it was in the files of the Committee on Arrangements or in storage. When asked about the "Convention Security Consultant" he admitted that there was a contract for the consultant, and gave us names, albeit only surnames. This security consultant participated in all the monthly meetings with the NYPD and Secret Service, on behalf of the Committee on Arrangements for the Republican National Committee. It became apparent that no serious search of the records took place, as basic information which was requested time and again was not provided, although readily available through the defendants.

We can only assume that because Corporation Counsel insists that the witnesses are "non party" witnesses, they do not have to conduct their disclosure responses as rigorously as they would if they had considered Mr. Norcross and Mr. Harris to be "party witnesses."

After the deposition of Mr. Norcross, we served follow-up demands for missing documentation by e-mail upon Corporation Counsel (Exhibit A, herewith). We asked that the information be produced pursuant to Discovery Order #2, one week prior to the deposition of Mr. Harris. Corporation Counsel advised that he considered these new demands, and would not have them available before 30+3 days, pursuant to his interpretation of the Federal Rules, and offered to postpone the Harris deposition until after his "response" to our demands. It is clear at this point, that we will not have the requisite information before the Harris deposition scheduled for the 14th of June. We are furthermore concerned that the "response" will constitute further obstruction and require further motion practice, which may then further delay the deposition of Mr. Harris.

In anticipation of these problems, we request the assistance of the Court. We would like a shortened schedule for production of the requested material in Exhibit A, and a review by the Court now as to the appropriateness of our pending demands. Based on our schedules and in consultation with the three other plaintiff's counsel who are participating in these depositions, it will be necessary to adjourn the deposition of Mr. Harris until some time after July 14, on a date which does not conflict with the deposition schedules of either Mr. Moore, Mr. Oliver or Mr. Rothman.

The assistance of the Court in this matter would be appreciated.

Very truly yours,

KAREN WOHLFORTH, ESQ.
ZELDA STEWART, ESQ.

Cc: Jeffrey Dougherty, Esq.

*Handwritten note dated 6/12/07:* As discussed in yesterday's telephone conference, plaintiffs may defer the Harris deposition until defendants respond to the discovery requests in the normal course. Alternatively, plaintiffs may proceed now with the deposition. If they do so, and if it is demonstrated that defendants failed to produce information previously requested which was within the scope of my January 17, 2007 Order, then the witness will be redeposed at defendants' expense. SO ORDERED. James C. Francis IV