KAREN WOHLFORTH
ATTORNEY AT LAW
SUITE 1700
299 BROADWAY
NEW YORK, NEW YORK 10007
(212) 619-2457

**MEMO ENDORSED**



RECEIVED
SEP 11 2007
CHAMBERS OF
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/07

September 10, 2007

Honorable James C. Francis IV
United State Magistrate Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Room 1960
New York, New York 10007

        Re: Concepcion v. City of New York,
            Republican National Committee et al.
            05CV 8501 (KMK)(JCF)

Dear Magistrate Francis:

      We represent Jody Concepcion in the above referenced RNC case. Pursuant to a motion to compel certain discovery brought by plaintiffs herein, your Honor issued an order dated August 27, 2007, that certain documents be produced . The motion was time sensitive, as an important witness for the defendant Republican National Committee was being deposed in Washington DC. On August 29, 2007, pursuant to court order.

      Counsel for the Republican National Committee, Jeffrey Dougherty, Esq., appeared at the deposition with his client and failed and refused to produce any documentation ordered by the Court, including but not limited to the Transportation Plan, Convention Security Plan ( "even if they do not consist of single, cohesive documents"), and documents relating to any communications as defined in the order (Exhibit A). Upon examination of Mr. William Harris, the CEO of the 2004 Republican National Convention for the defendant Republican National Committee, Mr. Harris admitted that in preparation for the deposition, on August 28, 2007, he had reviewed a document, "The Crisis Management Plan" for the 2004 convention, prepared by his security consultants, the United States Security, Inc. Clearly, this document should have been produced for the deposition, since this document was specifically ordered to be produced by this Honorable Court. In the absence of a stay of Your Honor's order, counsel for the defendant RNC is in clear violation of the order to compel disclosure. Counsel for defendants did not seek a stay of the order, did not advise us of their intent not to produce documents at or prior to the deposition, did not request a conference with the Court, and

did not request an adjournment the deposition for purposes of seeking a further protective order or more time.

Therefore, in view of this continued intransigence in the face of numerous motions to compel brought by the plaintiffs, and in the face of several court orders, the plaintiffs herein request, pursuant to FRCP 37, that the answer proffered by the defendant RNC be stricken.

In view of the fact that this information is also relevant to the *Monell* claim against the defendant City of New York, we are requesting a further order that the documents be produced within one week, and that Mr. Harris and Mr. Norcross be produced in New York City for an additional deposition at defendants' expense, after production of all court ordered documents, and that defendants pay the cost of the transcripts of the August 29 Harris deposition and sanctions.

It is important for the Court to note the history of bad faith involved in these discovery proceedings, with particular respect to the defendant RNC:

- Defendant initially refused to provide the Site City Agreement
- Plaintiffs had to secure same by court order
- Defendants then denied that any security consultant (incorporated by reference in the Site City Agreement) was named
- Defendants then admitted that United States Security Inc. was originally named as security consultant but claimed that they never acted once the event was denominated a national security event.
- Defendants then admitted that USSI did act, but forwarded a false address and refused to provide names of principals and telephone numbers
- Defendants then denied that USSI prepared any convention security plan
- After Mr. Norcross' deposition, defendants, in response to further written document demands, claimed that the convention security plan was irrelevant and privileged
- After plaintiffs brought another motion to compel production, defendants then claimed in their opposition papers, as follows: "after conducting a reasonable inquiry, counsel has been informed by representatives of the NYPD, City Hall and the Republican National Committee that a single document entitled the "Convention Security Plan" does not exist."
- The Court, in its wisdom, issued an order calling for the production of "responsive documents even if the "Convention Security Plan" and "Transportation Plan" do not consist of single, cohesive documents.
- Nonetheless, at the deposition of William Harris on August 29, 2007, Mr. Harris, although admitting having reviewed a document, the "Crisis Management Plan" prepared by USSI in connection with convention security, failed and refused to produce such document.(see Exhibit B, herewith)

In the absence of a stay or even an application for a stay, and in view of the fact that counsel for defendants allowed plaintiffs to go to the expense of traveling to Washington DC for this deposition, knowing full well that they

intended to violate the order of the court, plaintiffs herein now ask for the ultimate sanction pursuant to FRCP 37, dismissal of the defenses proffered by defendant Republican National Committee, and/or in the alternative, costs of the deposition of William Harris, sanctions, and an order that the required documents be provided within one week and that another deposition of Mr. Harris and Mr. Norcross be held one week thereafter, at defendants' expense, together with legal fees, costs and sanctions.

Respectfully submitted,

KAREN WOHLFORTH, ESQ.
ZELDA E. STEWART, ESQ.

Cc: Jeffrey A. Dougherty. Esq.

9/27/07

Defendants shall submit the "Crisis Management Plan" for in camera review so that I may determine whether it (or any portion of it) comes within the scope of my August 27, 2007 Order. It shall be submitted by October 3, 2007.

SO ORDERED.

James C. Francis IV
USMJ