**MEMO ENDORSED**

KAREN WOHLFORTH
ATTORNEY AT LAW
SUITE 1700
299 BROADWAY
NEW YORK, NEW YORK 10007

(212) 619-2497

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/26/07

*CONTAINS CONFIDENTIAL INFORMATION — UNDER SEAL*

**BY FACSIMILE**

October 22, 2007

The Honorable James C. Francis IV
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street – Room 1960
New York, New York 10007-1312

Re: *Concepcion v. City of New York et. al*, 05CV 8501

Dear Judge Francis:

    Plaintiff writes to request an order that defendants comply with the order of this Court, dated August 27, 2007, that the defendants produce the Transportation Plan, among other documents (Exhibit 1). The use of the semicolons in this order, makes clear that the transportation plan was to be produced unequivocally, without any analysis by counsel for the defendants as to whether it relates to arrest and detention policies. Additionally Corporation Counsel has not claimed that this document is subject to privilege or national security concern.

    This order was issued two days prior to the deposition of William Harris, the CEO for the Republican National Committee for the RNC convention. Counsel for defendant did not produce the documentation as ordered by the Court. Plaintiff then moved to compel production on September 11, 2007, and on September 12, 2007 the defendant requested "clarification" of the said order. In response to these cross-motions, the Court ordered production of the "Crisis Management Plan" for in camera review, in order to determine whether it or any part of it comes within the scope of the August 27th order (Exhibit 2). On October 9, 2007, the Court held that the "Plan" contains "no information relevant to the claims and defenses in this case." (Exhibit 3)

    In addition to the Crisis Management Plan, the Court ordered production of the Transportation Plan. Said plan has been requested by numerous counsel during the course of litigation because it bears on the *Monell claim*, and has bearing on the policies in place to clear the streets of demonstrators and keep the traffic flowing for purposes of getting the delegates around the City during the convention.

Even if the transportation plan does not contain any explicit reference to demonstrators, RNC/City documents already produced, demonstrate a concern with keeping the traffic flowing. This is probative evidence in support of Plaintiffs' claims that the City made its mass arrests in order to satisfy one of its primary goals, i.e. to keep the traffic flowing, despite unconstitutional consequences to demonstrators or bystanders. The transportation plan need not be a smoking gun to be discoverable, or admissible at trial, for that matter.

Defendants have interpreted this latest decision to mean that they can, *sua sponte*, determine the relevance of a document ordered by the court and refuse to obey the order if they feel that the document is irrelevant. I attach hereto two e-mail communication from Jeff Dougherty, counsel for the defendants, which interprets the Court's order to mean that they do not have to comply with the order of this Court. (Exhibit 4).

Defendants have not timely moved for a stay of this Court's order, nor have they timely moved to seek reconsideration of the August 27th order. Moreover, this Court did not, either in its October 4th or in its September 27th orders, amend the August 27th order in any way.

Therefore, it is respectfully requested that this Court order immediate compliance with the August 27th order to produce the Transportation Plan, and all other responsive documents pursuant to that order.

Respectfully submitted,

KAREN WOHLFORTH, ESQ.

I join in the above application:          10/26/07

JEFFREY A. ROTHMAN, ESQ.

Application denied. The order was limited by the last clause of the first sentence of paragraph 1. I apologize for any confusion created by my punctuation.
SO ORDERED.
James C. Francis IV
USMJ

Cc: Jeffrey A. Dougherty, Esq.