UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JODY CONCEPCION,

                Plaintiff

   -against-

THE CITY OF NEW YORK, POLICE OFFICER      05-cv-8501
ALEXIS FERNANDEZ, Shield #29781,          (RJS)(JCF)
"JANE and JOHN DOES" 1-15,
AND THE REPUBLICAN NATIONAL COMMITTEE,

                Defendants

-------------------------------------------------------------x

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
OF LAW IN SUPPORT OF THE -CROSS MOTION TO
AMEND THE COMPLAINT AND IN OPPOSITION
TO DISMISS PLAINTIFF'S CONSPIRACY CLAIM**

-------------------------------------------------------------x

                KAREN WOHLFORTH, ESQ.
                Attorney for Plaintiff

                299 Broadway suite 1700
                New York, New York 10007
                (212) 619-2457

## TABLE OF AUTHORITIES

**Cases**

Bell Atlantic Corporation, et al., v. William Twombley, 127 S.Ct. 1955, May 21, 2007

Javaid Iqbal v. Dennis Hasty et al, 490 F.3d 143; June 14, 2007

# **STANDARD OF REVIEW**

This additional Memorandum of Law is herewith submitted to supplement the Arguments presented in the plaintiff's Memorandum of Law dated February 9, 2007. Since the matter was fully submitted, several cases have been decided which bear on the standard of review for pleadings involving an allegation of conspiracy.

In May, 2007, the Supreme Court of the United Stated decided the case of Bell Atlantic Corporation v. William Twombley, 127 S. Ct. 1955. The case specifically addressed the pleading standards for a conspiracy claim to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Supreme Court held as follows:

> The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement in violation {1 (15 U.S.C.S. {1) of the Sherman Act reflects the threshold requirement of Fed. R. Civ. P. 8(a)(2) That a plain statement possess enough heft to show that the pleader is entitled to relief. A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the agreement necessary to make out a claim under {1 of the Sherman Act; without that further circumstance pointing toward a meeting of the minds, an account of defendant's commercial efforts stays in neutral territory. An allegation of parallel conduct is thus much like a naked assertion of conspiracy in a {1 complaint; it gets the complaint close to stating a claim, but without some Further factual enhancement it stops short of the line between possibility and plausibility of entitlement to relief.
> (Bell Atlantic, at p. 3)

The key words in this text are *further circumstance pointing toward a meeting of the minds*. The standard thus set in the Supreme Court decision is that a pleading must show more than parallel conduct, it must allege a *further circumstance,* or a *factual allegation* which *points toward* an agreement, or meeting of the minds. The Supreme Court did not in any way require proof of a meeting of the minds or an agreement, it simply required factual information which *points toward* an agreement. In no way did the court set a standard that one had to allege the specific language of an agreement.
The Court held that "asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable

expectation that discovery will reveal evidence of illegal agreement." For Corporation Counsel (also acting in this case as counsel for the Republican National Committee), to argue that the Site City Agreement, cited in the Second Amended Complaint (which gives the Committee on Arrangements final approval on matters relating to security and crowd control both inside and outside all applicable venues), together with the security and crowd control policies actually carried out by the police as enunciated in paragraphs a-o of paragraph 91, is factually insufficient to raise a reasonable expectation that discovery will reveal evidence of illegal agreement, sets an unreasonable standard not intended by the Court.

In the Bell Atlantic case cited herein, the Court, in dismissing the claim specifically held as follows:

> Under the plausibility standard, plaintiff's claim of conspiracy in restraint of trade comes up short. First, the complaint leaves no doubt that plaintiffs rest their {1 claim on descriptions of parallel conduct, not on any independent allegation of actual agreement..
> (Bell Atlantic, at p. 5)

In contrast, the case at bar cites the specific agreement, the signatories, the date signed, and the terms. The agreement specifically provides for joint preparation of a security plan, by and between the City of New York, the Host Committee and the Committee on Arrangements (for the Republican National Committee), *subject to approval by the Committee on Arrangements,* and including *without limitation* (our emphasis), the use of City Police and will provide for security and crowd control (both inside and outside all applicable venues.) Corporation Counsel has attempted to interpret this agreement to state that "security" does not subsume policies involving demonstrators either inside or outside all applicable venues, and attempts to interpret the agreement to imply some kind of radius which would exclude the 16th Street area, where the plaintiff was arrested. The interpretation of the subject written agreement is a matter for discovery, and cannot be determined at this stage of the pleadings. The fact remains that arrests of demonstrators, using the same arrest policies and procedures as outlined in plaintiff's par. 91 a-o, took place outside hotels, the public library, theaters, and many "venues" all over the City of New York. The question as to the extent of the application

4

of the security plan and the details of the plan referred to in the Site City Agreement is a matter for discovery, not Corporation Counsel's self-serving interpretations.

> The Supreme Court reiterated its main conclusion by holding:
>
> "..stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement."
>
> (Bell Atlantic, id, at p. 8)

Finally, the Supreme Court, in referring to a discussion of plausibility in the case of *DM Research, Inc. v. College of Am. Pathologists; 170 F3d 53, 56(CA11999)* quoted as follows:

> "Terms like 'conspiracy,' or even 'agreement,' are border-line: They might well be sufficient in conjunction with a more specific allegation – for example, identifying a written agreement or even a basis for inferring a tacit agreement, … but a court is not required to accept such terms as a sufficient basis for a complaint."
>
> (Bell Atlantic, id., at p.9)

The more specific allegation is clearly present in the Site City Agreement cited in the Second Amended Complaint. Moreover, plaintiff cited in both the First Amended Complaint and the Second Amended Complaint, the interviews with David Norcross, wherein he admitted having had regular meetings regarding security with the New York City Police Department, and wherein he admitted to a specific conversation with the Mayor on August 27, 2004, regarding plans to control visible dissent during the Republican National Convention. The Second Amended Complaint amplified Mr. Norcross's admission to the Trenton Times in March 2004, that he and been meeting at least once a month with the GOP convention committee and the New York Police Department to come up with a master security plan by May 1.
In view of the specific and unusual security policies enumerated herein, and implemented for crowd control during this convention which resulted in the massive

5

violation of civil rights of innocent citizens on the streets of our City, plaintiff's pleadings meet the litmus test of plausibility set by the Supreme Court.

The Second Circuit gave its interpretation of the Bell Atlantic holdings the case of Javaid Iqbal, v. Dennis Hasty et al., 490 F3d 143, on June 14, 2007. The Second Circuit held that

> After careful consideration of the Court's opinion and the conflicting signals from it that we have identified, we believe the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible "plausibility standard," which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.
> 
> (Iqbal, at p. 19)

In its decision the Second Circuit held that the Plaintiff alleges that the defendant Hasty:

> "...(1) requested that certain officials develop procedures for the ADMAX SHU, (2) knew of the conditions of confinement to which Plaintiff was subjected, (3) approved the strip search policy, and (4) knew or should have known of the practice or custom of beating detainees. Under a notice pleading standard, reaffirmed in Bell Atlantic and Erickson, these allegations are sufficient to state a claim that Hasty failed to remedy constitutional violations of which he was aware."

The Court found in Iqbal "Applying the normal pleading rules previously discussed, even as supplemented by the plausibility standard, we have no doubt that the Plaintiff's allegations of a conspiracy to discriminate on the basis of ethnicity and religion suffice to withstand a motion to dismiss. Unlike the situation in Bell Atlantic, we do not encounter here a bare allegation of conspiracy supported only by an allegation of conduct that is readily explained as individual action plausibly taken in the actors' own economic interest." (Iqbal, at p. 36)

Similarly, in the case at bar, there is no bare allegation of conspiracy supported only by an allegation of conduct readily explained as individual action plausibly taken in the actors' own interest. The pleading of a meeting of the minds in the case now before the Court, both in terms of a written agreement and meetings between the parties to

6

develop a master security plan, which specifically included crowd control both inside and outside venues, pleads "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." (see Bell Atlantic, p. 8)

Moreover, Iqbal dealt with the issue of discovery against parties who might be protected by a qualified immunity, requiring caution in the allowance of the claim to move forward, lest governmental officials might be unduly burdened with unnecessary discovery. In the case at bar, the Republican National Committee, although having been given quasi police powers pursuant to the Site City Agreement, is nonetheless a private party. The Republican National Committee, in signing such an agreement, put itself into the role of a state actor having veto power over security arrangements being formulated in conjunction with the New York City Police Department. Whether or not the Republican National Committee was properly given this power, it certainly does not have the higher protections afforded to those officials with qualified immunity. Discovery of the activities of the Republican National Committee in the lead up to and during the convention, was not stayed by this Court, has proceeded for the past year, under the supervision of the Magistrate, without incident and certainly without having been unduly burdensome.

Despite concerns about protection of public officials, the Second Circuit in Iqbal held that under the plausibility standard of Bell Atlantic, some subsidiary facts must be alleged to plead adequately that Ashcroft and Mueller condoned the Plaintiff's continued confinement in the special prison unit complained of. The Court found that it was plausible to believe that senior officials of the Department of Justice would be aware of policies concerning the detention of those arrested by federal officers in the New York City area in the aftermath of 9/11, and would know about, condone or otherwise have personal involvement in the implementation of these policies. The Court further upheld the claim against Ashcroft and Mueller in the discrimination claim, holding that

> "…as with the procedural due process claim, the allegation that Ashcroft and Mueller condoned and agreed to the discrimination that Plaintiff alleges satisfies the plausibility standard without an allegation of subsidiary facts because of the likelihood that these senior officials would have concerned themselves with the formulation and implementation of policies dealing with the confinement of those arrested on federal charges in the New York City area and designated "of high interest" in the

7

> aftermath of 9/11. Whether or not the issues of personal involvement will be clarified by court-supervised discovery sufficient to support summary judgment remains to be determined."
>
> (Iqbal, p. 34-35)

In the case at bar, plaintiff has pled sufficient subsidiary facts to support the allegation that the policies which resulted in the violation of plaintiff's civil rights herein, were formulated in consultation with and subject to the approval of the Republican National Committee. This Court previously denied Corporation Counsel's attempts to cut off discovery at this stage of the case. Discovery is not yet complete, as a court-ordered deposition of Chief Jack McManus, the liaison between the New York City Police Department and the Republican National Committee, has not yet taken place.

With respect to Corporation Counsel's unusual representation of a private party herein, plaintiff has also claimed, in paragraph 94 of the Second Amended Complaint, a continuation of the alleged conspiracy between the parties by virtue of this improper representation. Corporation Counsel has advised the New York City Law Journal and the New York Sun that this representation was provided for in the indemnification agreement between the parties. Plaintiff has included a copy of the Indemnification section 5.1 of the Site City Agreement in the Second Amended Complaint. This Indemnification Agreement specifically excludes indemnification in torts cases, such as the one at bar. Moreover, no indemnification agreement can over-ride the law. The appropriate provisions of the law barring representation of private parties by public counsel are also set forth in the Second Amended Complaint.

## **CONCLUSION**

The first amended complaint herein was amended by right prior to the receipt by the plaintiff of the answering papers.

For all the aforementioned reasons, it is respectfully requested that this Honorable Court deny the motion to dismiss the portion of the complaint against the Republican National Committee based on the pleadings, and grant the cross-motion to accept the Second Amended Complaint.

8

Dated
2/15/08

Respectfully submitted,

KAREN WOHLFORTH, ESQ. (5235)
299 Broadway suite 1700
New York, New York 10007
(212) 619-2457

Cc: Jeffrey A. Dougherty, Esq.
    BY FACSIMILE

9